Aug 02 07 04:49p    M. Minsley                                   212-766-9798                p.3

AUG 03 2007
CHAMBERS OF
WILLIAM H. PAULEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/07

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

CHLOÉ, S.A.S., J. CHOO LIMITED

                Plaintiffs,

- against -

KEN CHEN a/k/a SHU CHEN a/k/a XIANG
CHEN, DANIEL DOE, GODDESS
TRADING d/b/a
GODDESSTRADING@HOTMAIL.COM,
LUXUNG GOODS, LUXURY GOODS,
TERRY DOE d/b/a
AZNTERRY911@HOTMAIL.COM, JASON
DOE d/b/a JARRY326@YAHOO.COM.CN,
FASHION HANDBAGS, BENNY DOE,
JEANCARLO DOE, JOSEPH a/k/a JOSE
DOE, SISI a/k/a CECI DOE, TOP LUXURY
HANDBAGS d/b/a
LUXURYHANDBAGS277@YAHOO.COM,
FRANCISCO DOE, BEN DOE, CARLOS
DOE, INSTYLE LUXURY HANDBAGS,
CORINA DOE a/k/a QIMIAO HU a/k/a QI
MIAO HU, KENNY DOE a/k/a YE GUO
a/k/a GUO Q YE, NEWCOME TRADING
d/b/a TOSCA, QUICK GLOBAL SHIPPING,
HOWARD EXPRESS SHIPPING, RANDY
DOE, and various JOHN and JANE DOES 1-
10 and XYZ COMPANIES
(UNIDENTIFIED),

                Defendants.

Civil Action No.: 07 CV. 6491 (WHP)

STIPULATED PRELIMINARY
INJUNCTION AND ORDER UNSEALING
THE FILE AND [PROPOSED] ORDER
THEREON

[FILED UNDER SEAL
PURSUANT TO 15 U.S.C. § 1116]

*as to Defendants Ken Chen a/k/a Shu Chen a/k/a Xiang Chen and Goddess Trading d/b/a goddesstrading@hotmail.com*

-------------------------------------------------------X

MICROFILM
AUG - 8 2007

Plaintiffs CHLOÉ, S.A.S. and J. CHOO LIMITED ("Plaintiffs") having moved *ex parte* against Ken Chen a/k/a Shu Chen a/k/a Xiang Chen, Daniel Doe, Goddess Trading d/b/a goddesstrading@hotmail.com, Luxung Goods, Luxury Goods, Terry Doe d/b/a aznterry911@hotmail.com, Jason Doe d/b/a jarry326@yahoo.com.cn, Fashion Handbags, Benny Doe, JeanCarlo Doe, Joseph a/k/a Jose Doe, Sisi a/k/a Ceci Doe, Top Luxury

NY 238488021v1 7/31/2007

Handbags d/b/a luxuryhandbags277@yahoo.com, Francisco Doe, Ben Doe, Carlos Doe, Instyle Luxury Handbags, Corina Doe a/k/a Qimiao Hu a/k/a Qi Miao Hu, Kenny Doe a/k/a Ye Guo a/k/a Guo Q Ye, Newcome Trading d/b/a TOSCA, Quick Global Shipping, Howard Express Shipping, Randy Doe, and various unidentified XYZ corporations and/or unidentified John and Jane Doe Defendants (collectively, "Defendants"), for a Temporary Restraining Order, Seizure Order, Order Restraining the Transfer of Assets, Order Sealing the File, Order for Expedited Discovery and Order to Show Cause for Preliminary Injunction (the "Order") pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051 et seq.), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"); and

The Court, having issued such Order on July 19, 2007 granting Plaintiffs' *ex parte* application for the reason that Plaintiffs succeeded in showing that they are likely to prove that Defendants are manufacturing, importing, exporting, marketing, advertising, distributing, offering for sale and/or selling goods ("Counterfeit Products") bearing counterfeit reproductions of Plaintiffs' federally registered trademarks and trade names as defined in Plaintiffs' Complaint (collectively, "Plaintiffs' Trademarks"); and Plaintiffs having served and executed the Order and related papers in this action as against Defendants; and

Plaintiffs and Defendants Ken Chen a/k/a Shu Chen a/k/a Xiang Chen and Goddess Trading d/b/a goddesstrading@hotmail.com having now consented to extension of the provisions of the Order into a preliminary injunction on consent to remain in place for the duration of this action; and, good cause having been shown,

