Mahendra M. Ramgopal (MR4632)
Attorney-at-Law
56 Franklin Street, Main Floor
New York, NY 10013
Tel: 212-283-4944

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————X

CHLOÉ, S.A.S, J. CHOO LIMITED,                  Civil Action No.: 07CIV6491

                    Plaintiffs

          Against

KEN CHEN a/k/a SHU CHEN a/k/a XIANG          **MEMORANDUM OF LAW**
CHEN, DANIEL DOE, GODDESS TRADING            IN OPPOSITION TO PLAINTIFF'S
d/b/a GODDESS TRADING@HOTMAIL.COM,           *EX PARTE* APPLICATION FOR A
LUXUNG GOODS, LUXURY GOODS,                   TEMPORARY RESTRAINING ORDER,
TERRY DOE d/b/a                              SEIZURE ORDER, ORDER
AZNTERRY911@HOTMAIL.COM, JASON               RESTRAINING ASSETS, EXPEDITED
DOE d/b/a JARRY 326@YAHOO.COM.CN,            DISCOVERY ORDER, AND ORDER TO
FASHION HANDBADS, BENNY DOE,                 SHOW CAUSE FOR A PRELIMINARY
JEANCARLO DOE, JOSEPH a/k/a JOSE DOE,        INJUNCTION
SISI a/k/a CECI DOE, TOP LUXURY
HANDBAGS d/b/a
LUXURYHANDBAGS277@YAHOO.COM,
FRANCISCO DOE, BEN DOE, CARLOS
DOE, INSTYLE LUXURY HANDBAGS,
CORINA DOE  a/k/a QIMIAO HU a/k/a QI
MIAO HU, KENNY DOE a/k/a YE GUO
a/k/a GUO Q YE, NEWCOME TRADING
d/b/a TOSCA, QUICK GLOBAL SHIPPING,
HOWARD EXPRESS SHIPPING, RANDY
DOE, and various JOHN AND JANE DOES 1-
10 and XYZ COMPANIES
(UNIDENTIFIED)
                    Defendants
—————————————————————X

PRELIMINARY STATEMENT

Plaintiffs' assert that they are Trademark proprietors of luxury handbags bearing their

respective names and that Defendants are knowingly trafficking in counterfeits of Plaintiffs'

handbags in violation of the Trademark law (the Lanham Act) and Plaintiffs' Proprietary Rights.

Defendant Quick Global Shipping is a Shipping Company managing an authorized UPS outlet

and an authorized Fed Ex Ship Center and denies engagement in manufacturing counterfeit

products or wrongdoing as alleged by Plaintiffs. Defendant Song Gao manages Quick Global

Shipping and sub-lets storage rooms but denies that she knows of or participates in trademark

infringement or trafficking as alleged by Plaintiffs. Defendant Lisa Wu is a licensed real estate

broker and the lessee of space occupied by Quick Global Shipping, but denies that she knows of

or participates in any of the wrongdoing as alleged by Plaintiffs. These defendants will hereafter

be referred to as "Quick Defendants for easy reference as they have been so designated in

Plaintiffs filing with the Court.


This Memorandum of law will not address legal issues relating to plaintiffs' underlying

cause of action alleging trademark infringement, but will be confined to the Temporary

Restraining Order, Seizure Order, Order Restraining Assets and Plaintiffs' Application for

Injunctive Relief. Legal submissions with respect to the underlying claim will be reserved for

later.


## ARGUMENT

**I. Plaintiffs are not entitled to equitable relief against Quick Defendants as Plaintiffs have
made false representations thereby misleading the Court in their application for the TRO.**

Section 34 of the Lanham Act 15 U.S.C. §1116 *inter alia* authorizes Courts to "grant

injunctions according to the **principles of equity** and upon such terms as the court may deem

reasonable." A Court of equity ought not to grant equitable relief to an applicant who provides

and advances false statements while misleading the court to grant requested relief under principles of equity. Plaintiffs falsely represented to the Court in their Memorandum of Law in Support of their application for equitable relief and in the Declaration of Harley Lewin filed in support of TRO application dated July 17th 2007, that Quick Defendants are counterfeiting recidivists, as they were named defendants in a prior lawsuit for counterfeiting high end watches and were permanently enjoined from counterfeiting of those marks and brands. That was a false and misleading statement as Quick Defendants were not parties to any previous cases involving counterfeiting watches as alleged or at all. Plaintiffs falsely represented to the Court in their Reply Memorandum of Law, (*p.2 l.23*) "the Quick defendants make up a Shipping Company against which judgments and permanent injunctions have been entered in at least one other case involving counterfeiting trademarks of luxury goods." [*See Plaintiffs' Reply Memorandum of Law p.2 l.23*] Quick Defendants deny this false accusation and respectfully request an evidentiary hearing on this highly prejudicial, false and misleading accusation. Plaintiffs are relying on false and misleading information likely to cause confusion, deception or mistake on or in connection with their application for this Temporary Restraining Order, Seizure Order and other Injunctive Relief. The cumulative effect of these false statements and misrepresentations can confuse the issues and mislead the Court into wrongly drawing the mistaken inference on inadmissible evidence that Quick defendants are recidivists' counterfeiters, when that is a false representation.

