Mahendra M. Ramgopal (MR4632)
Attorney-at-Law
56 Franklin Street, Main Floor
New York, NY 10013
Tel: 212-283-4944


IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

| | |
|---|---|
| CHLOÉ, S.A.S, J. CHOO LIMITED, | Civil Action No.: 07CIV6491 |
| Plaintiffs | |
| Against | **AMENDED** DECLARATION OF MAHENDRA RAMGOPAL, ESQ., IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION |
| KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN, DANIEL DOE, GODDESS TRADING d/b/a GODDESS TRADING@HOTMAIL.COM, LUXUNG GOODS, LUXURY GOODS, TERRY DOE d/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE d/b/a JARRY 326@YAHOO.COM.CN, FASHION HANDBADS, BENNY DOE, JEANCARLO DOE, JOSEPH a/k/a JOSE DOE, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE, INSTYLE LUXURY HANDBAGS, CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU, KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA, QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, and various JOHN AND JANE DOES 1-10 and XYZ COMPANIES (UNIDENTIFIED) | |
| Defendants | |

_____X

MAHENDRA M. RAMGOPAL under penalty of perjury, declares and states as follows:

1

1. I am an attorney licensed to practice law in the State of New York and before the Bars of the Southern District of New York, the United States Court of Appeals for the Second Circuit and Supreme Court of the United States. I represent defendants Quick Global Shipping, Song Gao d/b/a Quick Global Shipping and Lisa Wu d/b/a Quick Global Shipping (hereinafter "Quick defendants") for easy reference as Plaintiffs have so designated and described these particular defendants in this application.

2. I submit this amended declaration in opposition to Plaintiffs' *ex parte* Application for a Temporary Retraining Order, Seizure Order, Order to Show Cause for a Preliminary Injunction, Expedited Discovery Order, Order Restraining Assets and Order Sealing File. This declaration amends and supplements my declaration filed under seal on August 1st, 2007. The documentary proof attached thereto as Defendants Exhibit A will not be attached to this filing but will be incorporated herein by reference and relied upon to show that the personal funds of Lisa Wu restrained by Plaintiffs could be traced to real estate transactions.

3. This declaration is based on information provided to me by the defendants I represent, my investigation of this case and a review of the papers filed by Plaintiffs with the Court.

4. Quick Defendants jointly and severally deny that they have used or are continuing to use counterfeit or infringements of Plaintiffs' Trademarks in connection with the manufacture, export, import, distribution, marketing, advertising, offer for sale and/or sale of counterfeit high end branded luxury products bearing Plaintiffs' Trademarks as alleged, or at all.

5. Plaintiffs are relying on false and misleading information likely to cause confusion, deception, or mistake on or in connection with their application for this preliminary injunction temporary restraining order, seizure order and other relief requested.

6. Plaintiffs falsely represent to the Court that the Quick defendants make up a shipping company against which judgments and permanent injunctions have been entered in at least one other case involving counterfeiting trademarks of luxury goods. Quick Defendants deny these false accusations and respectfully request to clear their good name and reputation in an evidentiary hearing on this highly prejudicial and unfair accusation.

7. Plaintiffs compound their false accusations by labeling Quick Defendants as "counterfeiting recidivists" and falsely associating Quick defendants with a prior lawsuit for counterfeiting high end watches. Quick defendants were not permanently enjoined from counterfeiting those marks and brands as falsely alleged by plaintiffs. Quick defendants were not involved in that case as alleged, or at all, and Plaintiff is misleading the Court in this matter with such highly prejudicial speculations devoid of any probative value to the issues of this case.

8. The cumulative effect of these false statements and misrepresentations can confuse the issues and mislead the court into wrongly concluding that Quick defendants are involved in trademark violations based on association with prior counterfeiters, when the actual facts show a different state of affairs. Defendant Quick Global Shipping is a shipping company managing an authorized UPS outlet and an authorized Fed EX Ship Center. This defendant does not engage in manufacturing counterfeit products or wrong doing as alleged by Plaintiffs.

9. Quick Defendant Song Gao, manages Quick Global Shipping and sub-lets storage rooms but denies that she knows of or participates in any of the wrong doing as alleged by Plaintiffs.

10. Quick Defendant Lisa Wu is the lessee of the space Quick Global Shipping occupied, but denies that she knows of or participates in any of the wrong doing as alleged by Plaintiffs.

11.     Quick Defendant Lisa Wu is a Licensed Real Estate Broker for about 15 years who can show by documentary proof that the money in her bank account which was wrongly and improperly seized by Plaintiffs, were proceeds from real estate transactions and not from counterfeiting or wrong doing as alleged by Plaintiffs.

