IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
CHLOE, S.A.S., J. CHOO LIMITED,

                       Plaintiffs,

        v.

KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN, DANIEL DOE, GODDESS TRADING d/b/a GODDESSTRADING@HOTMAIL.COM, LUXUNG GOODS, LUXURY GOODS, TERRY DOE cl/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE d/b/a JARRY326@YAHOO.COM.CN, FASHION HANDBAGS, BENNY DOE, JEANCARLO DOE, JOSEPH a/k/a JOSE DOE, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE, INSTYLE LUXURY HANDBAGS, CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU, KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA, QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, and various JOHN and JANE DOES 1-10 and XYZ COMPANIES (UNIDENTIFIED),

                       Defendants.

Civil Action No.: 07-cv-6491

**DECLARATION OF THOMAS J. McKENNA IN SUPPORT OF DEFENDANTS NEWCOME TRADING, INC. d/b/a TOSCA, NEW WEALTH, INC. d/b/a TOSCA and TOSCA HANDBAGS PARTIAL OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND IN SUPPORT OF CROSS MOTION TO RELEASE SEIZED FUNDS**

I, Thomas J. McKenna, declares as follows:

1.  Defendants NEWCOME TRADING, INC. d/b/a TOSCA, NEW WEALTH, INC. d/b/a TOSCA and TOSCA HANDBAGS ("the Tosca Defendants") are represented by Gainey & McKenna. Each of these three defendants is a separate corporation, owned by separate individuals, but all doing the business under the Tosca brand name and Tosca trademarks.

2.  As shown in the accompanying Declarations of Robin Woo, Steven Chang and K. Choi, none of these defendants were part of a Chinatown counterfeiting ring.

3.  None of these defendants ever sold any product bearing a counterfeit trademark of the plaintiffs.

4.  Plaintiffs have absolutely no evidence to show, and indeed have not even alleged, that these defendants sold products bearing counterfeit plaintiffs' trademarks.

5.  These defendants have been in business between 10 and 12 years and are legitimate businesses. Plaintiffs have made absolutely no showing that these three legitimate businesses will hide or sequester their assets.

6.  The Fall fashion season is coming and the plaintiffs' freezing of defendants' business banking accounts in threatening to cause irreparable harm to the defendants and prevent them from purchasing products for the Fall season.

7.  These defendants are willing to enter into a voluntary stipulation consenting to a preliminary injunction and enjoining them from violating defendants' trademarks, but have not been able to reach agreement with the plaintiffs on the release from seizure of their bank accounts. Plaintiffs have offered to release a nominal amount as to defendant Newcome Trading,

Inc. ($10,000 of the $45,000 frozen in two separate bank accounts). This is unacceptable, however, because the $45,000 represents the entire working capital of Newcome Trading, Inc. This money is needed for it to maintain itself and pay its expenses on a monthly basis and to have funds available to buy product which in turn sells. Likewise, defendant Tosca Handbags, a wholesale store in California, has had its sole commercial bank account frozen and its working capital of approximately $16,000 is likewise tied up and unavailable to it.

8. To date, upon information and belief, the bank accounts of defendants New Wealth Trading Inc. have not been frozen, though that it likely to occur soon and will cause a severe, perhaps fatal, disruption of their business.

9. The Complaint is noticeably absent of any specific allegations against any of these three defendants. Only Newcome Trading, Inc. was even listed as a named defendant, but again, there are no specific allegations that Newcome was involved in trademark counterfeiting. There can be no such allegations because Newcome was not involved in such a scheme and has never sold any products bearing the marks of plaintiffs. Nor have the other two Tosca defendants ever sold products bearing the marks of the plaintiffs.

10. When the agents of the plaintiffs came to the business locations of the Tosca defendants, they did not find any handbags of the type which are shown as exhibits to the Complaint. They did, however, seize several styles of bags (of the over 1,000 styles of bags that these defendants have sold in the past) from the defendants. The bags that were seized did not bear the trademarks of the plaintiffs. It is anticipated that the plaintiffs will now argue that the seized bags, while not being counterfeit bags, are bags whose trade dress is too similar to the plaintiffs' trade dress. It must be noted that there is no claim in the Complaint or in the *ex parte* moving papers for trade dress infringement. The entirety of the Complaint and the *ex parte*

moving papers is about trademark counterfeiting infringement.

11.    Assuming arguendo that the plaintiffs have a possible claim against the Tosca defendants for trade dress infringement, there is no just reason, and the plaintiffs have not demonstrated any such reason in their papers which were submitted to the court *ex parte*, that plaintiffs should be allowed, in a trade dress case, to seize the defendants' assets in advance of a judgment, to seize their corporate books and records in advance of a judgment and to have expedited discovery which disrupts the operations of the defendants.

13.    It is respectfully submitted for the reasons set forth in the accompanying Declarations of Woo, Chang and Choi that the Tosca defendants are innocent of these charges of trademark counterfeiting, have been swept up into this case because of the actions of people who they do not control (i.e., the so called "Kenny" in Chinatown, see Chang Declaration) and there has been absolutely no showing that these three established businesses will hide or secrete their assets or flee the jurisdiction of this court.

14.    Accordingly, the Tosca defendants are prepared to voluntarily enter into a preliminary injunction which enjoins them from violating the plaintiffs' trademarks, but cross-move that their corporate bank accounts be released from seizure so that they may operate and not be put out of business for lack of capital as the crucial Fall season approaches.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of August, 2007, at New York, New York.

S/
_____
Thomas J. McKenna