IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
CHLOE, S.A.S., J. CHOO LIMITED,

                Plaintiffs,

        v.

KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN, DANIEL DOE, GODDESS TRADING d/b/a GODDESSTRADING@HOTMAIL.COM, LUXUNG GOODS, LUXURY GOODS, TERRY DOE cl/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE d/b/a JARRY326@YAHOO.COM.CN, FASHION HANDBAGS, BENNY DOE, JEANCARLO DOE, JOSEPH a/k/a JOSE DOE, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE, INSTYLE LUXURY HANDBAGS, CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU, KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA, QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, and various JOHN and JANE DOES 1-10 and XYZ COMPANIES (UNIDENTIFIED),

                Defendants.

Civil Action No.: 07-cv-6491

**DECLARATION OF KAY CHOI IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

I, Kay Choi, of full age and under penalty of perjury, declare and state as follows:

1.  I am the Manager of Tosca Handbags. We are a separate business entity from New Wealth Trading, Inc. and Newcome Trading, Inc. and have separate ownership.

2.  We were served with a copy of the Redacted Complaint and the Temporary Restraining Order at our warehouse in California and certain of our business records and products were seized and about $16,000 in operating funds were frozen.

3.  We are assuming that we are one of the XYZ defendants listed in the unredacted caption of the Complaint.

4.  Tosca Handbags was founded approximately 12 years ago for the sale of handbags, wallets and belts.

5.  Approximately every week, we purchase at least two different styles of handbags. On average, we sell over 100 styles of handbags every year. Some styles remain in our inventory for more than a year, but usually there is a great turnover as the fashions are constantly shifting and the types of handbags that consumers want constantly shifts.

6.  Since we were founded 12 years ago, we have sold well over 1,000 different styles of handbags.

7.  Upon information and belief, one of the other XYZ defendants in the case is New Wealth Trading, Inc. d/b/a Tosca ("New Wealth") and a named defendant is Newcome Trading, Inc. d/b/a Tosca . Though all three companies use the name Tosca in our businesses, all three are separate companies owned by different persons.

8.  Tosca Handbags did not sell any bags to any of the named defendants listed in the

caption of the Complaint.

9. The Complaint has photocopies of eleven specific handbags attached to it as exhibits, all of which are allegedly infringing products counterfeited by the named defendants.

10. Importantly, Tosca Handbags *never* purchased or sold any of the bags attached as exhibits to the Complaint. We have never sold any products bearing the marks of Plaintiffs.

11. When the plaintiff's representatives came to our store, they seized certain different handbags from us and we understand that Plaintiffs are now alleging that these different handbags violate their trade dress.

12. That argument is a far cry from demonstrating that our company had anything to do with these Chinatown alleged counterfeiters. We are a Korean-American owned wholesale store and not part of some Chinese counterfeit ring.

13. Tosca Handbags is willing to enter into an agreement with the plaintiffs to have an injunction issue which states that we will not infringe upon their marks, as we have not done so in the past and have no intention of doing so in the future.

14. However, there is no good cause for Tosca Handbags' bank accounts to be frozen or our business affairs interfered with by the plaintiffs. We need the $16,000 in operating funds to purchase product, pay our rent and employees and other legitimate business expenses. We ask therefore that the court vacate that portion of its order which allows the plaintiffs to freeze our bank accounts.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 31st day of July, 2007, at Los Angeles,

California.

                                                                            S/

_____

Kay Choi