# PAK & WHANG PC
## ATTORNEYS AT LAW

BYONGCHAE PAK*▲
TAE HYUN WHANG*
JIWON KIM*

▲DISTRICT OF COLUMBIA BAR
*NEW YORK & NEW JERSEY BARS

12 WEST 32ND STREET SUITE 1200
NEW YORK, NEW YORK 10001
TEL (212) 239-2378
FAX (212) 239-8732

91 ESSEX DRIVE
TENAFLY, NEW JERSEY 07670
TEL (201) 227-8238
FAX (201) 569-1127

July 25, 2007

Scott Gelin, Esq.
Julie Bookbinder, Esq.
Greenberg Traurig LLP
200 Park Avenue
34th Floor
New York, NY 10166

  Re: Chloe S.A.S., J. Choo Limited v. Various Defendants
     Docket No.: 07 CIV 6491

Dear Messrs. Gelin and Bookbinder:

  We are the attorneys for P.S.K. America, Inc. ("PSK") and Jae Man Yoo. I am writing this letter to request that you release the bank accounts of PSK and Mr. Yoo and discontinue this action against PSK and Mr. Yoo.

  Mr. Yoo is the sole shareholder of PSK which sells costume jewelry at 420 Broadway also known as 277 Canal Street, Store G, New York, NY 10013 (the "Premises"). PSK is the tenant for the Premises and currently utilizes the northern portion of the Premises. PSK subleases the remainder of the Premises to four (4) subtenants, including Yu Lin ("Lin"). Lin subleases the southwestern portion of the Premises and sells handbags. I annex a diagram which shows the Premises and the parts of the Premises used by PSK and Lin.

  PSK currently holds a month-to-month lease, which the landlord has elected to terminate. I annex a copy of the Thirty Day Termination Notice from the landlord for your reference. Lin, as a subtenant, has a month-to-month sublease with PSK. There are two subleases executed between Lin and Suzy Palace, Inc. (the former over-tenant). The parties executed the first sublease in December, 2005 and executed the second sublease in January, 2006 when Lin wanted additional space. Copies of the Subleases and a copy of Lin's driver's license are enclosed for your reference. The subleases specifically provide that Lin cannot sell counterfeit goods.

  PSK's lease with the landlord specifically states that PSK cannot sell counterfeit merchandise and assesses severe penalties for any such violations. My clients use their best effort not to sell any counterfeit merchandise and do not allow its subtenants sell counterfeit merchandise. My clients are not familiar with handbags and did not know that some of the merchandise sold by Lin could have been counterfeit merchandise.

PAK & WHANG PC

   My client and I had a meeting with the landlord on July 19, 2007. The landlord wants to reduce Premises. Enclosed are two diagrams. The first diagram marked, "Exhibit 1" shows the leased premises as it currently exists and the second diagram marked, "Exhibit 2" shows the proposed premises. The landlord wants to take back the northern portion of the Premises which is currently used and occupied by PSK. Since PSK wants to continue its business and in light of this action, PSK intends to evict Lin from the Premises and use the southwest portion of the Premises to sell costume jewelry. My clients feel that if Lin is evicted from the Premises, he cannot sell any counterfeit handbags at the Premises.

   As you are aware, on July 20, 2007, some handbags were confiscated from the Premises, together with documents belonging to PSK. The confiscated handbags belong to Lin. PSK sells costume jewelry and does not sell handbags.

   Mr. Gelin informed me that PSK's credit card machine was used to purchase counterfeit goods. My client tells me that only PSK has a credit card machine at the Premises and from time to time, PSK's subtenants request permission to use the credit card machine. In such instances, PSK will allow its subtenants to use the credit card machine. Charges would be made on the credit card machine, PSK would wait 2 to 3 weeks to make sure the charges are not returned by the credit card company, and if the charges are not returned, PSK would give its subtenant the charged amount, less 3.5% as an offset for fees charged by the credit card companies.

