IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| CHLOÉ, S.A.S., J. CHOO LIMITED<br>　　　　　　　　Plaintiffs,<br>　　　　　- against -<br>KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN, DANIEL DOE, GODDESS TRADING d/b/a GODDESSTRADING@HOTMAIL.COM, LUXUNG GOODS, LUXURY GOODS, TERRY DOE d/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE d/b/a JARRY326@YAHOO.COM.CN, FASHION HANDBAGS, BENNY DOE, JEANCARLO DOE, JOSEPH a/k/a JOSE DOE, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE, INSTYLE LUXURY HANDBAGS, CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU, KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA, QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, and various JOHN and JANE DOES 1-10 and XYZ COMPANIES (UNIDENTIFIED),<br>　　　　　　　　Defendants. | Civil Action No.: 07 CV 6491 (WCP)<br><br>[FILED UNDER SEAL<br>PURSUANT TO 15 U.S.C. § 1116]<br><br>DECLARATION OF HEIDI GARFIELD IN SUPPORT OF REPLY TO DEFENDANTS PSK AMERICA, INC.'S AND JAE MAN YOO'S OPPOSITION TO THE TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION, EXPEDITED DISCOVERY ORDER, ORDER RESTRAINING ASSETS AND ORDER SEALING FILE |

I, HEIDI GARFIELD, under penalty of perjury, hereby declare as follows:

　　　1.　　I am an attorney licensed to practice law in the State of New York and before the bar of the Southern of New York. I am an associate at the law firm of Greenberg Traurig, LLP ("GT") and counsel to Chloé, S.A.S. and J. Choo Limited (collectively, "Plaintiffs"). I make this declaration in support of Plaintiffs' Reply to Defendants PSK America, Inc.'s ("PSK") and Jae Man Yoo's ("Yoo") (collectively,

NY 238490490

"PSK Defendants") Opposition to Plaintiffs' *ex parte* Application for a Temporary Restraining Order, Seizure Order, Order to Show Cause for a Preliminary Injunction, Expedited Discovery Order, Order Restraining Assets and Order Sealing File as it applies to the PSK Defendants. If called as a witness, I could testify to the following upon personal knowledge and/or upon my review of GT's files on this matter.

2. Annexed hereto as Exhibit A is a true and correct copy of Defendant Yu Lin a/k/a Benny Doe's receipt for monthly rental payment at 420 Broadway, New York, New York to PSK. Exhibit A was seized from PSK Defendants' premises at 420 Broadway, New York, New York on July 20, 2007. [pdf page 10]

3. Annexed hereto as Exhibit B is a true and correct copy of a Consent Decree for a Permanent Injunction entered into by PSK in the matter of *Louis Vuitton Malletier, et al. v. Forever Win Trading Co., et al.*, No. 06 CV 3266 (TPG) (S.D.N.Y. October 3, 2006). I obtained a copy of Exhibit B on August 1, 2007 from the Public Access to Court Electronic Records ("PACER") service center.

4. Annexed hereto as Exhibit C are true and correct copies of handwritten sales records for the sale of Counterfeit Products, including brand names, such as "Chloe" and prices. Exhibit C was seized from PSK Defendants' premises at 420 Broadway, New York, New York on July 20, 2007. [pdf pages 2-8]

5. PSK Defendants have not approached Plaintiffs, as allowed for in the TRO, to negotiate the release of any assets, nor have the PSK Defendants provided any financial documents to Plaintiffs to support such a request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 2, 2007 at New York, New York.

_____
Heidi S. Garfield

# EXHIBIT A



# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS VUITTON MALLETIER AND MARC JACOBS TRADEMARKS, LLC,

    Plaintiff,

-against-

FOREVER WIN TRADING, INC., LUCKY PHOENIX, INC., YUE CHAN YE, NHU THI PHUONG DEAN, TPA INTERNATIONAL, INC., THANK TRAN LAM, JTF 277 CANAL STREET, TOP DESIGN FASHION, INC., PSK AMERICA, FAR FAR SPORTS, INC., NENEX INTERNATIONAL TRADING, INC., WANG GUO KANG, XINGHUA HUANG AND JIN LONG LIN, CHANG XING, INC., NEW AGE TRADING, INC., JIN PING ZHANG, JIAN LIANG GE, and JOHN AND JANE DOES I - XX,

    Defendants.

