IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

|  |  |
|---|---|
| CHLOÉ, S.A.S., J. CHOO LIMITED : <br> Plaintiffs, : <br><br> - against - : <br> KEN CHEN a/k/a SHU CHEN a/k/a XIANG <br> CHEN, DANIEL DOE, GODDESS : <br> TRADING d/b/a <br> GODDESSTRADING@HOTMAIL.COM, : <br> LUXUNG GOODS, LUXURY GOODS, <br> TERRY DOE d/b/a : <br> AZNTERRY911@HOTMAIL.COM, JASON <br> DOE d/b/a JARRY326@YAHOO.COM.CN, : <br> FASHION HANDBAGS, BENNY DOE, <br> JEANCARLO DOE, JOSEPH a/k/a JOSE <br> DOE, SISI a/k/a CECI DOE, TOP LUXURY : <br> HANDBAGS d/b/a <br> LUXURYHANDBAGS277@YAHOO.COM, : <br> FRANCISCO DOE, BEN DOE, CARLOS <br> DOE, INSTYLE LUXURY HANDBAGS, : <br> CORINA DOE a/k/a QIMIAO HU a/k/a QI <br> MIAO HU, KENNY DOE a/k/a YE GUO <br> a/k/a GUO Q YE, NEWCOME TRADING <br> d/b/a TOSCA, QUICK GLOBAL SHIPPING, <br> HOWARD EXPRESS SHIPPING, RANDY <br> DOE, and various JOHN and JANE DOES 1- <br> 10 and XYZ COMPANIES <br> (UNIDENTIFIED), <br><br> Defendants. : <br><br> : <br><br> : <br><br> : | Civil Action No.: <br><br> **[FILED UNDER SEAL <br> PURSUANT TO 15 U.S.C. § 1116]** <br><br> **DECLARATION OF JULIE BOOKBINDER <br> RELATING TO EXECUTION OF <br> TEMPORARY RESTRAINING ORDER, <br> SEIZURE ORDER, ORDER <br> RESTRAINING THE TRANSFER OF <br> ASSETS, ORDER FOR EXPEDITED <br> DISCOVERY, AND ORDER TO SHOW <br> CAUSE FOR PRELIMINARY <br> INJUNCTION** |

I, JULIE BOOKBINDER, under penalty of perjury, hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of New York and

before the bars of the Southern and Eastern Districts of New York.  I am an associate at

the law firm of Greenberg Traurig, LLP ("GT") and counsel to Chloé, S.A.S. and J. Choo

Limited (collectively, "Plaintiffs").  I make this declaration as required by this Court's

Temporary Restraining Order, Seizure Order, Order Restraining the Transfer of Assets,

Order Sealing the File, Order for Expedited Discovery, and Order to Show Cause for Preliminary Injunction, signed July 19, 2007 (the "Order").  A copy of the Order is annexed hereto as Exhibit A.  If called as a witness, I could testify to the following upon personal knowledge and/or upon my review of GT's files on this matter.

    2.    On July 20, 2007, the Order was executed upon Jae Man Yoo and PSK America, Inc. at their place of business at 420 Broadway, New York, NY.  Pursuant to the Order, the following items were seized:

    (a)    35 handbags bearing the CHLOÉ Marks;
    (b)    10 locks bearing the CHLOÉ Marks; and
    (c)    One box of business and financial records.

    2.    On July 20, 2007 the Order was served on the financial institution HSBC Bank USA, N.A. ("HSBC").  Pursuant to the Order, on July 20, 2007, HSBC restrained funds in the name of P.S.K. America Inc. in the amount of $31.

    3.    On July 20, 2007, the Order was served on the financial institution Shinhan Bank.  Pursuant to the Order, on July 20, 2007, Shinhan Bank restrained funds in the name of Defendant Jae Man Yoo.

    4.    On July 20, 2007, the Order was served on the financial institution Wilshire State Bank.  Pursuant to the Order, on July 20, 2007, Wilshire State Bank restrained funds in the name of Defendant P.S.K. America Inc. in the amount of $328.

    5.    On July 20, 2007, the Order was served on the financial institution Valley National Bank.  Pursuant to the Order, on July 20, 2007, Wilshire State Bank restrained funds in the name of Defendant P.S.K. America Inc. in the amount of $17,120.

