USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/07

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CHLOÉ, S.A.S., J. CHOO LIMITED

                Plaintiffs,

- against -

KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN, DANIEL DOE, GODDESS TRADING d/b/a GODDESSTRADING@HOTMAIL.COM, LUXUNG GOODS, LUXURY GOODS, TERRY DOE d/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE d/b/a JARRY326@YAHOO.COM.CN, FASHION HANDBAGS, BENNY DOE, JEANCARLO DOE, JOSEPH a/k/a JOSE DOE, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE, INSTYLE LUXURY HANDBAGS, CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU, KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA, QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, and various JOHN and JANE DOES 1-10 and XYZ COMPANIES (UNIDENTIFIED),

                Defendants.

Civil Action No.: 07 cv 6491 (WHP)

PRELIMINARY INJUNCTION AS TO CARLOS RENE TSE SIO, JOSE CHONG WEN, FU ALEJANDRO CHANG, AND CATSE INC. AND [PROPOSED] ORDER THEREON

------------------------------------------------------------X

Plaintiffs CHLOÉ, S.A.S. and J. CHOO LIMITED ("Plaintiffs") having moved *ex parte* against Ken Chen a/k/a Shu Chen a/k/a Xiang Chen, Daniel Doe, Goddess Trading d/b/a goddesstrading@hotmail.com, Luxung Goods, Luxury Goods, Terry Doe d/b/a aznterry911@hotmail.com, Jason Doe d/b/a jarry326@yahoo.com.cn, Fashion Handbags, Benny Doe, JeanCarlo Doe, Joseph a/k/a Jose Doe, Sisi a/k/a Ceci Doe, Top Luxury

NY 238501246

Handbags d/b/a luxuryhandbags277@yahoo.com, Francisco Doe, Ben Doe, Carlos Doe, Instyle Luxury Handbags, Corina Doe a/k/a Qimiao Hu a/k/a Qi Miao Hu, Kenny Doe a/k/a Ye Guo a/k/a Guo Q Ye, Newcome Trading d/b/a TOSCA, Quick Global Shipping, Howard Express Shipping, Randy Doe, and various unidentified XYZ corporations and/or unidentified John and Jane Doe Defendants (collectively, "Defendants"), for a Temporary Restraining Order, Seizure Order, Order Restraining the Transfer of Assets, Order Sealing the File, Order for Expedited Discovery and Order to Show Cause for Preliminary Injunction (the "Order") pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051 et seq.), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"); and

The Court, having issued such Order on July 19, 2007 granting Plaintiffs' *ex parte* application for the reason that Plaintiffs succeeded in showing that they are likely to prove that Defendants are manufacturing, importing, exporting, marketing, advertising, distributing, offering for sale and/or selling goods ("Counterfeit Products") bearing counterfeit reproductions of Plaintiffs' federally registered trademarks and trade names as defined in Plaintiffs' Complaint (collectively, "Plaintiffs' Trademarks"); and Plaintiffs having served and executed the Order and related papers in this action as against Defendants; and,

The Court having continued such Order on August 3, 2007; and

Plaintiffs, having served Defendants Carlos Rene Tse Sio, Jose Chong Wen, Fu Alejandro Chang, and Catse Inc. ("Enjoined Defendants"); and the Court, having reviewed the Complaint, Memorandum of Law, Reply Memorandum of Law, supporting

Declarations and exhibits submitted therewith; and Enjoined Defendants having not appeared for the hearing:

IT IS HEREBY ORDERED that the Enjoined Defendants, their agents, servants, attorneys, confederates, and any other persons acting for, with, by, through, under, or in active concert or participation with them, are preliminarily enjoined and restrained from:

    a) Using in any manner Plaintiffs' Trademarks and/or using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks, alone or in combination with any word or words that so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the manufacturing, importing, exporting, distributing, advertising, offering for sale, or sale of any product not the genuine product of Plaintiffs, or not authorized by Plaintiffs to be sold in connection with the Plaintiffs' Trademarks;

    b) Passing off, inducing, enabling or providing the means for others to sell or pass off any handbags, apparel, fashion accessories, or other products as and for genuine products of Plaintiffs, not Plaintiffs', or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the Plaintiffs' Trademarks;

    c) Committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

    d) Diluting and infringing all Plaintiffs' Trademarks and damaging Plaintiffs' goodwill;

    e) Shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for

Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' Trademarks;

f)  Otherwise competing unfairly with Plaintiffs in any manner; and

g)  Assisting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

IT IS FURTHER ORDERED that Plaintiffs may continue to retain in its possession the handbags and other items seized from the Enjoined Defendants or otherwise provided by Enjoined Defendants to Plaintiffs, and that Enjoined Defendants shall provide to Plaintiffs forthwith any additional handbags or other items bearing Plaintiffs' Trademarks or means for making the same which may hereafter come into Stipulating Defendants' possession;

IT IS FURTHER ORDERED that the asset restraint contained in the Order shall remain in place (the "Restricted Accounts"), and that Enjoined Defendants and their servants and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from transferring, accepting, disposing of, or secreting any money, stocks or other assets residing in the Restricted Accounts; and

IT IS FURTHER ORDERED that Plaintiffs may continue to obtain discovery from Enjoined Defendants on an expedited basis until the parties hold the Rule 26 Conference in this case; and

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until disposition of this action~~, and~~

~~IT IS FINALLY ORDERED that the bond posted by Plaintiffs is hereby released.~~

**SO ORDERED**

Dated: 8/10/2007

By: /s/ William H. Pauley III
UNITED STATES DISTRICT JUDGE