USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/17/07

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X

CHLOÉ, S.A.S., J. CHOO LIMITED  :     Civil Action No.: 07 cv 6491 (WHP)

                Plaintiffs,  :

      - against -  :

KEN CHEN a/k/a SHU CHEN a/k/a XIANG  :
CHEN, DANIEL DOE, GODDESS  :     **PRELIMINARY INJUNCTION AS TO**
TRADING d/b/a  :     **DEFENDANTS QUICK GLOBAL**
GODDESSTRADING@HOTMAIL.COM,  :     **SHIPPING, INC., SONG GAO, LISA WU,**
LUXUNG GOODS, LUXURY GOODS,  :     **JAE MAN YOO, AND PSK AMERICA,**
TERRY DOE d/b/a  :     **INC., AND [PROPOSED] ORDER**
AZNTERRY911@HOTMAIL.COM, JASON  :     **THEREON**
DOE d/b/a JARRY326@YAHOO.COM.CN,  :
FASHION HANDBAGS, BENNY DOE,  :
JEANCARLO DOE, JOSEPH a/k/a JOSE  :
DOE, SISI a/k/a CECI DOE, TOP LUXURY  :
HANDBAGS d/b/a  :
LUXURYHANDBAGS277@YAHOO.COM,  :
FRANCISCO DOE, BEN DOE, CARLOS  :
DOE, INSTYLE LUXURY HANDBAGS,  :
CORINA DOE a/k/a QIMIAO HU a/k/a QI  :
MIAO HU, KENNY DOE a/k/a YE GUO  :
a/k/a GUO Q YE, NEWCOME TRADING  :
d/b/a TOSCA, QUICK GLOBAL SHIPPING,  :
HOWARD EXPRESS SHIPPING, RANDY  :
DOE, and various JOHN and JANE DOES 1-  :
10 and XYZ COMPANIES  :
(UNIDENTIFIED),  :

              Defendants.  :

  :

---------------------------------------------------X

      Plaintiffs CHLOÉ, S.A.S. and J. CHOO LIMITED ("Plaintiffs") having moved *ex*

*parte* against Ken Chen a/k/a Shu Chen a/k/a Xiang Chen, Daniel Doe, Goddess Trading

d/b/a goddesstrading@hotmail.com, Luxung Goods, Luxury Goods, Terry Doe d/b/a

aznterry911@hotmail.com, Jason Doe d/b/a jarry326@yahoo.com.cn, Fashion Handbags,

Benny Doe, JeanCarlo Doe, Joseph a/k/a Jose Doe, Sisi a/k/a Ceci Doe, Top Luxury

Handbags d/b/a luxuryhandbags277@yahoo.com, Francisco Doe, Ben Doe, Carlos Doe,

Instyle Luxury Handbags, Corina Doe a/k/a Qimiao Hu a/k/a Qi Miao Hu, Kenny Doe

a/k/a Ye Guo a/k/a Guo Q Ye, Newcome Trading d/b/a TOSCA, Quick Global Shipping,

Howard Express Shipping, Randy Doe, and various unidentified XYZ corporations

and/or unidentified John and Jane Doe Defendants (collectively, "Defendants"), for a

Temporary Restraining Order, Seizure Order, Order Restraining the Transfer of Assets,

Order Sealing the File, Order for Expedited Discovery and Order to Show Cause for

Preliminary Injunction (the "Order") pursuant to Federal Rule of Civil Procedure 65 and

the Lanham Act (15 U.S.C. § 1051 et seq.), as amended by the Trademark Counterfeiting

Act of 1984, Public Law 98-473 (the "Lanham Act"); and

The Court, having issued such Order on July 19, 2007 granting Plaintiffs' *ex parte*

application for the reason that Plaintiffs succeeded in showing that they are likely to

prove that Defendants are manufacturing, importing, exporting, marketing, advertising,

distributing, offering for sale and/or selling goods ("Counterfeit Products") bearing

counterfeit reproductions of Plaintiffs' federally registered trademarks and trade names as

defined in Plaintiffs' Complaint (collectively, "Plaintiffs' Trademarks"); and

Plaintiffs having served and executed the Order and related papers in this action as

against Defendants; and,

The Court, having extended such Order on August 3, 2007 and August 10, 2007;

and

Plaintiffs, having served Defendants Quick Global Shipping, Inc., Song Gao, Lisa

Wu, Jae Man Yoo, and PSK America, Inc. ("Represented Defendants"); and the Court,

having reviewed the Complaint, Memoranda of Law, Reply Memoranda of Law,

supporting Declarations and exhibits submitted therewith, as well as Represented

Defendants' opposition papers, and having heard oral argument *on August 3 and August 10, 2007* *and Defendants having made* *no further submissions to this*

IT IS HEREBY ORDERED that the Represented Defendants, their agents, *Court,* *WPH*

servants, attorneys, confederates, and any other persons acting for, with, by, through,

under, or in active concert or participation with them, are preliminarily enjoined and

restrained from:

a)   Using in any manner Plaintiffs' Trademarks and/or using any

reproduction, counterfeit, copy or colorable imitation of Plaintiffs'

Trademarks, alone or in combination with any word or words that so

resemble each said trademark as to be likely to cause confusion,

deception, or mistake on or in connection with the manufacturing,

importing, exporting, distributing, advertising, offering for sale, or sale of

any product not the genuine product of Plaintiffs, or not authorized by

Plaintiffs to be sold in connection with the Plaintiffs' Trademarks;

b)   Passing off, inducing, enabling or providing the means for others

to sell or pass off any handbags, apparel, fashion accessories, or other

products as and for genuine products of Plaintiffs, not Plaintiffs', or not

produced under the control and supervision of Plaintiffs and approved by

Plaintiffs for sale under the Plaintiffs' Trademarks;

c)   Committing any acts calculated to cause purchasers to believe that

Defendants' products are those sold under the control and supervision of

Plaintiffs, or sponsored or approved by, or connected with, or guaranteed

by, or produced under the control and supervision of Plaintiffs;

d)   Diluting and infringing all Plaintiffs' Trademarks and damaging

Plaintiffs' goodwill;

e)   Shipping, delivering, distributing, returning or otherwise disposing

of, in any manner, products or inventory not manufactured by or for

Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' Trademarks;

f)    Otherwise competing unfairly with Plaintiffs in any manner; and

g)    Assisting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

IT IS FURTHER ORDERED that Plaintiffs may continue to retain in its possession the handbags and other items seized from the Represented Defendants or otherwise provided by Represented Defendants to Plaintiffs, and that Represented Defendants shall provide to Plaintiffs forthwith any additional handbags or other items bearing Plaintiffs' Trademarks or means for making the same which may hereafter come into Stipulating Defendants' possession;

IT IS FURTHER ORDERED that the asset restraint contained in the Order, as ~~by~~ _modified_ this Court's Order of August 10, 2007 shall remain in place (the "Restricted Accounts"), and that Represented Defendants and their servants and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from transferring, accepting, disposing of, or secreting any money, stocks or other assets residing in the Restricted Accounts; and

IT IS FURTHER ORDERED that Plaintiffs may continue to obtain discovery from Represented Defendants on an expedited basis until the parties hold the Rule 26 Conference in this case; and

NY 238501242

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until disposition of this action; and

~~IT IS FINALLY ORDERED that the bond posted by Plaintiffs is hereby released.~~

**SO ORDERED**

Dated: _August 17, 2007_      By: _[signature]_

_William H. Pauley III_

UNITED STATES DISTRICT JUDGE