**FILE COPY**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

CHLOÉ, S.A.S., J. CHOO LIMITED  :

                     Plaintiffs,  :

     - against -  :

KEN CHEN a/k/a SHU CHEN a/k/a XIANG  :
CHEN, DANIEL DOE, GODDESS
TRADING d/b/a  :
GODDESSTRADING@HOTMAIL.COM,
LUXUNG GOODS, LUXURY GOODS,  :
TERRY DOE d/b/a
AZNTERRY911@HOTMAIL.COM, JASON  :
DOE d/b/a JARRY326@YAHOO.COM.CN,
FASHION HANDBAGS, BENNY DOE a/k/a  :
YU LIN, JEANCARLO DOE, JOSEPH a/k/a
JOSE DOE a/k/a JOSE CHONG WEN, SISI  :
a/k/a CECI DOE, TOP LUXURY
HANDBAGS d/b/a  :
LUXURYHANDBAGS277@YAHOO.COM,
FRANCISCO DOE, BEN DOE, CARLOS  :
DOE a/k/a CARLOS RENE TSE SIO,
INSTYLE LUXURY HANDBAGS, LIN LIN  :
NAN a/k/a CORINA DOE a/k/a QIMIAO HU
a/k/a QI MIAO HU, KENNY DOE a/k/a YE  :
GUO a/k/a GUO Q YE, NEWCOME
TRADING d/b/a TOSCA, QUICK GLOBAL  :
SHIPPING, HOWARD EXPRESS
SHIPPING, RANDY DOE, JAE MAN YOO,  :
YAN HE XIA, WAI KIT WONG, CHEN LI
YU, CHEN X. JIANG, W. FEI ZENG,  :
CHENG CHEN, XIANXN CAI, FU
ALEJANDRO CHANG, WAI KIT LEW,  :
ENYI HUANG, YUE XU, SONG GAO,
LISA WU, JIMMY NG, TUAN PHAN, LING  :
CAI, LISA CHAN YAN FEN CHEN, P.S.K.
AMERICA, INC., HENG FA INC., CHEN
STAR GIFT SHOP, JOEY'S GIFT SHOP,
INC., CATSE CO., INC., SHEN XING GIFT
SHOP INC., NEW WEALTH TRADING,
INC. d/b/a TOSCA USA, TOSCA
HANDBAGS, NICE HANDBAGS, 265
CANAL BOOTH #16, 265 CANAL BOOTH
#5, 265 CANAL BOOTH #4, 277 CANAL
ADJACENT H-3D, 421A BROADWAY, and
various JOHN and JANE DOES and XYZ
COMPANIES (UNIDENTIFIED),

                     Defendants.

---------------------------------------------------------X

Civil Action No.: 07 cv 6491 (WHP)

**AMENDED COMPLAINT
(JURY TRIAL DEMANDED)**



RECEIVED
AUG 16 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Chloé, S.A.S. and J. Choo Limited (collectively, "Plaintiffs"), hereby file this Amended Complaint on personal knowledge as to their own activities and on information and belief as to the activities of others:

## THE PARTIES

1.      Plaintiff CHLOÉ, S.A.S. ("Chloé") is a corporation, organized and existing under the laws of France, having its principal place of business at 54-56, rue du Faubourg Saint-Honoré, Paris, France.

2.      Plaintiff J. CHOO LIMITED ("Jimmy Choo") is a corporation, organized and existing under the laws of the United Kingdom, having its principal place of business at 37 Ixworth Place, London, SW3 3QH, United Kingdom.

3.      Upon information and belief, defendant KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN ("Chen") is an individual residing at 28 Forsyth Street, Apt. 13, New York, NY 10013 and transacting business within the State of New York and throughout the United States, and having addresses and/or conducting and transacting business at 277 Canal Street H-C, New York, NY, 10013; 265 Canal Street 2-3, New York, NY 10013; 33 Howard Street, New York, NY 10013; 39 Bowery, New York, NY 10013.

4.      Upon information and belief, defendant DANIEL DOE is an individual transacting business within the State of New York and throughout the United States, and having addresses and/or conducting and transacting business at 277 Canal Street H-C, New York, NY, 10013; 265 Canal Street 2-3, New York, NY 10013; 33 Howard Street, New York, NY 10013.

5.      Upon information and belief, defendant GODDESS TRADING, INC. d/b/a goddesstrading@hotmail.com ("Goddess Trading") is a corporation organized and existing under the laws of the State of New York, transacting business within the State of New York and throughout the United States, and having addresses and/or conducting and transacting business at

28 Forsyth Street 1C, New York, NY 10013; 277 Canal Street H-C, New York, NY, 10013; 265 Canal Street 2-3, New York, NY 10013.

