IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHLOE, S.A.S., J. CHOO LIMITED          **MOTION FOR AN EXTENSION OF TIME TO ANSWER**

                             Plaintiffs

       -against-                                      07-CV-6491 (WHP)

KEN CHEN A/K/A/ SHU CHEN A/K/A
XIANG CHEN, ET.AL.

                             Defendants

---

I Mark P. Getzoni, being an attorney duly licenced to practice law before the courts of the State of New York, and duly admitted to practice before the instant court, hereby affirms and says the following under the penalties of perjury upon information and belief:

1)     That I have very recently been retained by the defendant Yan He Xia. As such, I require time to diligently research the matter at hand prior to interposing an answer.

2)     As the court is aware, multiple documents and affidavits have been submitted to it under seal, now lifted, that were not made part of the electronic filing systems data base.

3)     That, to prudently answer the within complaint, I must first throughly address said submissions.

4)     That, as is obvious, there are approximately 2 dozen defendants and multiple allegations and causes of action plead. As such, it is patently unreasonably under these circumstance that I should be required to adequately address the complaint at hand on or before September 6th, 2007 or September 7th, 2007.

5)     Additionally, I require an opportunity to make any pre-answer motion that would be available, should I discover, upon due reflection, that the same is appropriate.

6)     That no prejudice could possibly come to the plaintiff herein as there are injunctions in place, and, furthermore, this is the first application for an extension- or any relief whatsoever- made by this defendant.

7)     That I have inquired of the plaintiffs' counsel as to their position, and, at the last of 3 attempted communications with said counsel this morning, plaintiffs' counsel indicated that they would check with their client, I have yet to hear back. As such, no position has been expressed by opposing counsel as to the application at hand.

8) That there is no reason which could further the interest of justice for the within defendants to have to interpose their answers all at or about the same. As such, if the necessity for an extension is expressed, as it is herein, that necessity should accordingly be meet with an appropriate extension of time.

9) That, given the manner of attempted service of the complaint, and a raid that was apparently executed in a manner assuring maximum chaos, disruption and paranoia of persecution amongst its targets, this application is not only temporally reasonable, but, it is perfectly anticipatable by the plaintiffs: It is simply a by-product of plaintiff's chosen path of litigation.

10) That the only thing that differentiates this request for an extension of time to answer from any other, in any other litigation, is that plaintiff has an injunction and has most likely frozen funds far in excess of any actual damages, which it is hereby contended are "$0". As such, there can be no reasonable contention of prejudice.

**Wherefore,** may this honorable court grant to this defendant an extension of 30 days to answer, and/or otherwise move against the plaintiffs' complaint, and for such other and further relief as to which this honorable court deems just and proper.

_____/s/_____
Mark P. Getzoni, Esq.  MG (1630)
Attorney for the defendant Yan He Xia

Dated: September 5th, 2007