Mahendra M. Ramgopal (MR4632)
Attorney-at-Law
54 Franklin Street,
New York, NY 10013
Tel: (212) 283-4944

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
CHLOE, S.A.S.,J. CHOO LIMITED            :

                                Plaintiffs,            :            Civil Action No.: 07 cv 6491 (WHP)

     -against-
                                     :

KEN CHEN a/k/a SHU CHEN a/k/a XIANG
CHEN, DANIEL DOE, GODDESS TRADING,            :
QUICK GLOBAL SHIPPING,                :
SONG GAO, LISA WU,                    :            ANSWER AND
Et al                                 :            COUNTER CLAIM.
   .                                  :            (JURY TRIAL DEMANDED)

                               Defendants.

------------------------------------------------------X

Defendants Quick Global Shipping, Song Gao, Lisa Wu (hereinafter "Quick Defendants") by their attorney Mahendra Ramgopal Esq. answering the Amended Complaint allege as follows:

1. Except as expressly admitted, Quick defendants deny this Complaint.

2. Admit allegations in paragraph 24, except that defendant Quick Global Shipping no longer transacts business at 25 Howard Street, New York N.Y. 10013.

1

3. Deny allegations in paragraphs 90, 91, 92, 93, 96, 97, 100, 101, 102, 103, 105, 106,107,108,109,111,112,113,114,115, and 117 through 134.

4. Deny having knowledge or information sufficient thereof to form a belief as to the truth of the allegations contained in paragraphs 1 through 89, 94, 95, 98, 99, 110,116.

5. Quick defendants jointly and severally deny that they have or are continuing to use counterfeit or infringements of plaintiffs' trademarks in connection with the manufacture, export, import, distribution, marketing, advertising, offer for sale and/or sale of counterfeit high end luxury products bearing plaintiffs' trademarks as alleged, or at all.

6. Defendant Quick Global Shipping, referred to in paragraph 24 of the complaint, admits that it is a corporation under the laws of the State Of New York This defendant was a shipping company managing an authorized UPS outlet and an authorized FedEx shipping center at 25 Howard Street, New York until July 27th 2007, when Plaintiffs tortiously interfered with Defendants' business and caused Quick Global Shipping to close and cease business operations.

7. Defendant Quick Global Shipping, denies that it ever engaged in manufacturing or dealing with counterfeit Chloe and Jimmy Choo handbags or that it knows of or participated in any wrong doing as alleged by Plaintiffs.

8. Quick Defendant Song Gao, referred to in paragraph 38 of the complaint, formerly managed Quick Global Shipping until July 27th 2007, when plaintiffs tortiously and wrongfully interfered with her business and caused her to lose her employment and means of livelihood. She denies that ever engaged in manufacturing or dealing with counterfeit Chloe and Jimmy Choo handbags or that she knows of or participated in any wrong doing as alleged by Plaintiffs.

9. Quick defendant Lisa Wu, referred to in paragraph 39 of the complaint was the lessee of the space Quick Global Shipping occupied at 25 Howard Street, New York City, but denies that she ever engaged in manufacturing or dealing with counterfeit Chloe and Jimmy Choo handbags or that she knows of or participated in any wrong doing as alleged by Plaintiffs.

10. On July 27th 2007, Plaintiff tortiously interfered with the business and space leased by Defendant Wu, forcing her to surrender her lease and close Quick Global Shipping causing her loss and damage.

### FIRST AFFIRMATIVE DEFENSE:
#### LACK OF JURISDICTION

11. This Court lacks jurisdiction over Quick Defendants.

## SECOND AFFIRMATIVE DEFENSE:
### FAILURE TO STATE CAUSE OF ACTION

12. Plaintiffs failed to state any proper legal causes of action against Quick Defendants

## THIRD AFFIRMATVE DEFENSE:
### WAIVER

13. Plaintiffs are prevented from maintaining this action due to the doctrine of waiver as against Quick Defendants.

## FOURTH AFFIRMATIVE DEFENSE
### ESTOPPEL – UNCLEAN HANDS

14. Plaintiffs are estopped from maintaining this action due to the doctrine of unclean hands as against Quick Defendants.

## FIFTH AFFIRMATIVE DEFENSE
### LACHES

15. Plaintiffs are prohibited from maintaining this action due to the doctrine of laches.

## SIXTH DEFENSE
### INCONSISTENTENCY OF USE

16. Plaintiffs have failed to use their alleged marks on a consistent basis, and therefore cannot establish that consumers associate those marks as identifying the source of those products.

## SEVENTH AFFIRMATIVE DEFENSE:
### THIRD PARTY USE

17. Third –parties and other entities use some or all of Plaintiffs' alleged marks and therefore plaintiffs' marks are weak and are not likely to cause confusion.

## EIGHT AFFIRMATIVE DEFENSE:
### ABANDONMENT

18. Plaintiffs' have not used some or all of their marks for over ten years, and therefore abandoned those marks.

## NINTH DEFENSE:

19. Plaintiffs' are barred from maintaining their actions since Plaintiffs' alleged trademarks are generic and/or merely descriptive.

## FIRST COUNTERCLAIM
### TORTIOUS INTERFERENCE WITH BUSINESS

20. Quick Defendants repeat and re-allege the preceding paragraphs as if fully set forth herein.

21. Plaintiffs' tortiously interfered with Defendant Quick Global Shipping's advantageous business relations by intentionally using false declarations, statements and misrepresentations that Quick Defendants make up a shipping

company against which judgments and permanent injunctions have been entered in another case involving counterfeiting trademarks of luxury goods, when plaintiffs knew and were aware that such declarations, statements and misrepresentations were false.

