Mahendra M. Ramgopal (MR4632)
Attorney-at-Law
54 Franklin Street,
New York, NY 10013
Tel: 212-283-4944

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

CHLOE, S.A.S, J. CHOO LIMITED,                           Civil Action No.: 07CIV6491

                Plaintiffs

       Against                                              DECLARATION OF
                                                         MAHENDRA RAMGOPAL, ESQ
                                                         IN SUPPORT OF MOTION TO
                                                         RECONSIDER AND MODIFY
                                                         ORDER GRANTING
                                                         PRELIMINARY INJUCTION

KEN CHEN a/k/a SHU CHEN a/k/a XIANG
CHEN, QUICK GLOBAL SHIPPING, SONG
GAO , LISA WU et al

                Defendants
_____X

MAHENDRA M. RAMGOPAL under penalty of perjury, declares and states as follows:

1.   I am an attorney licensed to practice law in the State of New York and before the Bars of the Southern District of New York, the United States Court of Appeals for the Second Circuit and Supreme Court of the United States. I represent defendants Quick Global Shipping, Song Gao d/b/a/ Quick Global Shipping and Lisa Wu d/b/a Quick Global Shipping (hereinafter "Quick defendant") for easy reference as plaintiffs have so designated and described these particular defendants in the application for a Preliminary Injunction.

2. I submit this declaration in support of Quick Defendants Motion to Reconsider and Modify an Order Granting a Preliminary Injunction, dated August 17, 2007.

3.   This declaration is based on information provided to me by the defendants I represent, my investigation of this case and a review of papers filed by Plaintiffs with the Court.

4. Plaintiffs moved *ex parte* and obtained a Temporary Restraining Order against Quick Defendant on July 19th 2007 which the court extended on August 3, 2007 and August 10, 2007.

5. The Court heard limited oral argument from Counsel for Quick Defendants on August 3rd as Counsel had not submitted a Memorandum of Law in Support of his opposition papers. The Court then granted leave to Quick Defendants Counsel to file amended papers together with a Memorandum of Law and the case was adjourned until August 10th 2007 with the TRO extended to that time.

6. On August 8th, 2007, Counsel for Quick Defendants filed An Amended Declaration in Opposition together with a Memorandum of Law in Opposition to the Temporary Restraining Order dated August 3, 2007. Plaintiffs filed a Memorandum of Law in Reply dated August 9th 2007.

7. On August 10, 2007, the Court held an evidentiary hearing as requested by Defendant Lisa Wu with respect to personal funds of Lisa Wu then restrained by Plaintiffs.

8. That hearing was limited to the asset restraint on Lisa Wu's bank account. This limited hearing did not include the presentation of evidence or arguments relating to plaintiff's broader application for an injunction against Quick Defendants.

9. At the conclusion of the limited evidentiary hearing on the asset restraint on Lisa Wu's bank account, Harvey Lewin Counsel for Plaintiffs enquired in open court about the injunction which the Court had not granted. In response to Mr. Lewin the Court extended the Temporary Restraining Order to August 17, 2007.

10. **Neither Plaintiffs nor Quick Defendants filed any further submissions in support of their respective positions on the injunction.**

11. Quick Defendants had stated in paragraph 6 of their Amended Declaration dated August 9, 2007 that "Plaintiffs falsely represent to this Court that the Quick Defendants make up a shipping company against which judgments and permanent injunctions have been entered in at least one other case involving counterfeiting trademarks of luxury goods. Quick Defendants deny these false accusations and respectfully request to clear their good name and reputation in **an evidentiary hearing on this highly prejudicial and unfair accusation.**"

12. Plaintiffs had earlier obtained the Temporary Restraining Order in an *ex parte* application based on the Declaration of Harvey I. Lewin dated July 17, 2007. When Defendants filed opposition papers on August 8th 2007 to the injunction and disputed specific allegations of Lewin's Declaration of July 17, 2007 the matter evolved into an *inter partes* dispute on the facts. It is respectfully submitted that the Court was then obliged to hear both sides before granting an injunction as requested by the Plaintiffs and opposed by Quick Defendants. Defendants disputed that counterfeits of plaintiffs' products were found on their premises as alleged, or at all.

