Mahendra M. Ramgopal (MR4632)
Attorney-at-Law
56 Franklin Street, Main Floor
New York, NY 10013
Tel: 212-283-4944

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

CHLOE, S.A.S, J. CHOO LIMITED,                    Civil Action No.: 07CIV6491

                Plaintiffs

      Against                                          **MEMORANDUM OF LAW
                                                          IN SUPPORT OF MOTION
                                                           TO RECONSIDER AND
                                                            MODIFY ORDER
                                                           GRANTING
                                                          PRELIMINARY
                                                          INJUNCTION**

KEN CHEN a/k/a SHU CHEN a/k/a XIANG
CHEN, QUICK GLOBAL SHIPPING, SONG
GAO , LISA WU , ET AL

                Defendants
_____X

## PRELIMINARY STATEMENT

     Quick Defendants, Quick Global Shipping, Lisa Wu and Song Gao submit this Memorandum of Law in Support of a Motion to Reconsider and Modify an Order of the Hon. William H. Pauley, III dated August 17, 2007 granting a Preliminary Injunction in favor of Plaintiffs against Quick Defendants.

Quick Defendants deny that they knowingly engaged in shipping, receiving and transmission of counterfeit products and deny that they sub-leased premises for the storage of counterfeit goods as alleged by plaintiffs. Quick Defendants opposed and never consented to plaintiffs' application for a Preliminary Injunction .By contesting and disputing Plaintiff's allegations with respect to their Application for an Injunction, and

expressly requesting an evidentiary hearing in their amended opposition with respect to false statements made by plaintiffs, Quick Defendants put the plaintiffs and Court on Notice that there was need for an adversarial hearing in accordance with proper procedure where the contesting parties would seek to adduce evidence and address arguments in support of their respective positions.

## ARGUMENT

1.  **Plaintiffs have not met their Evidentiary Burden for a Preliminary Injunction.**
On August 10, 2007, at the conclusion of a limited evidentiary hearing on Defendant Lisa Wu's asset restraint on her bank accounts, the Court did not grant a Preliminary Injunction against Quick Defendants even though requested by Plaintiffs' Counsel. The Court instead extended the Temporary Restraining Order (TRO) until August 17, 2007. Considering that:(1) Quick Defendants opposed this injunction in their Amended Opposition Papers.(2) Facts as alleged by Plaintiffs were disputed and contested.(3) No evidence was presented in favor of granting the injunction and no arguments were addressed to the Court on the Preliminary Injunction as distinct from the asset restraint, the Court made the right decision up to that time in not granting the injunction as requested.

However, the Court surprisingly erred the following week, on August 17th when the Court Order stated, "The Court having reviewed the Complaint, Memoranda of Law, Reply Memoranda of Law ,supporting Declarations and exhibits submitted therewith as well as Represented Defendants' Opposition papers and having heard oral argument on August 3rd and August 10, 2007 **and Defendants having made no further submission to this Court"** the Court granted the injunction as requested by Plaintiffs.

It is submitted the Court erred when it shifted the burden of proof and persuasion to the defendants and granted the injunction as Quick Defendants made no further submissions to the Court after its Amended Declaration in Opposition on August 8th 2007 to plaintiffs' application for injunctive and equitable relief. The limited hearing and oral submissions in Court on August 10th 2007,only related to the asset restraint on Quick Defendant Lisa Wu's bank account. The broader injunction sought by plaintiffs was not entertained by the court and Quick Defendants did not have an opportunity to present evidence and arguments relating to plaintiffs' underlying application for the injunction under equitable principles as provided under the Lanham Act.

The court impliedly rejected/ deferred plaintiffs' oral application on August 10th for the injunction and merely extended the TRO until August 17th 2007. A reasonable interpretation of the Court's posture and ruling at that juncture, was that the Court did not wish to rule on the application for the injunction until further steps were taken and additional facts and evidence were presented by the party seeking equitable relief.

It was the Plaintiff who was seeking the injunction and therefore had the burden of proof to satisfy the Court on facts and admissible evidence with respect to their application for injunctive and equitable relief.. When the Court did not grant the injunction as requested ~~after~~ by Plaintiffs' Counsel after the limited evidentiary hearing on August 10, 2007, it could reasonably be inferred from the Court's action, that the Court was not then satisfied, based on the record at that time, that an injunction should be granted. It was then for the plaintiff to provide additional submissions, if they could, to

2

persuade the Court to grant the relief that plaintiff was requesting and defendant was opposing. It would have been in error and improper at that stage for the Court to grant plaintiff an injunction, considering that there were disputed and contested indentification issues and no evidence was led by plaintiffs on these disputed issues, and there was no hearing or oral arguments on the application for the injunction as distinct from the limited asset restraint on a particular defendant's personal bank accounts. The limited *viva voce* hearing on the asset restraint on Lisa Wu's bank account dealt with different facts and issues than would be addressed in an evidentiary hearing on an application for a preliminary injunction. At an evidentiary hearing on the injunction, Quick Defendants would seek to discredit and undermine the declaration of plaintiffs' counsel and show to the Court that Quick Defendants are not recidivist counterfeiters or counterfeiters as falsely represented by plaintiffs' counsel.. Quick Defendants would additionally lead evidence to show that Plaintiff's application for an injunction was misconceived as it misindentified Quick Defendants and confused the issues.