IT IS HEREBY ORDERED that Ken Chen a/k/a Shu Chen a/k/a Xiang Chen and Goddess Trading d/b/a goddesstrading@hotmail.com, their agents, servants, attorneys, *etc.* confederates, and any other persons acting for, with, by, through, under, or in active concert or participation with them, are preliminarily enjoined and restrained from: *As set forth in the Order.*

    a)    Using in any manner Plaintiffs' Trademarks and/or using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks, alone or in combination with any word or words that so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the manufacturing, importing, exporting, distributing, advertising, offering for sale, or sale of any product not the genuine product of Plaintiffs, or not authorized by Plaintiffs to be sold in connection with the Plaintiffs' Trademarks;

    b)    Passing off, inducing, enabling or providing the means for others to sell or pass off any handbags, apparel, fashion accessories, or other products as and for genuine products of Plaintiffs, not Plaintiffs', or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the Plaintiffs' Trademarks;

    c)    Committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

    d)    Diluting and infringing all Plaintiffs' Trademarks and damaging Plaintiffs' goodwill;

    e)    Shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' Trademarks;

  f)  Otherwise competing unfairly with Plaintiffs in any manner; and

  g)  Assisting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

IT IS FURTHER ORDERED that Plaintiffs may continue to retain in their possession the handbags and other items seized from Defendants or otherwise provided by Defendants to Plaintiffs, and that Defendants shall provide to Plaintiffs forthwith any additional handbags or other items bearing Plaintiffs' Trademarks or means for making the same which may hereafter come into Defendants' possession;

IT IS FURTHER ORDERED that the asset restraint contained in the Order shall remain in place (the "Restricted Accounts"), and that Defendants Ken Chen a/k/a Shu Chen a/k/a Xiang Chen and Goddess Trading d/b/a goddesstrading@hotmail.com and their servants and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from transferring, accepting, disposing of, or secreting any money, stocks or other assets residing in the Restricted Accounts; and

IT IS FURTHER ORDERED that Plaintiffs may continue to obtain discovery from Defendants Ken Chen a/k/a Shu Chen a/k/a Xiang Chen and Goddess Trading d/b/a goddesstrading@hotmail.com on an expedited basis until the parties hold the Rule 26 Conference in this case; and

Aug 02 07 04:50p       M. Minsley                                    212-766-9798                    p.7

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until disposition of this action; and

IT IS FURTHER ORDERED that counsel for Defendants Ken Chen a/k/a Shu Chen a/k/a Xiang Chen and Goddess Trading d/b/a goddesstrading@hotmail.com and counsel for the Plaintiffs may indicate the parties' consent to the terms of the Preliminary Injunction on Consent by signing multiple counterparts, and that a faxed signature shall be deemed an original signature; and

IT IS FURTHER ORDERED that the seal on this action is hereby removed; and

~~IT IS FINALLY ORDERED that the bond posted by Plaintiffs is hereby released.~~

**CONSENTED TO BY PLAINTIFFS**

Dated: 8/2/07          By: _____

                                    Harley I. Lewin (HL 1819)
                                    Scott Gelin (SG 9599)
                                    James Donoian (JD 9052)
                                    GREENBERG TRAURIG, LLP
                                    200 Park Avenue, 34th Floor
                                    MetLife Building
                                    New York, New York 10166
                                    Telephone: (212) 801-9200
                                    Facsimile: (212) 801-6400

**SO ORDERED:**

_____
WILLIAM H. PAULEY III U.S.D.J.
8/3/07

Katherine Compton
GREENBERG TRAURIG, LLP
2200 Ross Avenue
Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3660
Facsimile: (214) 665-5960
*Pro Hac Vice Pending*

*Attorneys for Plaintiffs*
*Chloé, S.A.S., J. Choo Limited*

NY 238488021v1 7/31/2007

\ug 02 07 04:51p    M. Minsley                              212-766-9798                p.8

CONSENTED TO BY DEFENDANTS
KEN CHEN a/k/a SHU CHEN a/k/a
XIANG CHEN and GODDESS
TRADING d/b/a
GODDESSTRADING@HOTMAIL.COM

Dated: _____8/2/07_____          By: _____[signature]_____

Morton Minsley (MM 2978)
101 Lafayette Street, 10th floor
New York, NY 10013
(212) 346-0849

*Attorney for Defendants Ken Chen
a/k/a Shu Chen a/k/a Xiang Chen and
Goddess Trading d/b/a
goddesstrading@hotmail.com*

SO ORDERED

Dated: _____     By: _____

UNITED STATES DISTRICT JUDGE

NY 236488021v1 7/31/2007