Considering that under §34 of the Lanham Act this Court is authorized to grant Injunctions according to the Principles of Equity, this Court should deny Plaintiffs' application for equitable relief as Plaintiffs have themselves violated the Principles of Equity in their application. A party who seeks injunctive relief must not make false statements, mislead the

3

Court and rely on such false statements to support their application for equitable relief. He who seeks Equity must do Equity.

## II. Plaintiffs are unlikely to prevail on their underlying claim that Quick Defendants violated their Trademarks directly or indirectly.

It is highly unlikely that Plaintiffs would prevail against Quick Defendants, and in particular Lisa Wu at trial on the merits of this action as Plaintiffs will not be able to prove by admissible evidence that Quick Defendants violated Plaintiffs' rights under law as alleged. Hearsay and inadmissible evidence as adduced by Plaintiffs in the several declarations submitted in their *ex parte* application to this Court would not suffice at trial to prove Plaintiffs claim against Quick Defendants. The Plaintiffs will have the burden of moving forward to prove their specific claims of trademark violation against Quick Defendants under the law by a preponderance of the evidence. There is no admissible evidence linking defendant Lisa Wu to the wrong doing as alleged, or at all. Further, there is insufficient evidence linking defendant Song Gao to allegations that she violated the trademark law as contended. Defendant Song Gao allegedly sub-leased storage space to persons who the Plaintiffs are theorizing were counterfeiters. Even under the theory of contributory Trademark Infringement as ventilated by Plaintiffs their action against Quick Defendants would fail. Plaintiffs would be unable to show by admissible evidence sufficient nexus that Quick Defendants knew or were "willfully blind" to the alleged wrong doing. Hearsay and prejudicial evidence which lack probative value, but now relied upon by Plaintiffs in their misconceived allegations of wrong doing against Quick Defendants will not prevail in a jury trial on the merits of this case. Under the circumstances, Plaintiffs will be unable on the facts to meet their burden of proof with admissible evidence

specifically against Quick Defendants and particularly against Lisa Wu on the alleged trademark violations directly or indirectly.

**III. Plaintiffs are not entitled to continue Asset Restraint as to the Quick Defendants and in particular Lisa Wu's personal accounts.**

Plaintiffs wrongly and improperly restrained funds in the amount of $322,247.00 in the name of Lisa Wu on July 25th 2007, outside the scope of the TRO as Ordered by the Court, as on that date Lisa Wu was not even properly joined as a defendant in this case. It was after counsel entered appearance on behalf of Quick Global Inc. whose account at China Trust Bank was restrained in the amount of $1,726.00 that Plaintiffs Counsel negotiated the release of $100,000.00 provided Counsel for Defendant Quick Global would cooperate and accept service on behalf of Lisa Wu. Defense Counsel agreed to do so with the understanding that more funds would be released from Lisa Wu's personal account after documentary proof was submitted to Plaintiffs Counsel Katherine Compton that the restrained funds were proceeds of real estate transactions. Uncontradicted documentary proof was provided as shown to the Court in Defendant's Exhibit A, attached to the declaration of Defendants Counsel filed with the Court on August 1st 2007, and served on Plaintiffs Counsel. However, even after providing such uncontradicted documentary proof to Plaintiffs that the funds restrained on Lisa Wu's personal accounts were proceeds from real estate transactions having no connection to plaintiff's trademarks, plaintiffs in bad faith have not released the balance of Lisa Wu's personal funds. Meanwhile, she desperately needs these personal funds to close on a pending real estate transaction. Under the circumstances, Defendant Lisa Wu is praying for Equitable Relief that this Honorable Court would modify the Asset Restraining Order and unfreeze her Personal

accounts at China Trust Bank which were improperly and wrongly seized as the TRO at that time did not authorize such seizure. Plaintiffs were only authorized pursuant to the Court Order to Restrain funds in the name of Defendant Quick Global Shipping, Inc. in the amount of $1,726.00, and not the personal bank accounts of Defendant Lisa Wu.

"The exercise of this Court's Equity power to Order a Preliminary Injunction freezing Defendants' assets requires particularly careful considerations by this Court." *Reebok International Ltd v. Marnatech Enterprise et al* 737 F. Supp 1521; 1990 U.S. Dist. Lexis 13000.

On balance, Quick Defendant Lisa Wu is suffering more immediate hardship than Plaintiffs because of Plaintiffs' wrongful and misconceived seizure of her personal funds. she is prevented from engaging in lawful business and real estate transactions, thereby suffering to her detriment loss and damage. The immediate harm to Defendant Lisa Wu will greatly outweigh that to Plaintiffs if this Court does not dissolve or modify the Temporary Restraining Order with respect to Lisa Wu's restrained personal funds at China Trust Bank.

## CONCLUSION

Based upon the foregoing Quick Defendants respectfully urge this Court to grant their requested relief of discharge, dissolution or modification of the TRO and deny Plaintiffs' request for a preliminary injunction against the Quick Defendants in the form contained in the TRO.

Dated: New York, New York
_____ 8th _____ August, 2007

Respectfully submitted,

_Mahendra Ramgopal_

Mahendra Ramgopal, (MR4632)
Attorney at Law
56 Franklin Street, Main Floor
New York, NY 10013
Tel: 212-283-4944

6