12.     On July 25th 2007, before defendant Lisa Wu was joined in these proceedings, her personal funds in this amount of $322,247.00 were restrained in her accounts at China Trust Bank. Subsequently, after vigorous representation by counsel, $100,000.00 of her funds have been released, but she is not satisfied with that partial release. Defendant Lisa Wu respectfully prays that this Court in the exercise of its equitable jurisdiction would quickly release the balance of her personal funds so that she can consummate a pending real estate transaction.

13.     Quick Defendants are filing with the Court and serving Plaintiffs counsel documentary proof that the bank accounts seized from Quick defendant Lisa Wu are not proceeds of counterfeiting activities or wrong doing as alleged, but instead are proceeds from real estate transactions as shown in the closing statements and bank statements submitted as Defendants' <u>Exhibit A</u>, incorporated herein by reference to the earlier declaration filed on August 1st 2007.

14.     Defendant Lisa Wu contends that it is an abuse of the process and highly improper for Plaintiffs to seize her personal assets which were obtained by legitimate business transactions. It is arbitrary, capricious, unfair and unjust for Plaintiffs to conclude on speculative and inadmissible hearsay evidence that this particular defendant participated in wrong doing related to Plaintiffs goods.

15.     On balance Defendant Lisa Wu is suffering more immediate hardship than Plaintiffs when by virtue of plaintiffs' wrongful and misconceived seizure of her personal assets, she is

prevented from engaging in lawful business transactions thereby suffering to her detriment, loss and damage.

16.     The immediate harm to Defendant Lisa Wu will greatly outweigh that to the Plaintiffs if this Court does not dissolve or modify this Temporary Restraining Order with respect to her personal funds at China Trust Bank.

17.     It is highly unlikely that Plaintiffs would prevail against Quick defendants, and in particular Lisa Wu in a trial on the merits of this action, as plaintiffs will not be able to prove by admissible evidence that Quick defendants, particularly Lisa Wu committed wrong doing as alleged. Hearsay and inadmissible evidence as adduced by plaintiffs in the several declarations submitted in their *ex parte* application to this Court would not suffice at trial to prove Plaintiffs claim against Quick Defendants at trial

18.     Under the circumstances, Quick Defendants contend that Plaintiffs seizure of Quick's assets and in particular Lisa Wu's personal assets were wrongful, improper and an abuse of the process. Quick Defendants now respectfully request this Court under its inherent equitable power to discharge, dissolve or modify the Temporary Restraining Order, Seizure Order, and Order Restraining the Transfer of Assets, with respect to Quick Defendants and more particularly Lisa Wu's personal funds.

19.     In accordance with the provisions of the subject TRO dated July 19th 2007 Quick defendants have filed with the Court and served upon Plaintiff's Counsel documentary proof that particular assets seized and restrained are not proceeds of counterfeiting activities, but instead are proceeds from real estate transactions of Lisa Wu as shown in Defendants <u>Exhibit A.</u>

20.     It is submitted that Defendants Exhibit A, relating to Lisa Wu's real estate transactions and bank accounts are un-contradicted and should be accepted by Plaintiffs as the

TRO expressly provided that such acceptance should not be unreasonably withheld and those particular assets shall be released to the defendant. Defendant has cooperated under the TRO and provided un-contradicted documentary proof as to the source of the restrained funds. Defendant Lisa Wu respectfully requests an evidentiary hearing on this matter, if the Plaintiffs refuse to release the balance of her personal funds relating to her real estate and legitimate business transactions.

21. With respect to an accounting of Lisa Wu's assets having a value of five thousand dollars ($5,000.00) or more as required under her TRO, bank statements are submitted and she represents that she has been a real estate broker for over 15 years. Her assets over $5,000.00 could be traced to legitimate business and real estate transactions not involving counterfeiting, trafficking, trade mark infringement or any wrong doing. Defendant Lisa Wu is willing to testify at an evidentiary hearing on this issue forthwith as she needs her personal funds expeditiously to close on a pending real estate transaction.

22. Quick Defendants will cooperate and consent to Expedited Discovery. Quick Defendants and in particular Lisa Wu maintain they are not involved in any wrong doing as alleged by Plaintiffs and are as keen as Plaintiffs to resolve this matter expeditiously.

23. We respectfully request that the Court grant Quick Defendants the relief requested forthwith.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of August, 2007 at New York, New York.

*Mahendra Ramgopal*
Mahendra Ramgopal, (MR4632)
Attorney at Law
56 Franklin Street, Main Floor
New York, NY 10013
Tel: 212-283-4944