   PSK and Mr. Yoo discovered that holds were placed on PSK's business account and Mr. Yoo's personal account. PSK has numerous checks issued to its various suppliers, its landlord, etc. which will be returned. If the account and the funds are not immediately released, PSK's creditors will not be paid and it will suffer irreparable harm to its good will. As previously stated, PSK sells costume jewelry and does not sell counterfeit handbags or any handbags. As to Mr. Yoo, he is the sole shareholder of PSK and is not personally involved in any counterfeiting activities.

   I hope that this letter and the enclosed documents sufficiently shows that my clients are not involved in the sale of counterfeit merchandise; and as such, your client will do the right thing by releasing their bank accounts and discontinuing this action against them. My clients have and will continue to cooperate with you in this matter. I am writing this letter so that my client's legal costs can be kept to a minimum. In light of the pending hearing scheduled for August 3, 2007, please advise me as to your clients' intentions by July 27, 2007.

   My clients' documents were seized on July 20, 2007. Please return these documents to me at my New York office.

   If this action is not discontinued against my clients, demand is made for unredated copies of all documents.

   Please consider this letter to be an offer of judgment from PSK America, Inc. for judgment to be taken against it for the sum of one dollar ($1.00), without costs. Since PSK does

PAK & WHANG PC

not sell handbags, it will also agree to a permanent injunction not to sell counterfeit merchandise infringing on your clients' trademarks.

Please consider this letter to be an offer of judgment from Jae Man Yoo for judgment to be taken against him for the sum of one dollar ($1.00), without costs. Since Mr. Yoo does not sell handbags, he will also agree to a permanent injunction not to sell counterfeit merchandise infringing on your clients' trademarks.

I look forward to a speedy and amicable resolution of this matter.

                                            Very truly yours,

                                            Tae Hyun Whang

THW/ta
Encls.
CC:    Julie Bookbinder, Esq. (via facsimile @ (212) 805-9412)
         Mr. Jae Man Yoo



- Used by PSK
- Used by Lin

BROADWAY

Exhibit 1

# THIRTY DAY TERMINATION NOTICE

TO: PSK AMERICA INC.
277 Canal Street
Store G (see diagram attached)
New York, New York 10013

Re: Store G as set forth in the attached diagram in the Building known as and located at 277 Canal Street, New York, New York 10013 (the "Subject Premises")

Tenants of the above Subject Premises, their assigns, and every person and/or entity in possession of the Subject Premises:

**PLEASE TAKE NOTICE**, that you are hereby required to quit, vacate and surrender possession of the Subject Premises to the Landlord by July 31, 2007, that being more than thirty (30) days after the service of this Notice upon you, and that upon your failure to so quit, vacate, and surrender possession thereof, the Landlord will commence an action or proceeding in the Courts of the State of New York to recover possession of the Subject Premises.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Real Property Law 232-a the Landlord elects to terminate your tenancy at the Subject Premises now held by you under monthly hiring. Unless you remove from the Subject Premises on or before July 31, 2007, the day on which your term expires, that being more than thirty (30) days after the service of this Notice upon you, the Landlord will commence summary proceedings under the statute to remove you from the Subject Premises for the holding over after the expiration of your term and will demand the fair market value of your use and occupancy of the Subject Premises during such holding over.

**PLEASE TAKE FURTHER NOTICE**, that the facts establishing the termination of your month to month tenancy include, but are not limited to, the following:

277 canal v PSK-tn16/25/200712:29 PMAL0731

(a) You are a month to month tenant, and therefore, pursuant to RPL §232-a, your tenancy is hereby terminated effective July 31, 2007.

(b) The subject premises are **not** subject to any residential regulation, the City Rent Law or Rent Law, Rent Stabilization Law or Code by reason of the fact that the subject premises are used and were rented solely for commercial purposes.

**PLEASE TAKE FURTHER NOTICE**, that this notice is being served upon you pursuant to Real Property Law §232-a and applicable provisions of law.