Case No.: 06 CV 3266 (TPG)

**CONSENT DECREE FOR A PERMANENT INJUNCTION BY PSK AMERICA, INC.**

    Plaintiff Louis Vuitton Malletier (**Louis Vuitton** or **LV**), having commenced this action (the **Lawsuit**), against, inter alia, Defendant PSK America, Inc. (**PSK America**) for relief pursuant to the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., specifically under 15 U.S.C. §§ 1114(1) and 1125(a), the Copyright Act of 1976, 17 U.S.C. § 501, et seq., New York Real Property Law § 231(2), and under the laws of the State of New York, for the reason that tenants, subtenants, undertenants and/or other occupants of the real property and improvements located at, inter alia, 277 Canal Street, New York, New York (**277 Canal**) appeared to be engaged in distributing, selling and offering for sale, among other things, products which bear counterfeits and/or imitations of trademarks and copyrights as described and defined herein; and Defendant PSK America having consented to Marc Jacobs Trademarks, LLC (**Marc Jacobs**) being joined as a Plaintiff in

3

NYC/291182.1

this Lawsuit as to PSK America, Inc., and having stipulated and consented to the entry of this Consent Decree for a Permanent Injunction without any admission of fault or liability on the part of PSK America in connection with the allegations made in the Complaint,

**IT IS HEREBY ORDERED** that

PSK America and each of its respective parents, subsidiaries, divisions, predecessors, partners, owners, representatives, stockholders, agents, officers, directors, servants, employees, clerks, receptionists, attendants, affiliates, successors and assigns, and all other persons and/or entities acting in concert and/or conjunction with them, are permanently enjoined and restrained from and will not engage in the following acts at any location, including but not limited to 277 Canal Store "G" as denominated on the diagram attached as **Exhibit A** (the **Property**):

    1.    Selling, duplicating, assembling, producing, distributing, offering for sale or distribution, circulating, importing, exporting, advertising or marketing, promoting, displaying, transferring and/or moving any product or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Louis Vuitton or Marc Jacobs Trademarks, copyrights or other intellectual property rights (hereinafter referred to as the **Intellectual Properties**) as identified in **Exhibit B** attached hereto in any manner whatsoever,

    2.    Using, modifying, disseminating, marketing, selling or offering to sell any product or packaging bearing the words or logo "Louis Vuitton," "LV," "Marc Jacobs," or "MJ";

    3.    Using, modifying, disseminating, marketing, selling or offering to sell any Louis Vuitton or Marc Jacobs counterfeit product in any manner whatsoever;

4. Misusing, imitating, copying, making or infringing of any of the Intellectual Properties in any manner whatsoever;

5. Using any simulation, counterfeit, reproduction, copy or colorable imitation of the Intellectual Properties in connection with the manufacture, duplication, assembly, production, distribution, offer for distribution, sale, offer for sale, circulation, advertisement, import, export, marketing, promotion, printing, display, transfer and/or movement of any merchandise, product or thing not authorized or licensed by Plaintiffs Louis Vuitton or Marc Jacobs;

6. Selling, duplicating, assembling, producing, distributing, offering for sale or distribution, circulating, importing, exporting, advertising or marketing, promoting, displaying, transferring and/or moving any product or thing bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any "look alike" items resembling the Intellectual Properties in any manner whatsoever, including but not limited to items bearing the patterns identified in the attached **Exhibit C**;

7. Engaging in any other activity constituting an infringement of the Intellectual Properties or of Louis Vuitton or Marc Jacobs's rights in, or right to use or to exploit, the Trademarks or Copyrights, or constituting any dilution of Louis Vuitton or Marc Jacobs' names, reputations or goodwill; and it is further