6.    On July 20, 2007, the Order was executed upon Ken Chen a/k/a Shu Chen a/k/a Xiang Chen ("Shu Chen") and Luxury Goods at their place of business at 251A Canal Street, New York, NY.  Pursuant to the Order, the following items were seized:

    (a)    28 handbags bearing the CHLOÉ Marks;
    (b)    2 wallets bearing the CHLOÉ Marks;
    (c)    2 dustcovers bearing the CHLOÉ Marks;
    (d)    28 handbags bearing the JIMMY CHOO Marks;
    (e)    7 dustcovers bearing the JIMMY CHOO Marks;
    (f)    1 box bearing the JIMMY CHOO Marks;
    (g)    one bag of business and financial records;
    (h)    various locks bearing the CHLOÉ Marks; and
    (i)    one cellular telephone.

7.    On July 20, 2007, the Order was also executed upon Defendant Shu Chen at his place of business at 28 Forsyth Street, basement unit, New York, NY.  Pursuant to the Order, the following items were seized:

    (a)    1 handbag bearing the CHLOÉ Marks; and
    (b)    one bag of business and financial records.

8.    On July 20, 2007, the Order was served on the financial institution Citibank.  Pursuant to the Order, on July 20, 2007, Citibank restrained funds in the name of Defendant Shu Chen in the amount of $4628.

9.    On July 20, 2007, the Order was served on the financial institution BOA. Pursuant to the Order, on July 20, 2007, BOA restrained funds in the name of Defendant Shu Chen in the amount of $9374.

10.    On July 20, 2007, the Order was served on the financial institution BOA. Pursuant to the Order, on July 20, 2007, BOA restrained funds in the name of Ming Liang Chen of 28 Forsyth Street, Apt. 13, New York, NY in the amount of $10,815.

11.     On July 20, 2007, the Order was executed upon Carlos Rene Tse Sio, individually and on behalf of Catse Inc. at their place of business of 277 Canal Street, Booth H-3D, New York, NY.  Pursuant to the Order, the following items were seized:

        (a)      41 handbags bearing Plaintiffs' Marks;
        (b)      one bag of business and financial documents; and
        (c)      1 cellular telephone.

12.     On July 20, 2007, the Order was executed upon Daniel, individually and behalf of and Luxury Goods, and Goddess Trading, at their place of business at 277 Canal Street, Booth H-2C, New York, NY.  Pursuant to the Order, the following items were seized:

        (a)      approximately 148 handbags and dustcovers bearing Plaintiffs' Marks;
        (b)      one bag of business and financial documents; and
        (c)      1 cellular telephone.

13.     On July 20, 2007, the Order was served on the financial institution BOA. Pursuant to the Order, on July 20, 2007, BOA restrained funds in the name of Defendant Goddess Trading in the amount of $1836.

14.     On July 20, 2007, the Order was executed upon Wai Kit Lew at his place of business at 277 Canal Street, New York, NY.  Pursuant to the Order, 15 handbags bearing Plaintiffs' Marks were seized.

15.     On July 20, 2007, the Order was executed at the booth adjacent to the booth described in Paragraph 15 above at 277 Canal Street, New York, NY.  Pursuant to the Order, 18 handbags bearing Plaintiffs' Marks were seized.

16.     On July 20, 2007, the Order was executed at 424 Broadway, New York, NY.  Plaintiffs' investigators observed vendors from 277 Canal Street retrieving and

storing merchandise at this location. Pursuant to the Order, the following items were seized:

> (a)    34 handbags bearing the CHLOÉ Marks;
> (b)    23 handbags bearing the JIMMY CHOO Marks;
> (c)    22 wallets bearing the CHLOÉ Marks;
> (d)    5 locks bearing the CHLOÉ Marks;
> (e)    22 labels bearing the CHLOÉ Marks;
> (f)    1 box of business and financial records, including 1 receipt book.

17.    On July 20, 2007, the Order was executed upon Yan He Xia at the business located at 422 Broadway, New York, NY. Pursuant to the Order, 16 handbags bearing the CHLOÉ Marks were seized.

18.    On July 20, 2007, the Order was executed upon Wai Kit Wong at the business located at 89 Crosby Street, New York, NY. Pursuant to the Order, the following items were seized:

> (a)    39 handbags bearing the CHLOÉ Marks;
> (b)    5 handbags bearing the JIMMY CHOO Marks;
> (c)    118 dustcovers bearing the CHLOÉ Marks;
> (d)    5 dustcovers bearing the JIMMY CHOO Marks;
> (e)    one bag of business and financial documents; and
> (f)    4 metal nameplates bearing the CHLOÉ Marks.

19.    On July 20, 2007, the Order was served on the financial institution Citibank. Pursuant to the Order, Citibank restrained funds in the name of Defendant Wai Kit Wong in the amount of $204.