6.    Upon information and belief, defendant LUXUNG GOODS is an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 28 Forsyth Street 1C, New York, NY 10013; 277 Canal Street H-C, New York, NY, 10013; 265 Canal Street 2-3, New York, NY 10013.

7.    Upon information and belief, defendant LUXURY GOODS is an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 28 Forsyth Street 1C, New York, NY 10013; 277 Canal Street H-C, New York, NY, 10013; 265 Canal Street 2-3, New York, NY 10013.

8.    Upon    information    and    belief,    defendant    TERRY    DOE    d/b/a aznterry911@hotmail.com is an individual residing in and transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 28 Forsyth Street 1C, New York, NY 10013; 277 Canal Street H-C, New York, NY, 10013; 265 Canal Street 2-3, New York, NY 10013.

9.    Upon    information    and    belief,    defendant    JASON    DOE    d/b/a jarry326@yahoo.com.cn is an individual transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 420 Broadway, New York, NY 10013; 277 Canal Street, New York, NY 10013; 89 Crosby Street, New York, NY 10012; 250 Lafayette Street, New York, NY 10012.

NY 238496571

10.    Upon information and belief, FASHION HANDBAGS is an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 420 Broadway, New York, NY 10013; 277 Canal Street, New York, NY 10013; 89 Crosby Street, New York, NY 10012; 250 Lafayette Street, New York, NY 10012.

11.    Upon information and belief, defendant BENNY DOE a/k/a YU LIN is an individual transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 420 Broadway, New York, NY 10013; 277 Canal Street, New York, NY 10013; 89 Crosby Street, New York, NY 10012; 250 Lafayette Street, New York, NY 10012.

12.    Upon information and belief, defendant JEAN CARLO DOE is an individual transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 277 Canal Street 3D, New York, NY 10013; 277 Canal Street H-2 & 3, New York, NY 10013; 401 Broadway, New York, NY 10013.

13.    Upon information and belief, defendant JOSEPH a/k/a JOSE DOE a/k/a JOSE CHONG WEN is an individual residing at 443 55th Street, Apt. 3F, Brooklyn, NY 11220, transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 277 Canal Street 3D, New York, NY 10013; 277 Canal Street H-2 & 3, New York, NY 10013; 401 Broadway, New York, NY 10013.

14.    Upon information and belief, defendant SISI a/k/a CECI DOE is an individual transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 277 Canal Street 3D, New York, NY 10013; 277 Canal Street H-2 & 3, New York, NY 10013; 401 Broadway, New York, NY 10013.

4

15.    Upon information and belief, defendant TOP LUXURY HANDBAGS d/b/a luxuryhandbags277@yahoo.com is an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 277 Canal Street 3D, New York, NY 10013; 277 Canal Street H-2 & 3, New York, NY 10013; 401 Broadway, New York, NY 10013.

16.    Upon information and belief, defendant FRANCISCO DOE is an individual transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 277 Canal Street 3D, New York, NY 10013; 277 Canal Street H-2 & 3, New York, NY 10013; 401 Broadway, New York, NY 10013.

17.    Upon information and belief, defendant BEN DOE is an individual transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 277 Canal Street 3D, New York, NY 10013; 277 Canal Street H-2 & 3, New York, NY 10013; 401 Broadway, New York, NY 10013.

18.    Upon information and belief, defendant CARLOS DOE a/k/a CARLOS RENE TSE SIO is an individual residing at 11614 SE 252nd Place, Kent, WA 98030, transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 277 Canal Street 3D, New York, NY 10013; 277 Canal Street H-2 & 3, New York, NY 10013; 401 Broadway, New York, NY 10013.

19.    Upon information and belief, defendant INSTYLE LUXURY HANDBAGS is an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 277 Canal Street 3D, New York, NY 10013; 277 Canal Street H-2 & 3, New York, NY 10013; 401 Broadway, New York, NY 10013.

20.    Upon information and belief, defendant LIN LIN NAN a/k/a CORINA DOE a/k/a QIMIOA HU a/k/a QI MIAO HU d/b/a qimiaoh@hotmail.com ("Corina") is an individual residing at 5537 97th Street, Apt. 2, Corona, New York 11368, and transacting business within the State of New York and throughout the United States, and having addresses and/or conducting and transacting business at 265 Canal Street #16, New York, NY 10013; 25 Howard Street, New York, NY 10013; 21 Howard Street, New York, NY 10013; 129 Grand Street, New York, NY 10013.

21.    Upon information and belief, defendant KENNY DOE a/k/a YE GUO a/k/a GUO Q YE ("Kenny") is an individual residing at 5214 69th Street, Maspeth, New York 11378 and transacting business within the State of New York and throughout the United States, and having addresses and/or conducting and transacting business at 248B Canal Street, New York, NY 10013; 25 Howard Street, New York, NY 10013.