22. Plaintiffs' compounded their false and injurious accusations by wrongfully labeling Quick Defendants as "counterfeiting recidivists" and falsely associating Quick Defendants with a prior lawsuit for counterfeiting high end watches.

23. Quick Defendants were not permanently enjoined from counterfeiting those marks and brands as falsely alleged by Plaintiffs. Quick Defendants were not involved in that case involving high end watches as alleged, or at all.

24. Plaintiffs' intentional misrepresentation and deliberate use of falsehoods tortiously interfered with Quick Defendants advantageous business relations and caused Quick Defendants loss and damage leading to the closure of Quick Global Shipping on or about July 2007.

25. Wherefore Quick Defendants, Quick Global Shipping demand judgment for tortious interference with business in an amount to be determined but in no case less than Three Million Dollars (3,000,000.00) for compensatory and punitive damages.

## SECOND COUNTERCLAIM:
### INJURIOUS FALSEHOOD

26. Quick Defendants repeat and re-allege the preceding paragraphs as if fully set forth herein.

27. Plaintiffs intentional and deliberate use of falsehoods, misrepresentations and false declarations were designed to mislead the court into wrongly concluding that Quick Defendants were involved in trademarks violations based on associations with prior counterfeiters, when Plaintiffs knew and were aware that such representations and declarations were false.:

28. Quick Defendants deny these false accusations and respectfully request a jury trial to clear their good name and reputation on these highly prejudicial and injurious falsehoods.

29. Plaintiffs' intentional and deliberate use of injurious falsehoods caused Quick Defendants loss and damage leading to the close of business on or about July 2007.

30. Wherefore Quick Defendants demand judgment for injurious falsehoods in an amount to be determined, but in no case less than Three Million Dollars ($3,000,000.00) for compensatory and punitive damages.

4

## THIRD COUNTERCLAIM
### ABUSE OF PROCESS

31. Quick Defendants repeat and re-allege the preceding paragraphs as if fully set forth herein.

32. Plaintiffs maliciously abused and misused the legal process to wrongfully seize and restrain the assets of Quick Global Shipping, Song Gao, and Lisa Wu by providing false and misleading statements to the court about Quick Defendants as wrong doers and recidivist counterfeiters and improperly obtained an injunction against Quick Defendants without an evidentiary hearing on these highly prejudicial and false accusations.

33. Plaintiffs' wrongful restraint of the assets of Quick Global Shipping, Song Gao and Lisa Wu are causing defendants grave hardship, loss and damages.

34. Plaintiffs illegal actions were so arbitrary, capricious, high handed, malicious and brazenly wrong as against Quick Defendants, that a jury should consider awarding punitive damages to deter such illegal, malicious and wrongful conduct.

35. Wherefore Quick Defendants demand judgment for the abuse of process in an amount to be determined, but in no case less than three million dollars. ($3,000,000.00) for compensatory and punitive damages.

## REQUEST FOR BOND INCREASE

36. Plaintiffs further request that the Court increase the bond posted by Plaintiffs to a fair and reasonable sum to cover the considerable losses and damages suffered by Quick Defendants together with attorney's fees, due to the wrongful conduct and actions of Plaintiffs.

37. Alternatively, Quick Defendants request an expedited hearing on increasing the bond posted by plaintiffs and releasing Quick Defendants' assets still wrongfully restrained by plaintiffs.

Wherefore, "Defendants" Quick Global Shipping, Song Gao and Lisa Wu, demand that Plaintiffs complaint be dismissed and that judgment be entered in favor of Quick Defendants in the sum of:
a). With respect to the first counterclaim, damages in an amount to be determined, but in no case less than three million dollars ($3,000,000.00) for compensatory and punitive damages.
b). With respect to the second counterclaim, damages in an amount to be determined, but in no case less than three million dollars ($3,000,000.00)for compensatory and punitive damages.
c. With respect to the third counterclaim, damages in an amount to be determined, but in no case less than three million dollars ($3,000,000.00)for compensatory and punitive damages.
Together with costs, disbursements and attorneys fees in this action.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) if the Federal Rules Of Civil Procedure, Defendants Quick Global Shipping, Song Gao and Lisa Wu, hereby demand a trial on all triable issues raised by Quick Defendants' Counterclaims.

Dated: September 7th, 2007
      New York, New York

Respectfully Submitted

MAHENDRA RAMGOPAL ESQ.

By: *Mahendra Ramgopal*
Mahendra M Ramgopal (MR 4632)
54 Franklin Street
New York 10013
(212) 283-4944

To: Harley I Lewin (HL1819)
    Greenberg Taurig, LLP
    200 Park Avenue, 34th floor
    MetLife Building
    New York, NY 10166

6

# VERIFICATION

-------------------------------------------------

SONG GAO, being duly sworn, deposes and says:

1. That I am a Defendant in this action and was formerly the managing agent of Defendant Quick Global Shipping.

2. I swear under penalties of perjury of the laws of the United States of America that I have read the annexed Answer and Counterclaims and know of the contents thereof and the same are true to my knowledge, except as to those matters which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Song Gao

Mahendra M. Ramgopal
Notary Public, State of New York
No. 02RA6064727
Certified in New York County
Commission Expires 9/26/2009

Sworn to before me
On September 7th 2007

_____
Notary Public