13. At an evidentiary hearing on whether plaintiffs' application for the injunction should be granted, the Court in the exercise of its equitable jurisdiction under the principles of

2

Equity and following proper procedure would hear evidence from the adversarial parties on disputed and contested issues through witnesses, who could testify to facts relating to plaintiffs' application for the injunction and defendants' opposition thereto.

14. That procedure was not followed in this case when on August 17, 2007 the Court granted plaintiffs' application for the injunction without hearing evidence or arguments **as expressly requested in paragraph 6 of Quick Defendants Amended Declaration dated August 9th, 2007 in Opposition to Plaintiffs *ex parte* application for a Preliminary Injunction.**

15. Based on the Court Order of August 17th, 2007 granting the preliminary injunction, plaintiffs restrained the bank accounts of defendant Song Gao and continued to restrain accounts belonging to Lisa Wu and Quick Global Shipping. The restraint and freezing of Song Goa's accounts without a hearing caused Song Goa great hardship, loss and damage as Song Goa paid her utility and mortgage bills automatically from her checking account. As a direct result of plaintiffs' restraint of her bank accounts her payments were not honored when her checks bounced causing her loss, embarrassment, and damages to her reputation as a business woman.

16. At an evidentiary hearing on whether the injunction applied for by plaintiffs should be granted, Quick Defendants would respectfully request to call as a witness plaintiffs' counsel Harvey Lewin, who stated in paragraph 3 of his Declaration in Support of Plaintiffs *Ex parte* Application for a Temporary Restraining Order, Seizure Order, Order Restraining Assests and Order to Show Cause for a Preliminary Injunction dated July 17th 2007 that **"If called as a witness I could testify to the following upon personal knowledge and / or upon my review of GT's files on this matter".**

17. Mr. Lewin thereafter proceeded to falsely represent and mislead the Court that the Defendants at 25 Howard Street, referring to Quick Defendants " were named as defendants in a prior lawsuit for counterfeiting high end watches and were permanently enjoined from further counterfeiting of those marks and brands"( .paragraph 13 of Lewin's Declarationreferred to above.)

18. When Quick Defendants in their Amended Declaration sought to correct and inform plaintiffs' counsel Lewin about the false and erroneous statements in his declaration dated July 17, 2007. plaintiffs' counsel instead chose to persist in deliberately and intentionally making further false declarations in plaintiffs Memorandum of Law in Reply to Quick Defendants Amended Opposition to the Temporary Restraining Order and Order to Show Cause for Preliminary Injunction dated August 9, 2007.

19. Plaintiffs' Counsel Lewin made the following false statements in his Memorandum of Law dated August 9, 2007: " The Quick Defendants make up a shipping company against which judgments and permanent injunctions have been entered in at least one other case involving counterfeiting trademarks of luxury goods." (p 2, l 23.)
" Indeed, the Quick Defendants are counterfeiting recidivists, as they were named defendants( or share an address and similar business with named defendants) in a prior lawsuit for counterfeiting high end watches and were permanently enjoined from counterfeiting of those marks and brands."( p 4, l 6.)

3

" Quick Global formerly Q Global Inc., at the same premises continued the same activity for which they had been sued and upon which judgment was taken." "Indeed the Quick Defendants are well connected to counterfeiting as they bought the business of defendants named in a prior lawsuit for counterfeiting watches and incorporated their business at the same address prior to the date that the related restraint was permanently enjoined from counterfeiting those marks." Quick Defendants dispute those false and misleading accusations and wish to test Plaintiffs' Counsel's credibility on these statements and representations at an evidentiary hearing where truth will out.

20. Quick Defendants jointly and severally denied that they have used or are continuing to use counterfeit or infringements of Plaintiffs' Trademarks in connection with the manufacture, export, import, distribution, marketing, advertising, offer for sale and /or sale of counterfeit high end branded luxury products bearing Plaintiffs' Trademarks as alleged, or at all.