## 2   Plaintiffs have not met the Evidentiary Standard for a Preliminary Injunction.

To obtain preliminary injunctive relief, a party must establish this, (1) irreparable harm;and (2) either (a) probable success on the merits or (b) sufficiently serious questions going to the merits to make a fair ground for litigation with the balance of hardships tipping in favor of the party requesting preliminary relief. *Fisher-Price, Inc v. Well Made Toy Mfg. Corp. 25F 3d 119, 122 (2d Cir. 1994); Jackson Dair, Inc. v. HP Hood & Sons,Inc. 596 F.2d 70, 72 (2d Cir. 1979)*
The burden of proving these elements are on the Plaintiff and do not shift to the defendant. It is highly unlikely, on the disputed and contested facts , that plaintiffs would be in a position to prevail against Quick Defendants on the merits of this action. Plaintiffs' allegations are based on mistaken identity and therefore, will not be able to prove by evidence that Quick Defendants committed any wrong doing with respect to plaintiffs goods as alleged. Hearsay and inadmissible evidence as adduced by plaintiffs in their false declarations against Quick Defendants would not suffice to prove plaintiffs misconceived claims as against Quick Defendants.

Plaintiffs have not shown and will not be able to show that the acts of Quick Defendants have caused or are causing irreparable loss as plaintiffs have confused the identity of Quick Defendants with other persons alleged to be counterfeiters.

At present, the immediate harm suffered by Quick Defendants Song Gao and Lisa Wu greatly outweigh that to the Plaintiffs if this Court does not reconsider, recall, discharge or modify the Preliminary Injunction. These defendants need their personal funds restrained by plaintiffs to pay necessary living expenses including mortgage, rental payments and utility bills.

## 3.   In the interest of Justice, Fairness and Judicial Economy an Evidentiary Hearing on the facts relating to the Injunction Application should be held.

3

" The exercise of this Court's equity power to a preliminary injunction freezing defendants assets require particularly careful consideration by this Court." *Reebok International Ltd. v. Marnatech Enterprise, Inc. 737 F. Supp. 1521.*

It is unfair, improper, irregular and plain wrong for a Court sitting in exercise of its equitable jurisdiction to grant an injunction on disputed facts without an evidentiary hearing, especially when such a hearing was expressly requested by Quick Defendants in their Amended Declaration ( paragraph. 6) and their Memorandum Of Law In Support dated August 8th 2007.( p3, 1.13)  The limited hearing on August 10, 2007 relating to Defendant Lisa Wu's frozen bank accounts was not an evidentiary hearing on whether plaintiffs application for a preliminary injunction should be granted.

Section 34 of the Lanham Act 15 U.S.C. §1116 authorized Courts to "grant injunctions according to the principles of equity and upon such terms as the court may deem reasonable." A Court of Equity should reconsider and deny granting equitable or injunctive relief to plaintiffs in this case as against Quick Defendants as plaintiffs advanced false statements and misled the Court that Quick Defendants are counterfeiters and counterfeiting recidivists. At an evidentiary hearing Plaintiffs will adduce evidence to show that due to mistaken identity, plaintiffs were wrong in concluding and representing that Quick Defendants are counterfeiters of Plaintiffs' goods.

It would be in the interest of justice and judicial economy to hold such an evidentiary hearing as soon as possible, as one of the likely effects of such a hearing is that evidence will be presented which will allow the Court to make a more informed and fair decision based on evidence and facts whether to grant or deny equitable relief as requested. Further, other possible judicial economy benefits of holding such an evidentiary hearing at this stage, on disputed facts relevant to the injunction are: (1) It is likely that there will be less defendants to go to trial after the evidentiary hearing as plaintiffs could move to voluntarily discontinue against innocent defendants or such defendants would have laid a foundation for a Motion to Dismiss. (2)Alternatively, the parties would be more amenable to settling and disposing of this matter as they ascertain truth at this early stage, rather than engage in prolonged and costly litigation, which will be of no benefit to the parties or the Court.

## CONCLUSION

Based upon the forgoing, Quick Defendants respectfully urge this Court to reconsider, recall,dissolve or modify the Court Order of August 17, 2007 granting Plaintiffs a Preliminary Injunction as to Defendants Quick Global Shipping, Inc., Song Gao and Lisa Wu. and to hold an evidentiary hearing on the contested and disputed facts relating to injunctive relief, to ascertain the truth in accordance with the principles of equity and fair play ,in the interest of justice.

Dated: New York, New York
17 September 2007

Respectfully submitted,

*Mahendra Ramgopal*
Mahendra Ramgopal(4632)
Attorney at Law

4