Dated: New York, New York
       June 25, 2007

                                              277 ASSOCIATES, LLC

                                              By: _____
                                                  Jason Laboz, Member

277 canal v PSK-tn16/25/200712:29 PM AL0731



# LEASE CONTRACT

Location: 420 Broadway, New York, NY 10013

Tenant, __Yu Lin__, and Leaser, __SUZY PALACE, INC__ have made a contract, as following:

1. The Tenant, __Yu Lin__, has agreed to refrain from selling any counterfeit items. If, by any occasion, something should happen, such as the arrest of the Tenant, or the closing of the rented place (by the force of the law) for selling any counterfeit items, the Tenant will lose the right to request his money back for the 3 month-deposit of the amount of __$17,100 xx__. If this should occur, then the Leaser has the right to take the ― months' deposit money.

2. The Tenant will have the right to sell only these following items:

   LEATHER HANDBAG / WALLET

3. When requesting the payment of the deposit, the Tenant must notify the Leaser at least 30 days before the Tenant leaves the rented place. If this procedure is not followed, the deposit money cannot be refunded.

4. This Lease Contract will be renewed every month.

These preceding conditions have been read and agreed upon.

Tenant: __[signature]__ Date: __12/17/05__

Leaser: __[signature]__ Date: __12/17/05__

# LEASE CONTRACT

Location: 420 Broadway, New York, NY 10013

Tenant, __YuLIN__, and Leaser, __SUZY PALACE, INC__, have made a contract, as following:

1. The Tenant, __YuLIN__, has agreed to refrain from selling any counterfeit items. If, by any occasion, something should happen, such as the arrest of the Tenant, or the closing of the rented place (by the force of the law) for selling any counterfeit items, the Tenant will lose the right to request his money back for the 3-month-deposit of the amount of __$3,600 ⁰⁰__. If this should occur, then the Leaser has the right to take the  months' deposit money.

2. The Tenant will have the right to sell only these following items:
   __LEATHER HANDBAG / WALLET__

3. When requesting the payment of the deposit, the Tenant must notify the Leaser at least 30 days before the Tenant leaves the rented place. If this procedure is not followed, the deposit money cannot be refunded.

4. This Lease Contract will be renewed every month.

These preceding conditions have been read and agreed upon.

RECEIVED 3 MONTH DEPOSIT  
& FEB RENT  
TOTAL $4,800 ⁰⁰

Tenant: _____ Date: 1/10/06

Leaser: _____ Date: 1/10/06







Exhibit 2

**PAK & WHANG PC**
Attorneys at Law
12 West 32nd Street
Suite 1200
New York, NY 10001
Telephone: (212) 239-2378
Facsimile: (212) 239-8732

## FACSIMILE COVER SHEET

To        :   Julie Bookbinder, Esq.

Fax No.:   (212) 805-9412

From    :   Tae Hyun Whang, Esq.

Date     :   July 25, 2007

Pages  :   This cover sheet is 1 of 13 pages being transmitted.

Re        :   Chloe S.A.S., J. Choo Limited v. Various Defendants
              Docket No.: 07 CIV 6491

Please see the following documents.

Thank you.

CONFIDENTIALITY STATEMENT
The information contained in this facsimile is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (212) 239-2378 and return the original message to us at the above via the U. S. Postal service. Any cost will be reimbursed. Please note that this firm does not accept service of process via facsimile.

PAK & WHANG PC                Fax:1-212-239-8732

## ** Transmit Conf.Report **

P.1                                                                                    Jul 25 2007      14:44

| Telephone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 912128059412 | NORMAL | 25,14:44 | 3'35" | 13 | # O K | |

**PAK & WHANG PC**
Attorneys at Law
12 West 32nd Street
Suite 1200
New York, NY 10001
Telephone: (212) 239-2378
Facsimile: (212) 239-8732

### FACSIMILE COVER SHEET

To       :    Julie Bookbinder, Esq.

Fax No.: (212) 805-9412

From  :    Tae Hyun Whang, Esq.

Date   :    July 25, 2007

Pages :    This cover sheet is 1 of 13 pages being transmitted.

Re       :    Chloe S.A.S., J. Choo Limited v. Various Defendants
             Docket No.: 07 CIV 6491

Please see the following documents.

Thank you.

### CONFIDENTIALITY STATEMENT

The information contained in this facsimile is attorney privileged and confidential information intended