**ORDERED**, that Defendant is hereby compelled to do the following:

8. While Defendant occupies the Property, Defendant shall permit and not interfere with the installation and affixation of signs provided by Plaintiffs in the form annexed as **Exhibit D** throughout the Property in a highly visible and public location on both the inside and (to the extent physically possible) on the outside of the Property, which sign notifies

5

potential patrons that the sale and purchase of counterfeit Louis Vuitton or Marc Jacobs items at that premises is prohibited and punishable by law, in a highly visible and public location on both the inside and (to the extent physically possible and in accordance with the law) on the outside of the property and Defendant agrees to maintain, preserve, and not remove, interfere with, obstruct, mutilate, or otherwise conceal, the signs and to notify Plaintiff immediately upon discovery if any sign is removed, interfered with, obstructed, mutilated or cancelled;

9. Defendant shall comply with any Monitors and Investigators employed by either (a) the Landlord of 277 Canal or (b) Louis Vuitton or Marc Jacobs, and to allow said Monitors or Investigators to perform random inspections of the Property and the premises under Defendant's possession, including but not limited to all public areas as well as non-public areas such as closets, basements, ceiling spaces, storage spaces, and back rooms;

10. PSK America, the tenant of record of Store G located at 277 Canal Street, shall prohibit all of its future tenants, subtenants, sublessees, sub-sub-lessees, undertenants, assignees, concessionaires, occupants, or any other person who, with or without the consent of PSK America, enters onto or about the premises, from offering, displaying and/or selling any goods or products which would be considered "counterfeit" Louis Vuitton or Marc Jacobs merchandise as detailed in paragraphs "1" through "7" above for as long as it maintains an oral or written lease with the current or future Landlord of 277 Canal Street, which is currently the entity known as "AJJ Canal, LLC," and for as long as it occupies the Property at 277 Canal. PSK America shall further require all of its future tenants, subtenants, sublessees, sub-sub-lessees, undertenants, assignees, concessionaires, occupants, or any other person who, with or without the consent of PSK America, enters into or about the premises, to comply with paragraphs "8" and "9" above for as long as PSK America holds a lease with the

current or future Landlord of 277 Canal Street; and it is further

**ORDERED**, that PSK America represents and warrants that _JAE MAN YOO_ is the sole owner and President of PSK America, and that _HE_ has authority to enter into this Consent Decree and Permanent Injunction on behalf of PSK America; and it is further

**ORDERED**, that this action be and same hereby is dismissed without prejudice as to PSK America, and that the Clerk of the Court is directed to enter the stipulation of discontinuance attached as **Exhibit E**; and it is further.

**ORDERED**, that contingent on full compliance with this Consent Decree, upon expiration of Defendant's current lease without renewal and full vacating of the Premises, this Lawsuit shall be discontinued with prejudice as against Defendant as to the Property at 277 Canal; and it is further

**ORDERED**, that upon the consent of Defendant PSK America, the Summons and Complaint in the Lawsuit, together with pleadings and proceedings in the Lawsuit, are hereby deemed amended to include Marc Jacobs Trademark, LLC as Plaintiff in the form annexed as Exhibit F, and the Clerk of the Court is hereby directed to amend the caption in accordance with **Exhibit F**; and it is further

**ORDERED**, that this Court has jurisdiction over PSK America and the subject matter of this action, and shall retain jurisdiction to the extent necessary to enforce, and to determine any issues that may arise under, this Consent Decree; and it is further

**ORDERED**, that this Consent Decree shall be filed with the Court; and it is further

**ORDERED**, that PSK America hereby acknowledges receipt of this Permanent Injunction, and no further service shall be necessary.

**SO ORDERED.**

7

NYC/291182.1

Dated: ~~September 29, 2006~~
Oct, 3, 2006

*[signature: Thomas P. Griesa]*
Honorable Thomas P. Griesa
United States District Judge

# EXHIBIT C