20.    On July 20, 2007, the Order was executed upon Li Yu Chen at the business located at 89 Crosby Street, New York, NY. Pursuant to the Order, 2 cellular telephones were seized.

21.    On July 20, 2007, the Order was executed at 421A Broadway, New York, NY. Pursuant to the Order, the following items were seized:

    (a)    80 handbags bearing the CHLOÉ Marks;
    (b)    57 handbags bearing the JIMMY CHOO Marks;
    (c)    17 wallets bearing the CHLOÉ Marks;
    (d)    29 wallets of constituting a means of making counterfeit Chloé wallets;
    (e)    one bag of business and financial documents;
    (f)    one IBM Thinkpad laptop, disk, and power cord;
    (g)    74 locks bearing the CHLOÉ Marks; and
    (h)    one bag of metal nameplates bearing the JIMMY CHOO Marks.

22.    On July 20, 2007, the Order was executed upon Cheng Chen, individually and on behalf of the business Chen Star Gift Shop at their place of business at 265 Canal Street, Booth #12, New York, NY. Pursuant to the Order, the following items were seized:

    (a)    11 handbags constituting a means of making counterfeit Chloé handbags;
    (b)    2 wallets bearing the CHLOÉ Marks; and
    (c)    one bag of business and financial documents.

23.    On July 20, 2007, the Order was executed upon Nice Handbags at its place of business at 265 Canal Street, Booth #11, New York, NY. Pursuant to the Order, the following items were seized:

    (a)    12 handbags bearing the CHLOÉ Marks;
    (b)    5 dustcovers bearing the CHLOÉ Marks;
    (c)    one bag of business and financial documents; and
    (d)    2 cellular telephones.

24.    On July 20, 2007, the Order was executed upon Chen X Jiang d/b/a Luxury Goods and Heng Fa Inc. at their place of business at 265 Canal Street, Booths 2 & 3, New York, NY. Pursuant to the Order, the following items were seized:

    (a)    27 handbags bearing the CHLOÉ Marks;
    (b)    29 handbags bearing the JIMMY CHOO Marks;
    (c)    6 wallets bearing the CHLOÉ Marks;
    (d)    3 dustcovers bearing the CHLOÉ Marks;
    (e)    5 dustcovers bearing the JIMMY CHOO Marks;
    (f)    one bag of business and financial documents; and

       (g)    one Dell laptop.

25.    On July 24, 2007, the Order was served on the financial institution BOA. Pursuant to the Order, on July 24, 2007, BOA restrained funds in the name of Heng Fa Enterprises in the amount of $100.

26.    On July 20, 2007, the Order was executed upon Lin Lin Nan a/k/a Corina Doe a/k/a Qimiao Hu a/k/a Qi Miao Hu at her place of business at 265 Canal Street, Booth 16, New York, NY. Pursuant to the Order, the following items were seized:

       (a)    15 handbags bearing the CHLOÉ Marks; and
       (b)    5 handbags bearing the JIMMY CHOO Marks.

27.    On July 20, 2007, the Order was executed at 265 Canal Street, Booth #5, New York, NY. Pursuant to the Order, 3 handbags bearing the JIMMY CHOO Marks were seized.

28.    On July 20, 2007, the Order was executed at 265 Canal Street, Booth #4, New York, NY. Pursuant to the Order, the following items were seized:

       (a)    16 handbags bearing the CHLOÉ Marks;
       (b)    16 handbags bearing the JIMMY CHOO Marks; and
       (c)    one bag of business and financial documents.

29.    On July 20, 2007, the Order was served on the financial institution Washington Mutual Bank. Pursuant to the Order, on July 20, 2007, Washington Mutual Bank restrained funds in the name of Paciano A. Ramirez in the amount of $175.

30.    On July 20, 2007, the Order was executed upon Xianxn Cai and Joey's Gift Shop at their place of business at 265 Canal Street, Booth 9A, New York, NY. Pursuant to the Order, the following items were seized:

       (a)    152 handbags constituting a means of making counterfeit Chloé handbags;
       (b)    various leather strips bearing the CHLOÉ Marks; and

(c)     one bag of business and financial documents.

31.    On July 24, 2007, the Order was executed upon Enyi Huang and Shen Xing Gift Chop at their place of business at 248B Canal Street, New York, NY. Pursuant to the Order, the following items were seized:

(a)     10 handbags bearing the CHLOÉ Marks;
(b)     25 handbags bearing the JIMMY CHOO Marks;
(c)     21 handbags constituting a means of making counterfeit Chloé handbags;
(d)     6 handbags constituting a means of making counterfeit Jimmy Choo handbags;
(e)     one bag of business and financial documents; and
(f)     1 bag of metal nameplates bearing the JIMMY CHOO Marks.