22.    Upon information and belief, defendant NEWCOME TRADING, INC. d/b/a TOSCA ("Newcome") is a corporation organized and existing under the laws of the State of New York, transacting business within the State of New York and throughout the United States, and having addresses and/or conducting and transacting business at 125 West 30th Street, New York, NY 10001; 25 Howard Street, New York, NY 10013.

23.    Upon information and belief, defendant HOWARD EXPRESS SHIPPING is a corporation organized and existing under the laws of the State of New York, transacting business within the State of New York and throughout the United States, and having an address of 33 Howard Street, New York, NY 10013.

24.    Upon information and belief, defendant QUICK GLOBAL SHIPPING is a corporation organized and existing under the laws of the State of New York, transacting business

6

within the State of New York and throughout the United States, and having an address of 25 Howard Street, New York, NY 10013.⁰·

25.    Upon information and belief, defendant RANDY DOE is an individual transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 421-A Broadway, New York, NY 10013.

26.    John Doe 1 has been identified as JAE MAN YOO, an individual residing at 20-38 149th, 2nd Floor, Whitestone, NY 11357 and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 420 Broadway, New York, NY 10013.

27.    Jane Doe 1 has been identified as YAN HE XIA, an individual residing at 136-33 59th Avenue, 1st Floor, Flushing, NY 11355 and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 422 Broadway, New York, NY 10013.

28.    John Doe 2 has been identified as WAI KIT WONG, an individual residing at 4102 Sheridan Road, Chicago, IL 60640 and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 89 Crosby Street, New York, NY 10012 and 250 Lafayette Street, New York, NY 10012.

29.    John Doe 3 has been identified as CHEN LI YU, an individual transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 89 Crosby Street, New York, NY 10012 and 250 Lafayette Street, New York, NY 10012.

30.    John Doe 4 has been identified as CHEN X. JIANG, an individual residing at 415 Acorn Road, Mt. Laurel, NJ 08054 and transacting business within the State of New York and

7

throughout the United States, having an address and/or conducting and transacting business at Booths 2&3, 265 Canal Street, New York, NY 10013.

31.    Jane Doe 2 has been identified as W. FEI ZENG, an individual residing at 52nd Street, 2nd Floor, Brooklyn, NY 11220 and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at Booths 2&3, 265 Canal Street, New York, NY 10013.

32.    John Doe 5 has been identified as CHENG CHEN, an individual residing at 540 Central Avenue, Unit 28, Harrison, NJ 07028-1221 and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at Booth 12, 265 Canal Street, New York, NY 10013.

33.    Jane Doe 3 has been identified as XIANXN CAI, an individual transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at Booth 9A, 265 Canal Street, New York, NY 10013.

34.    John Doe 6 has been identified as FU ALEJANDRO CHANG, an individual transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at Booth H-3D, 277 Canal Street, New York, NY 10013.

35.    John Doe 7 has been identified as WAI KIT LEW, an individual residing at 976 56th Street, Apt. 1, Brooklyn, NY 11216 and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 277 Canal Street, New York, NY 10013.

8

36.    John Doe 8 has been identified as ENYI HUANG, an individual transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 248B Canal Street, New York, NY 10013.

37.    Jane Doe 4 has been identified as YUE XU, an individual residing at 829A 46th Street, Brooklyn, NY 11220 and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 25 Howard Street, New York, NY 10013.

38.    Jane Doe 5 has been identified as SONG GAO, an individual residing at 100 Winston Drive, Apt. DS, Cliffside Park, NJ 07010 and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 25 Howard Street, New York, NY 10013.

39.    Jane Doe 6 has been identified as LISA WU, an individual and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 25 Howard Street, New York, NY 10013.

40.    John Doe 9 has been identified as JIMMY NG, an individual and transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at 421A Broadway, New York, NY 10013.

41.    John Doe 10 has been identified as TUAN PHAN, an individual transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at Booth 11, 265 Canal Street Street, New York, NY 10013.

9

42.    Jane Doe 7 has been identified as LING CAI, an individual transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at Booth 5, 265 Canal Street Street, New York, NY 10013.

43.    Jane Doe 8 has been identified as LISA CHAN, an individual transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at Booth 4, 265 Canal Street, New York, NY 10013.

44.    Jane Doe 9 has been identified as YAN FEN CHEN, an individual transacting business within the State of New York and throughout the United States, having an address and/or conducting and transacting business at Booth H-3D, 277 Canal Street, New York, NY 10013.

45.    XYZ Corporation 1 has been identified as P.S.K. AMERICA, INC., a corporation organized and existing under the laws of the State of New York, having a registered address of 146-01 Northern Boulevard, Flushing, NY 11354, transacting business within the State of New York and throughout the United States, and having an address of 420 Broadway, New York, NY 10013.