21. Plaintiffs relied on false and misleading information which caused confusion, deception, or mistake on or in connection with their application for this preliminary injunction and other relief requested.

22. Plaintiffs compounded their false accusations by labeling Quick Defendants as 'counterfeiting recidivists' and falsely associating Quick defendants with a prior lawsuit for counterfeiting high end watches. Quick defendants were not permanently enjoined from counterfeiting those marks and brands as falsely alleged by plaintiffs. Quick defendants were not involved in that case as alleged, or at all, and plaintiff deliberately and intentionally misled the Court in this matter with such highly prejudicial speculations devoid of any probative value to the issues of this case.

23. The cumulative effect of these false statements and misrepresentations confused the issues and misled the court into wrongly applying the principles of equity by granting plaintiffs equitable relief on false representations and misidentification that Quick defendants were involved in trademark violations based on association with prior counterfeiters, when the actual facts disclosed a different state of affairs. Defendant Quick Global Shipping was a shipping company managing an authorized UPS outlet and an authorized Fed Ex Ship Center. This defendant did not engage in manufacturing counterfeit products or wrong doing as alleged by Plaintiffs.

24. Quick Defendant Song Gao, managed Quick Global Shipping and sub-leased storage rooms but denied that she knew of, or participated in any of the wrong doing as alleged by plaintiffs and specifically denied plaintiffs' allegations that they seized over 165 counterfeit products from her premises as well as documents pointing to the involvement of Quick Defendants in the counterfeiting of plaintiffs' products.

25. Quick Defendant Lisa Wu was the lessee of the space Quick Global Shipping occupied, but denied that she knew of or participated in any of the wrong doing as alleged by plaintiffs. Defendant Lisa Wu respectfully prays that this Court in the exercise of its

equitable jurisdiction would release forthwith the balance of her personal funds now wrongfully restrained and frozen by Plaintiff.

26. Quick Defendants submit that it is an abuse of the process and highly improper for plaintiffs to seize defendants' personal assets which were obtained by legitimate business transactions. It is arbitrary, capricious, unfair and unjust for Plaintiffs to conclude on speculative and inadmissible hearsay evidence together with misleading identification evidence that these particular defendant participated in wrong doing related to plaintiffs' goods.

27. On balance, Quick Defendants Lisa Wu and Song Gao are suffering more immediate hardship than plaintiffs when by virtue of plaintiffs' wrongful and misconceived seizure of these defendants' personal assets, they are prevented and restricted from paying their necessary living expenses including utility bills and rental payments and from engaging in lawful business transactions thereby suffering to their detriment, loss and damage.

28. The immediate harm to Quick Defendants Lisa Wu and Song Gao will greatly out weigh that to the plaintiffs if this court does not reconsider, recall, dissolve or modify this Injunction and Restraining Order with respect to their frozen assets, so that they can pay incoming utility bills and other necessary living expenses including mortgage payments.
29. It is highly unlikely that plaintiffs would prevail against Quick Defendants, in a trial on the merits of this action, as plaintiffs will not be able to prove by a preponderance of admissible evidence that Quick Defendants, committed any wrong doing as alleged. Hearsay, unreliable identification evidence and inadmissible evidence as adduced by plaintiffs, in false declarations submitted in their *ex parte* application to this Court, would not suffice to prove plaintiffs' claim against Quick Defendants at trial.

30. Quick Defendants contend that Plaintiffs seizure of Quick Defendants assets and in particular Lisa Wu's and Song Gao's personal assets were wrongful, improper and an abuse of the process. Quick Defendants now respectfully request this Court under its inherent equitable power reconsider, recall, discharge, dissolve and/or modify the preliminary injunction dated August 17, 2007 with respect to Quick Defendants.

31. Under the circumstances Quick Defendants respectfully request that the Court grant Quick Defendants the relief requested herein forthwith.

. Executed this 17th day of September, 2007
New York, New York.

_____
Mahendra Ramgopal, (MR4632)
Attorney at Law
For Quick Defendants

5