32.    On July 24, 2007, the Order was served on the financial institution HSBC. Pursuant to the Order, on July 24, 2007, HSBC restrained funds in the name of Defendant Shen Xing Gift Chop in the amount of $744.

33.    On July 24, 2007, the Order was executed upon Newcome Trading d/b/a TOSCA at its place of business at 125 W. 30th Street, New York, NY. Pursuant to the Order, the following items were seized:

(a)     106 handbags constituting a means of making counterfeit Chloé handbags;
(b)     1 handbag constituting a means of making a counterfeit Jimmy Choo handbag; and
(c)     five boxes of business and financial documents.

34.    On July 24, 2007, the Order was served on financial institution Woori America Bank. Pursuant to the Order, on July 24, 2007, Woori America Bank restrained funds in the name of Defendant Newcome Trading d/b/a TOSCA in the amount of $23,275. Woori America Bank confirmed on August 1, 2007 that this balance had increased to $30,448.

35.    On July 24, 2007, the Order was served on financial institution BNB Bank. Pursuant to the Order, on July 24, 2007, BNB Bank restrained funds in the name of Newcome Trading d/b/a TOSCA in the amount of $15,118.

36.    On July 24, 2007, the Order was served on financial institution Nara Bank. Despite such service, Nara Bank refused to restrain any funds in the name of New Wealth Trading d/b/a TOSCA USA, notwithstanding that they were advised of evidence discovered at the premises of Defendant Newcome Trading d/b/a TOSCA that New Wealth Trading d/b/a TOSCA USA was a related entity and/or supplier to Newcome Trading d/b/a TOSCA.

37.    On July 25, 2007, the Order was executed upon Howard Express Shipping at its place of business at 33 Howard Street, New York, NY.  Pursuant to the Order, the following items were seized:

(a)    11 handbags bearing the CHLOÉ Marks;
(b)    1 wallet bearing the CHLOÉ Marks; and
(c)    two boxes of business and financial documents.

38.    On July 25, 2007, the Order was served on financial institution HSBC. Pursuant to the Order, on July 25, 2007, HSBC restrained funds in the name of Defendant Howard Express Shipping in the amount of $190.

39.    On July 25, 2007, the Order was served on financial institution BOA. Pursuant to the Order, on July 25, 2007, BOA restrained funds in the name of Defendant Howard Express Shipping in the amount of $618.

40.    On July 25, 2007, the Order was served on financial institution JP Morgan Chase.  Pursuant to the Order, on July 25, 2007, JP Morgan Chase restrained funds in the name of Defendant Howard Express Shipping in the amount of $4.

41.    On July 25, 2007, the Order was executed upon Quick Global Shipping, Inc. at its place of business at 25 Howard Street, New York, NY.  At this location, Plaintiffs' representatives discovered ten storage rooms which were opened by Defendant Song Gao, a proprietor of Defendant Quick Global Shipping, Inc.  Documents reviewed at the premises revealed that co-owners of Quick Global Shipping, Inc. are Song Gao and Lisa Wu.  The storage rooms in use held counterfeit handbags which were seized as described herein.  Inventory lists were left in each storage room from which items were seized.  Pursuant to the Order, the following items were seized from the entire premises of 25 Howard Street, New York, NY:

(a)    9 handbags bearing the CHLOÉ Marks;
(b)    15 handbags bearing the JIMMY CHOO Marks;
(c)    135 handbags constituting a means for making counterfeit Chloé handbags;
(d)    8 handbags constituting a means for making counterfeit Jimmy Choo handbags; and
(e)    six boxes of business and financial documents.

42.    On July 25, 2007, the Order was served on financial institution China Trust Bank.  Pursuant to the Order, on July 25, 2007, China Trust Bank restrained funds in the name of Defendant Quick Global Shipping, Inc. in the amount of $1726.  China Trust Bank also restrained funds in the amount of $322,247 in the name of Defendant Lisa Wu.  Subsequently, at the request of counsel for Defendant Lisa Wu, $100,000 of her funds have been released.

43.    The seized goods and other materials (excluding computers which were returned to the relevant Defendants) described in Paragraphs 2-41 above are presently being stored at the facilities of Corporate Loss Prevention Associates, having an office address of 2635 Petit Avenue, Bellmore, NY 11710.  Copies of certain of those

documents described in Paragraphs 2-41 above are presently being stored at Greenberg Traurig's New York office, located at 200 Park Avenue, New York, NY 10166. Working copies will be stored at George Arnold & Associates, located at 1161 East Marion Street, Suite 2, Shelby, North Carolina 28150.