46.    XYZ Corporation 2 has been identified as HENG FA INC., an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at Booths 2&3, 265 Canal Street, New York, NY 10013.

47.    XYZ Corporation 3 has been identified as CHEN STAR GIFT SHOP, an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at Booth 12, 265 Canal Street, New York, NY 10013.

10

48.    XYZ Corporation 4 has been identified as JOEY'S GIFT SHOP, INC., a corporation organized and existing under the laws of the State of New York, having a registered address of 246A Canal Street, Left Side, New York, NY 10013, and transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at Booth 9A, 265 Canal Street, New York, NY 10013.

49.    XYZ Corporation 5 has been identified as CATSE CO., INC., a corporation organized and existing under the laws of the State of New York, having a registered address of 277 Canal Street, New York, NY 10013, and transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at Booth H-3D, 277 Canal Street, New York, NY 10013.

50.    XYZ Corporation 6 has been identified as SHEN XING GIFT SHOP INC., a corporation organized and existing under the laws of the State of New York, having a registered address of and conducting and transacting business at 248B Canal Street, New York, NY 10013, and transacting business within the State of New York and throughout the United States.

51.    XYZ Corporation 7 has been identified as NEW WEALTH TRADING, INC. D/B/A TOSCA USA, a corporation organized and existing under the laws of the State of California, having a registered address of 3801 Broadway Place, Los Angeles, CA 90037 and transacting business within the State of New York and throughout the United States, having addresses and/or conducting and transacting business at 3801 Broadway Place, Los Angeles, CA 90037 and 1116 South Main Street, Los Angeles, CA 90015.

52.    XYZ Corporation 8 has been identified as TOSCA HANDBAGS, an entity transacting business within the State of New York and throughout the United States, having

11

addresses and/or conducting and business at 3801 Broadway Place, Los Angeles, CA 90037, 1116 South Main Street, Los Angeles, CA 90015, and 125 W. 30th Street, New York, NY 10001.

53.     XYZ Corporation 9 has been identified as NICE HANDBAGS, an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and business at Booth 11, 265 Canal Street, New York, NY 10013.

54.     XYZ Corporation 10 has been identified as 265 CANAL BOOTH #16, an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and business at Booth 16, 265 Canal Street, New York, NY 10013.

55.     XYZ Corporation 11 has been identified as 265 CANAL BOOTH #5, an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and business at Booth 5, 265 Canal Street, New York, NY 10013.

56.     XYZ Corporation 12 has been identified as 265 CANAL BOOTH #4, an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and business at Booth 4, 265 Canal Street, New York, NY 10013.

57.     XYZ Corporation 13 has been identified as 277 CANAL ADJACENT H-3D, an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and business at 277 Canal Street adjacent Booth H-3D, New York, NY 10013.

58.     XYZ Corporation 14 has been identified as 421A BROADWAY, an entity transacting business within the State of New York and throughout the United States, having addresses and/or conducting and business at 421A Broadway, New York, NY 10013.

59.     Upon information and belief, defendants, including additional yet to be identified JOHN DOES and JANE DOES, are present and/or doing business in New York, and are subject

12

to the jurisdiction of this Court. The identities of the various JOHN DOE and JANE DOE defendants are not presently known and the Amended Complaint herein will be amended to include the name or names of these individuals when such information becomes available (each a "Doe" and collectively, "Does").

60.     Upon information and belief, defendants, additional XYZ COMPANIES, through their agents, servants, and employees are present and/or doing business in New York and are, or shall be, subject to the jurisdiction of this Court. The identities of such defendants are not presently known and the Amended Complaint herein will be amended to include the names of the actual defendants when such information becomes available (each a "Defendant Company" and collectively, "Defendant Companies").

61.     The parties identified in paragraphs 3 through 57 above, as well as Does and Defendant Companies are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

62.     This is an action for trademark counterfeiting, trademark infringement, trademark dilution, false designation of origin, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), and for trademark infringement, unfair competition, trademark dilution and unlawful deceptive acts and practices under the laws of the State of New York.

63.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

64.     This Court has personal jurisdiction over the defendants in that they do business and/or reside in the State of New York and in this District.

13

65.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the defendants are entities subject to personal jurisdiction in this Judicial District.

### CHLOÉ'S TRADEMARKS

66.     Chloé is one of the preeminent symbols of luxury fashion goods in the World. Since as early as 1952, Chloé has been using the Chloé Marks (as hereinafter defined) in connection with the advertising and sale of luxury products of the highest quality, including, *inter alia*, handbags, clothing, leather goods, luggage, perfumes, and eyewear (the "Chloé Products") in interstate, intrastate and foreign commerce including commerce in the State of New York and in this Judicial District.

67.     Chloé's continuous and broad use of the Chloé Marks has expanded their renown and enabled them to achieve celebrity in the luxury goods market. The Chloé Marks are highly visible as a symbol of quality and status.