44.     On July 26, 2007, based upon evidence seized at Newcome Trading as described in Paragraph 33, the Order was executed upon New Wealth Trading d/b/a TOSCA USA at its place of business at 3801 Broadway Place, Los Angeles, CA. Pursuant to the Order, the following items were seized:

       (a)    608 handbags constituting a means of making counterfeit Chloé handbags; and

       (b)    one box of business and financial documents.

45.     On July 26, 2007, the Order was executed upon New Wealth Trading d/b/a TOSCA USA at its place of business at 1116 South Main Street, Los Angeles, CA. Pursuant to the Order, the following items were seized:

       (a)    238 handbags constituting a means for making counterfeit Chloé Handbags;

       (b)    two boxes of business and financial documents; and

       (c)    one computer.

46.     On July 26, 2007, the Order was served on financial institution Center Bank. Pursuant to the Order, on July 26, 2007, Center Bank restrained funds in the name of Defendant Tosca in the amount of $61,354. On July 31, 2007, Center Bank informed Plaintiffs' counsel of an error in its restraint, and that the actual amount restrained in the name of Defendant Tosca is $15,908.

47.     On July 26, 2007, the Order was again served on financial institution Nara Bank. Despite such service, Nara Bank again refused to restrain any funds in the name of Defendant New Wealth Trading d/b/a TOSCA USA.

48.    The seized goods and other materials described in Paragraphs 44-45 above are presently being stored at the facilities of IPEC, Inc. which has offices at 556 S. Fair Oaks Avenue, Suite 305, Pasadena, CA 91105.  Copies of certain of those documents are presently being stored at Greenberg Traurig's New York office, located at 200 Park Avenue, New York, NY 10166.  Working copies will be stored at Greenberg Traurig's Los Angeles office, located at 2450 Colorado Avenue, Suite 400E, Santa Monica, California 90404 and at George Arnold & Associates, located at 1161 East Marion Street, Suite 2, Shelby, North Carolina 28150.

49.    In order to verify that no property was damaged or destroyed during the execution of the Order, Plaintiffs' investigators photographed the all premises described herein both prior to and following execution of the Order.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 2, 2007 at New York, NY.


Julie Bookbinder

# Exhibit A



COURTESY COPY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

CHLOÉ, S.A.S., J. CHOO LIMITED          Civil Action No.: 07 - 6491

    Plaintiffs,

  - against -          [FILED UNDER SEAL
      PURSUANT TO 15 U.S.C. § 1116]

KEN CHEN a/k/a SHU CHEN a/k/a XIANG
CHEN, DANIEL DOE, GODDESS          [PROPOSED] TEMPORARY
TRADING d/b/a          RESTRAINING ORDER, SEIZURE
GODDESSTRADING@HOTMAIL.COM,          ORDER, ORDER RESTRAINING THE
LUXUNG GOODS, LUXURY GOODS,          TRANSFER OF ASSETS, ORDER FOR
TERRY DOE d/b/a          EXPEDITED DISCOVERY, AND ORDER
AZNTERRY911@HOTMAIL.COM, JASON          TO SHOW CAUSE FOR PRELIMINARY
DOE d/b/a JARRY326@YAHOO.COM.CN,          INJUNCTION
FASHION HANDBAGS, BENNY DOE,
JEANCARLO DOE, JOSEPH a/k/a JOSE
DOE, SISI a/k/a CECI DOE, TOP LUXURY
HANDBAGS d/b/a
LUXURYHANDBAGS277@YAHOO.COM,
FRANCISCO DOE, BEN DOE, CARLOS
DOE, INSTYLE LUXURY HANDBAGS,
CORINA DOE a/k/a QIMIAO HU a/k/a QI
MIAO HU, KENNY DOE a/k/a YE GUO
a/k/a GUO Q YE, NEWCOME TRADING
d/b/a TOSCA, QUICK GLOBAL SHIPPING,
HOWARD EXPRESS SHIPPING, RANDY
DOE, and various JOHN and JANE DOES 1-
10 and XYZ COMPANIES
(UNIDENTIFIED),

    Defendants.