68.     The Chloé Marks have been widely promoted, both in the United States and throughout the World. The public, customers, and the luxury goods industry have come to recognize that products bearing the Chloé Marks originate with Chloé. Customers, potential customers, and other members of the public associate the Chloé Marks with products of exceptional style, materials, and precision workmanship.

69.     Chloé is the owner and/or exclusive United States licensee of, *inter alia*, the entire right, title and interest in and to the following federally registered Chloé trademarks (the "Chloé Marks") copies of which are annexed hereto collectively as <u>Exhibit A</u>:

| UNITED STATES REG. NO. | MARK | REG. DATE |
|---|---|---|
| 1,020,289 | CHLOÉ | Sept. 16, 1975 |
| 1,103,275 | CHLOÉ | Oct. 3, 1978 |
| 1,182,862 | CHLOÉ | Dec. 22, 1981 |
| 1,491,810 | CHLOÉ | June 14, 1988 |

14

| 1,513,535 | CHLOÉ | Nov. 22, 1988 |
| 1,817,655 | CHLOÉ NARCISSE | Jan. 25, 1994 |
| 1,857,150 | NARCISSE CHLOÉ | Oct. 4, 1994 |
| 1,857,151 | NARCISSE CHLOÉ | Oct. 4, 1994 |
| 1,925,176 | CHLOÉ | Oct. 10, 1995 |
| 2,641,982 | SEE BY CHLOÉ | Oct. 29, 2002 |
| 2,745,487 | CHLOÉ | Aug. 5, 2003 |
| 3,198,388 | CHLOE | Jan. 16, 2007 |

70.    All of the registrations set forth in Exhibit A are valid, incontestable, subsisting, unrevoked and uncancelled.[1] The registration of these marks constitutes *prima facie* evidence of their validity and conclusive evidence of Chloé's exclusive right to use the Chloé Marks in commerce in connection with the goods named therein, and commercially related goods. The registration of the Chloé Marks also constitutes constructive notice to Defendants of Chloé's ownership and exclusive rights in the Chloé Marks.

71.    The Chloé Marks are arbitrary and highly distinctive.

72.    Chloé is also the owner of the trade name "Chloé" which has been used to identify Chloé Products in the United States.

73.    Chloé maintains strict quality control standards for all of the Chloé Products. All genuine Chloé Products are inspected and approved by Chloé prior to distribution and sale.

74.    All genuine Chloé Products are distributed through a worldwide network of authorized Chloé dealers.

75.    Chloé has manufactured, marketed and advertised its products in such a manner as to result in public association of the Chloé Products with the idea of extraordinary design, materials, workmanship and reliability. In furtherance of that goal, Chloé displays its products and the Chloé Marks displayed thereon in its advertising and promotional materials. To date,

---

[1] While U.S. Registrations 2,641,982, 2,745,487 and 3,198,388 are valid, subsisting, unrevoked and uncancelled, they have not been registered for the statutory period for a presumption that they are incontestable.

15

Chloé has spent millions of dollars in advertising and promoting Chloé Products and Chloé Marks, and has had tens of millions of dollars in sales of these products.

76.    The Chloé Marks are famous not only within the United States but throughout the World, entitling them to the greater protection afforded marks with such international distinction under both United States Law and International Treaties, such as the Paris Convention and the Trade-Related Aspects of Intellectual Property Rights (the "TRIPS Agreement"), both of which were entered into by the United States.

77.    The Chloé Products, so marked, have been and are now recognized by the trade and public as those of Chloé exclusively.

## JIMMY CHOO'S TRADEMARKS

78.    Jimmy Choo is one of the most sought-after designers of luxury goods in the World.   Since its founding in 1996, Jimmy Choo has been using the Jimmy Choo Marks (as hereinafter defined) in connection with the advertising and sale of luxury products, including, *inter alia*, handbags, footwear, and/or other fashion accessories (the "Jimmy Choo Products") in interstate, intrastate, and foreign commerce, including in commerce in the State of New York and in this Judicial District.

79.    Jimmy Choo's continuous and broad use of the Jimmy Choo Marks has expanded their renown and enabled them to achieve celebrity in the luxury goods market.   The Jimmy Choo Marks are highly visible as a symbol of quality and status.

80.    The Jimmy Choo Marks have been widely promoted, both in the United States and throughout the world.   The public, customers, and the luxury goods industry have come to recognize that products bearing the Jimmy Choo Marks originate with Jimmy Choo.   Customers,

16

potential customers, and other members of the public associate the Jimmy Choo Marks with products of exceptional style, materials, and precision workmanship.