-------------------------------------------------------x

    Plaintiffs CHLOÉ, S.A.S. and J. CHOO LIMITED, ("Plaintiffs"), having moved *ex parte*

against Defendants KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN, DANIEL DOE,

GODDESS TRADING d/b/a GODDESSTRADING@HOTMAIL.COM, LUXUNG GOODS,

LUXURY GOODS, TERRY DOE d/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE

d/b/a JARRY326@YAHOO.COM.CN, FASHION HANDBAGS, BENNY DOE, JEANCARLO

DOE, JOSEPH a/k/a JOSE DOE, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a

LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE, INSTYLE LUXURY HANDBAGS, CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU, KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA, QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, and various unidentified John and Jane Doe Defendants and/or unidentified XYZ Companies (collectively, the "Defendants") for a Temporary Restraining Order, Seizure Order, Order Restraining the Transfer of Assets, Order for Expedited Discovery, and Order to Show Cause for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. §1051, *et seq.*), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or designs as set forth in Plaintiffs' Complaint in this action (collectively, "Plaintiffs' Trademarks"), which are owned and controlled exclusively by Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, finds:

1.    Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of Plaintiffs' Trademarks in connection with the manufacture, export, import, distribution, marketing, advertising, offer for sale and/or sale of counterfeit high end branded luxury products bearing the Plaintiffs' Trademarks, including without limitation handbags (the "Counterfeit Products");

2.    The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and

irreparable injury to Plaintiffs if seizure of the Counterfeit Products and the records pertaining thereto is not ordered;

      3.     The Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make the Counterfeit Products and business records relating thereto, including but not limited to electronically stored information in native or other reasonably usable format, inaccessible to the Court if Plaintiffs proceeded on notice to Defendants, thus frustrating the ultimate relief Plaintiffs seek in this action;

      4.     The harm to Plaintiffs from denial of the requested *ex parte* seizure order outweighs the harm to Defendants' legitimate interests against granting such an order;

      5.     Plaintiffs have represented they have not publicized the requested seizure order;

      6.     Plaintiffs have provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

      7.     Plaintiffs have demonstrated the location(s) at which Defendants are offering for sale and/or selling the Counterfeit Products and are likely to be holding the business records relating thereto;

      8.     Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, destruction of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages; and

      9.     Plaintiffs have demonstrated that Defendants may take action to transfer their assets and thus avoid an accounting of Defendants' profits from their unlawful activities.

THEREFORE, IT IS HEREBY ORDERED that Defendants, including KEN CHEN a/k/a

SHU CHEN a/k/a XIANG CHEN, DANIEL DOE, GODDESS TRADING d/b/a

GODDESSTRADING@HOTMAIL.COM, LUXUNG GOODS, LUXURY GOODS, TERRY

DOE d/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE d/b/a

JARRY326@YAHOO.COM.CN, FASHION HANDBAGS, BENNY DOE, JEANCARLO

DOE, JOSEPH a/k/a JOSE DOE, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a

LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE,

INSTYLE LUXURY HANDBAGS, CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU,

KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA,

QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, and various

JOHN and JANE DOES 1-10 and XYZ COMPANIES (UNIDENTIFIED), appear to show cause

on the _3rd_ day of ~~July,~~ August 2007 at _10:00_ a.m./~~p.m.~~, in Courtroom _11 D_, in the United States

District Court for the Southern District of New York, _500 Pearl Street, New York, NY 10007_ why an Order pursuant to Federal Rule of

Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Plaintiffs a

preliminary injunction as follows:

    1.    Restraining and enjoining Defendants, their officers, agents, servants, employees,

attorneys, confederates, and all persons acting for, with, by, through or under them, during the

pendency of this action, from:

        a)    Using in any manner Plaintiffs' Trademarks and/or using any

reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks,

alone or in combination with any word or words that so resemble each said

trademark as to be likely to cause confusion, deception, or mistake on or in

connection with the manufacturing, importing, exporting, distributing,

advertising, offering for sale, or sale of any product not the genuine product of



Plaintiffs, or not authorized by Plaintiffs to be sold in connection with the Plaintiffs' Trademarks;

b)    Passing off, inducing, or enabling others to sell or pass off any handbags, apparel, fashion accessories, or other products as and for genuine products of Plaintiffs, not Plaintiffs', or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the Plaintiffs' Trademarks;

c)    Committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

d)    Further diluting and infringing all Plaintiffs' Trademarks and damaging Plaintiffs' goodwill;

e)    Shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' Trademarks;

f)    Otherwise competing unfairly with Plaintiffs in any manner; and

g)    Assisting any other party in committing the acts described above in Paragraph 1(a)-(f).

2.    Impounding, during the pendency of this action, any and all Counterfeit Products, including handbags or other items, including without limitation, leather, buckles, clasps, locks, keys, handles, zippers, labels, patches, printing devices, advertising, packaging, and other materials and merchandise seized pursuant to the provisions of this Order.