81.    Jimmy Choo is the owner of, *inter alia*, the entire right, title and interest in and to the following federally registered Jimmy Choo trademarks (the "Jimmy Choo Marks") copies of which are annexed hereto collectively as Exhibit B:

| UNITED STATES REG. NO. | MARK | REG. DATE |
|---|---|---|
| 2641408 | JIMMY CHOO | October 29, 2002 |
| 2833725 | JIMMY CHOO | April 20, 2004 |
| 2951871 | LEGS & BEYOND | May 17, 2005 |
| 2989855 | 4 INCHES | August 30, 2005 |
| 3014869 | TULITA | November 15, 2005 |
| 3025360 | JIMMY CHOO | December 13, 2005 |
| 3059671 | DESIGN ONLY | February 14, 2006 |
| 3093446 | TAHULA | May 16, 2006 |
| 3128827 | JIMMY CHEW | August 15, 2006 |
| 3154280 | JIMMY CHOO | October 10, 2006 |
| 3194673 | THEOLA | January 2, 2007 |
| 3206481 | TAMALI | February 6, 2007 |

82.    All of the registrations set forth in Exhibit B are valid, subsisting, unrevoked and uncancelled. The registration of these marks constitutes prima facie evidence of their validity and conclusive evidence of Jimmy Choo's exclusive right to use the Jimmy Choo Marks in commerce in connection with the goods named therein, and commercially related goods. The registration of the Jimmy Choo Marks constitutes constructive notice to Defendants of Jimmy Choo's ownership of and exclusive rights in the Jimmy Choo Marks.

83.    The Jimmy Choo marks are arbitrary and highly distinctive.

84.    Jimmy Choo is the owner of the trade name "Jimmy Choo," which has been used to identify the Jimmy Choo Products in the United States.

17

*NY 238496571*

85.    Jimmy Choo maintains strict quality control standards for all of the Jimmy Choo Products. All genuine Jimmy Choo Products are inspected and approved by Jimmy Choo prior to distribution and sale.

86.    All genuine Jimmy Choo Products are distributed through a worldwide network of authorized Jimmy Choo dealers, including over 60 branded stores worldwide.

87.    Jimmy Choo has manufactured, marketed, and advertised its products so that the public associates them with the idea of extraordinary design, materials, workmanship, and reliability. In furtherance of that goal, Jimmy Choo displays its products and the Jimmy Choo Marks displayed thereon in its advertising and promotional materials.    To date, Jimmy Choo has spent millions of dollars in advertising and promoting Jimmy Choo Products and Jimmy Choo Marks, and has had tens of millions of dollars in sales of these products.

88.    The Jimmy Choo Marks are famous not only within the United States but throughout the World, entitling them to the greater protection afforded marks with such international distinction under both United States Law and International Treaties, such as the Paris Convention and the TRIPS Agreement, both of which have been entered into by the United States

89.    The Chloé Marks, collectively with the Jimmy Choo Marks, are hereinafter referred to as "Plaintiffs' Marks". The Chloé Products, collectively with the Jimmy Choo Products, are hereinafter referred to as the "Plaintiffs Products".

### DEFENDANTS' CONDUCT

90.    Defendants traffic in counterfeit high end branded luxury products bearing counterfeits of Plaintiffs' Marks, including without limitation handbags, and the means for making the same (the "Counterfeit Products").

91.    Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used, reproduced and/or copied Plaintiffs' Marks and trade names in connection with their manufacturing, distributing, exporting, importing, shipping, advertising, offering for sale, selling, and facilitating the sale of Counterfeit Products in interstate, intrastate, and international commerce, that are counterfeit and infringing copies of Plaintiffs' Products, certain examples of which are depicted in Exhibit C.  Upon information and belief, Defendants are part of a common operation.

92.    Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used and continue to use Plaintiffs' Marks in connection with their advertisement, offer for sale, sale, shipment, and facilitation of the sale of the Counterfeit Products, from several locations, including a UPS Store and a variety of offices, store fronts, and/or residential addresses.

93.    Defendants have manufactured the Counterfeit Products without authorization from Plaintiffs, and/or purchased the Counterfeit Products from a source or sources that are not authorized or licensed by Plaintiffs to manufacture, offer for sale, or sell products bearing Plaintiffs' Marks.

94.    The Counterfeit Products are not genuine Plaintiffs' Products.  Plaintiffs did not manufacture, inspect or package the Counterfeit Products, and did not approve the Counterfeit Products for sale and/or distribution.

95.    Defendants are not authorized by Plaintiffs to manufacture, advertise, distribute, export, import, ship, sell, offer to sell or facilitate the sale of any products bearing Plaintiffs' Marks.

19

96.    Defendants' use of Plaintiffs' Marks on or in connection with the advertising, marketing, distribution, import, export, shipping, offering for sale, sale, and facilitation of the sale of the Counterfeit Products is likely to cause confusion, or to cause mistake, or to deceive.