3.    Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

Y 238419078

5

IT APPEARING to the Court that Defendants are manufacturing, exporting importing, distributing, marketing, advertising, offering for sale and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants, including KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN, DANIEL DOE, GODDESS TRADING d/b/a GODDESSTRADING@HOTMAIL.COM, LUXUNG GOODS, LUXURY GOODS, TERRY DOE d/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE d/b/a JARRY326@YAHOO.COM.CN, FASHION HANDBAGS, BENNY DOE, JEANCARLO DOE, JOSEPH a/k/a JOSE DOE, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE, INSTYLE LUXURY HANDBAGS, CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU, KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA, QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, and various JOHN and JANE DOES 1-10 and XYZ COMPANIES (UNIDENTIFIED), their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

      (a)    committing any of the acts set forth in subparagraph (1)(a)-(g) above;

      (b)    moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing the Plaintiffs' Trademarks or any reproduction, counterfeit, copy or colorable imitation thereof;

Y 238419078

6

(c)      removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents, including passwords connected with computer hardware, software, or websites and including but not limited to electronically stored information in native or other reasonably usable format, relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing the Plaintiffs' Trademarks or any reproduction, counterfeit, copy or colorable imitation thereof; and

IT IS FURTHER ORDERED, that the United States Marshal for this District or the District in which Defendants are located, as applicable, or any federal, state, county or local law enforcement officers, together with one or more attorneys or agents of Plaintiffs, is hereby authorized and directed to seize and impound from all locations within this District and any other Districts where the Counterfeit Products are sold, offered for sale, distributed, transported, manufactured and/or stored including, but not limited to, the following locations at which Defendants are doing business:

> 277 Canal Street, New York, NY 10013
> 265 Canal Street, New York, NY 10013
>      (a mini-mall with another entrance at 21 Howard St.)
> 28 Forsyth Street, #1C & 13, New York, NY, 10002
> 89 Crosby Street, New York, NY 10012
> 420 Broadway, New York, NY 10013
> 401 Broadway, New York, NY 10013
> 129 Grand Street, New York, NY 10013
> 25 Howard Street, New York, NY 10013
> 33 Howard Street, New York, NY 10013
> 248B Canal Street, New York, NY 10013
> 125 W. 30th Street, New York, NY 10001

and deliver to Plaintiffs or their representatives any and all unauthorized and unlicensed merchandise bearing the Plaintiffs' Trademarks, as well as the means for making same; the books and records relating thereto, including, but not limited to, electronically stored information, records and data contained in electronic format on computers, hard drives, zip

drives and/or disks, and the computers, hard drives, zip drives and/or disks containing such records and data in native format or other reasonably usable format; as well as any passwords related thereto; as well as the containers or vehicles in which any of the foregoing items are maintained, held, or transported; and

IT IS FURTHER ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter the premises owned, leased or controlled by Defendants or the location to be searched where the Counterfeit Products or labels and business records relating thereto may be found, and together with counsel for Plaintiffs, inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents located on the identified locations or other premises controlled by Defendants; and

IT IS FURTHER ORDERED, that Plaintiffs' agents shall promptly inspect all items seized and, if any items are found to be authorized products, such items are to be returned to Defendants within ten (10) business days after the date this Order is executed; and

IT IS FURTHER ORDERED, that the search and seizure ordered herein may be photographed or videotaped by the representatives of Plaintiffs for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure; and

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date *August 3, 2007,* for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and

Y 238419078

8

IT IS FURTHER ORDERED, that any merchandise or means of making such merchandise or records and other items seized shall be appropriately tagged to permit identification; Defendants shall be given a receipt thereof; such merchandise, records or other items seized shall be impounded in the custody or control of Plaintiffs or Plaintiffs' agents as substitute custodian pending further order of this Court and shall be made available for inventory or inspection by the party from which it was seized or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to Plaintiffs' counsel, Defendants and Defendants' attorneys of record, who shall all be permitted to inspect and copy such records, and such records shall be copied and the copies returned to Defendants within five (5) business days of the date this Order is executed.  This protective order, restricting access to such documents, shall expire on the date set forth above for the hearing on the Order to Show Cause, unless

*August 3, 2007,* [handwritten insertion]

extended by Court order, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons or entities in active concert or participation with them and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of the Defendants

Y 238419078                          9

without prior approval of the Court, except as to a defendant that files with the Court and serves upon Plaintiffs' counsel:

1.  an accounting of the defendant's assets having a value of five thousand dollars ($5,000) or more, and the location and identity thereof; and

2.  uncontradicted documentary proof accepted by Plaintiffs (such acceptance not to be unreasonably withheld), that particular assets are not proceeds of the defendant's counterfeiting activities or can be deemed substituted assets for the proceeds of the defendant's counterfeiting activities, in which case those particular assets shall be released to the defendant; and