97.    Defendants' use of Plaintiffs' Marks on or in connection with the advertising, marketing, distribution, import, export, shipping, offering for sale, sale, and facilitation of the sale of the Counterfeit Products causes irreparable harm to Plaintiffs' Marks and the goodwill associated with Plaintiffs.

## COUNT ONE

## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT (15 U.S.C. § 1114)

98.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 97 of this Amended Complaint as if fully set forth herein.

99.    Plaintiffs' Marks and the goodwill of the businesses associated with them in the United States and throughout the World are of great and incalculable value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in Plaintiffs.

100.    Without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in Plaintiffs' Marks, and the fact that Defendants' Counterfeit Products bear marks that are identical to Plaintiffs' Marks, Defendants have manufactured, distributed, shipped, offered for sale, sold and/or facilitated the sale of the Counterfeit Products to the consuming public in direct competition with Plaintiffs' sale of genuine Plaintiffs' Products, in or affecting interstate commerce.

101.    Defendants' use of copies or simulations of Plaintiffs' Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the

20

origin of the Counterfeit Products and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

102.    Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT TWO

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

103.    Plaintiffs repeat and reallege paragraphs 1 through 102 of this Amended Complaint as if fully set forth herein.

104.    The Counterfeit Products bearing Plaintiffs' Marks being sold and offered for sale by Defendants are of the same general nature and type as Plaintiffs' Products sold and offered for sale by Plaintiffs and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

105.    By misappropriating and using Plaintiffs' Marks, Defendants misrepresent and falsely describe to the general pubic the source of the Counterfeit Products and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such merchandise.

106.    Defendants' unlawful, unauthorized and unlicensed manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale, and/or facilitation of the sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit

21

Products were created, authorized or approved by Plaintiffs, all to Defendants' profit and Plaintiffs' great damage and injury.

107.    Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of Plaintiffs' Marks, in connection with their goods and services, in interstate commerce constitutes false designation of origin and unfair competition.

108.    Plaintiffs have no adequate remedy at law.  If the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

**COUNT THREE**

**FEDERAL TRADEMARK DILUTION**
**(15 U.S.C. § 1125(c))**

109.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 108 of this Amended Complaint as if fully set forth herein.

110.    Plaintiffs' Marks are "famous marks" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1) and have been famous marks prior to Defendants' conduct as alleged herein.

111.    Defendants' manufacture, import, export, advertisement, distribution, shipment, offer for sale, sale and facilitation of sales in commerce of the Counterfeit Products dilutes the distinctive quality of Plaintiffs' Marks, and was done with the willful intent to trade on Plaintiffs' reputation and/or to cause dilution of Plaintiffs' Marks.

112.    Defendants' unauthorized use of Plaintiffs' Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such manufacture, import,

22

export, advertisement, distribution, shipment, offer for sale, sale and facilitation of sales was not authorized or licensed by Plaintiffs.

113.    Defendants' aforesaid acts are in knowing and willful violation of Plaintiffs' rights under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

114.    Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

**COUNT FOUR**

**COMMON LAW TRADEMARK INFRINGEMENT**

115.    Plaintiffs repeat and reallege paragraphs 1 through 114 of this Amended Complaint as if fully set forth herein.

116.    As a result of the experience, care, and service of Plaintiffs in producing and providing Plaintiffs' Products, Plaintiffs' Products have become widely known and have acquired a worldwide reputation for excellence.    Moreover, Plaintiffs' Marks have become associated with Plaintiffs' Products, and have come to symbolize the reputation for quality and excellence of Plaintiffs' Products.

117.    The Defendants' unauthorized use of Plaintiffs' Marks permits the Defendants to pass off their Counterfeit Products to the general public, all to the detriment of Plaintiffs and the unjust enrichment of the Defendants.    Such acts by the Defendants have caused and continue to cause confusion as to the source and/or sponsorship of the Defendants' Counterfeit Products.

118.    The Defendants' acts constitute willful infringement of Plaintiffs' exclusive rights in Plaintiffs' Marks, in violation of state common law.

23

119.    As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered damages to Plaintiffs' Marks, and other damages in an amount to be proved at trial.

120.    Plaintiffs do not have an adequate remedy at law, and will continue to be damaged by the Defendants' sale of Counterfeit Products unless this Court enjoins the Defendants from such fraudulent business practices.

**COUNT FIVE**

**COMMON LAW UNFAIR COMPETITION**

121.    Plaintiffs repeat and reallege paragraphs 1 through 120 of this Amended Complaint as if fully set forth herein.

122.    As a result of the experience, care, and service of Plaintiffs in producing and providing Plaintiffs' Products, Plaintiffs' Products have become widely known and have acquired a worldwide reputation for excellence.  Moreover, Plaintiffs' Marks have become associated with Plaintiffs' Products, and have come to symbolize the reputation for quality and excellence of Plaintiffs' Products.