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, the Defendants may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of the Defendants' assets upon an evidentiary showing by the Defendants of a full accounting of their assets having a value of five thousand dollars ($5,000) or more, and that such modifications are necessary and that the Defendants have no other means to pay the expenses detailed below:

1.  allowing payments for ordinary living expenses not to exceed two thousand dollars ($2,000) per month, with an accounting of such payments to be filed with the Court and provided to Plaintiffs within ten (10) days following the end of each month;

2.  allowing the Defendants to pay ordinary, legitimate business expenses as follows:

    a.  rent or mortgage in the amount normally paid as required in any lease or loan on any premises by the Defendants upon presentation



of said lease or loan document to Plaintiffs' counsel and verification thereof;

    b.    ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of the Defendants as of the date of this Order, and such salaries do not exceed the prior month's level and further provided that the Defendants shall first present to Plaintiffs' counsel written documentation identifying and verifying the individuals proposed to be paid and the particulars of the salaries proposed therefor;

    c.    ordinary and necessary bills for utilities;

    d.    payments of any amounts less than two thousand dollars ($2,000), not to exceed an aggregate of more than five thousand dollars ($5,000) per month, for ordinary business expenses, which transfers shall be documented and this documentation provided to Plaintiffs' counsel within ten (10) days following the end of each month;

3.    Defendants shall provide Plaintiffs' counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month; and

IT IS FURTHER ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ~~ten~~ *fifty* thousand dollars ~~($10,000.00)~~ *($50,000.00)* as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure, or restraint hereunder; and

IT IS FURTHER ORDERED, that sufficient cause having been shown, the above seizure shall take place and service of this Order together with the Summons and Complaint, shall be made on only Defendants personally, or by delivery to an adult of suitable age, at only Defendants' place of business or residence or where only Defendants are selling or holding for sale the items to be seized and the records related thereto, and that such service shall be made and such seizure shall take place *by July 26, 2007* ~~within fourteen (14) days from the date of this Order~~, except as to John Doe, Jane Doe or XYZ Corporation Defendants who may be later identified, or at such time as may be extended by this Court; and

IT IS FURTHER ORDERED, that this Order, Summons and Complaint, and supporting papers may be served on any Defendant in redacted form to the extent of redacting identities of co-defendants, however on request to Plaintiffs' counsel by the Defendant served or such Defendant's counsel, a full set of un-redacted papers shall be served within two (2) business days; and

IT IS FURTHER ORDERED, that Plaintiffs' counsel file with the court *by August 2, 2007 at 5:00 p.* ~~within ten (10) business days after the seizure is executed~~ an affidavit or declaration stating the date on which the seizure was executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and

IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies

12

thereof to the offices of Greenberg Traurig LLP, 200 Park Avenue, 34th Floor, New York, New

York 10166, Attention: Scott Gelin, Esq., by 5:00 pm on ~~July~~ _1_ , 2007 with any reply by

Plaintiffs to be filed and served ~~at the hearing~~, and

IT IS FURTHER ORDERED, that discovery herein may begin immediately and

Plaintiffs be permitted, immediately after service of the Court's order, to inspect ... ...

Defendants' records of the purchase, manufacture, importation, exportation, distribution,

advertising, marketing, offer for sale and sale of Counterfeit Products, as well as serve ... ...

requests pursuant to Fed. R. Civ. P. 33 and 34, to be answered within two business ... ...

service, and thereafter, to take depositions of the persons responsible for Defendants' licensing;

and

IT IS FINALLY ORDERED, that this action shall remain sealed by the Court until the

date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall

remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein

~~shall~~ result in confirmation of the seizure authorized herein, destruction or other disposition of

the goods seized, if any, immediate issuance of the requested preliminary injunction to take

effect immediately upon expiration or dissolution of the within temporary restraining order, and

~~shall~~ otherwise extend for the pendency of this litigation relief upon the same terms and

conditions as comprise this temporary restraining order.  Defendants are hereby given further

notice they ~~shall~~ be deemed to have actual notice of the issuance and terms of such preliminary

injunction and any act by them or any one of them in violation of any of the terms thereof may

be considered and prosecuted as contempt of this Court.

_When issue is joined, Plaintiffs and_
_Defendants shall meet and confer_
_(with counsel) to endeavor in good_
_faith to resolve all issues._

SO ORDERED;

WILLIAM H. PAULEY III U.S.D.J.

7/19/07 at 4.00 pm

Y 238419078

13