123.    The Defendants, with full knowledge of the fame of Plaintiffs' Marks, intentionally trades on the goodwill associated with Plaintiffs' Marks.

124.    The Defendants' acts mislead and deceive the public as to the source of the Defendants' Counterfeit Products, permit and accomplish palming off of the Defendants' goods as those of Plaintiffs, and falsely suggest a connection with Plaintiffs.  Therefore, the Defendants have committed unfair competition in violation of state common law.

125.    As a direct and proximate result of the Defendants' conduct, Plaintiffs have suffered damages to their valuable Plaintiffs' Marks, and other damages in an amount to be proved at trial.

NY 238496571

126.    Plaintiffs do not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Counterfeit Products unless this Court enjoins the Defendants from such fraudulent business practices.

## COUNT SIX

### NEW YORK TRADEMARK DILUTION
### (New York General Business Law § 360(l))

127.    Plaintiffs repeat and reallege paragraphs 1 through 126 of this Amended Complaint as if fully set forth herein.

128.    Defendants' acts have caused damage to Plaintiffs by tarnishing Plaintiffs' valuable reputation and diluting or blurring the distinctiveness of Plaintiffs' Marks in violation of New York General Business Law § 360(l), and will continue to tarnish and destroy the value of Plaintiffs' Marks unless enjoined by this Court.

129.    Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## COUNT SEVEN

### UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law § 349)

130.    Plaintiffs repeat and reallege paragraphs 1 through 129 of this Amended Complaint as if fully set forth herein.

131.    Upon information and belief, Defendants, without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in Plaintiffs' Marks, and the fact that Defendants' Counterfeit Products are confusingly similar to Plaintiffs' Products, Defendants have manufactured, advertised, distributed, shipped, offered for sale, sold, and/or

25

facilitated the sale of the Counterfeit Products to the consuming public in direct competition with Plaintiffs' Products.

132.    Defendants' use of copies or simulations of Plaintiffs' Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiffs.

133.    Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

134.    Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputations.

**WHEREFORE**, Plaintiffs respectfully request the following relief as to each of the above causes of action:

1.    That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

> (a)    from using Plaintiffs' Marks in any manner in connection with the manufacturing, import, export, advertising, distributing, shipment, offering for sale, sale, or facilitation of the sale of any product not Plaintiffs', or not authorized by Plaintiffs to be sold in connection with each of Plaintiffs' Products;

26

(b)      from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiffs, which is not Plaintiffs' or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Marks;

(c)      from committing any acts calculated to cause purchasers to believe that the Counterfeit Products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

(d)      from further diluting and infringing Plaintiffs' Marks and damaging Plaintiffs' goodwill;

(e)      from otherwise competing unfairly with Plaintiffs in any manner;

(f)      from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

2.      That Defendants be required to supply Plaintiffs with a complete list of entities from whom they purchased and to whom they distributed and/or sold products falsely bearing Plaintiffs' Marks or products not authorized by Plaintiffs to be sold in connection with each of Plaintiffs' Marks.

3.      That Defendants be required to forthwith deliver up for destruction their entire inventory of Counterfeit Products bearing any of the aforesaid Plaintiffs' Marks or confusingly similar copies thereof.

27

4.      That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 1 through 3, *supra*.

5.      That Defendants account for and pay over to Plaintiffs profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of disgorgement for infringement of Plaintiffs' federally registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

6.      That Plaintiffs be awarded actual damages in an amount to be determined at trial and that the amount of damages for infringement of Plaintiffs' federally registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

7.      That Plaintiffs be awarded statutory damages of $1,000,000 per Plaintiffs' Mark willfully counterfeited by Defendants, e.g. $2,000,000, against each Defendant.

8.      That Plaintiffs be awarded be awarded costs and disbursements of this action, together with reasonable attorney fees.

9.      That Plaintiffs be awarded such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act and/or state statutory law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand

a jury trial on all triable issues raised by this Amended Complaint.


Dated:    August 16, 2007
          New York, New York

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
    Harley I. Lewin (HL 1819)
    Scott Gelin (SG 9599)
    James Donoian (JD 9052)
    GREENBERG TRAURIG, LLP
    200 Park Avenue, 34th Floor
    MetLife Building
    New York, New York 10166
    Telephone: (212) 801-9200
    Facsimile: (212) 801-6400

                    -and-

    Katherine Compton
    GREENBERG TRAURIG, LLP
    2200 Ross Avenue
    Suite 5200
    Dallas, Texas 75201
    Telephone:  (214) 665-3660
    Facsimile:  (214) 665-5960
    *Admitted pro hac vice*

    *Attorneys for Plaintiffs*
    *Chloé, S.A.S., J. Choo Limited*

*NY 238496571*