**COURTESY COPY**



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

| | |
|---|---|
| CHLOÉ, S.A.S., J. CHOO LIMITED<br><br>                  Plaintiffs,<br><br>   - against -<br><br>KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN, DANIEL DOE, GODDESS TRADING d/b/a GODDESSTRADING@HOTMAIL.COM, LUXUNG GOODS, LUXURY GOODS, TERRY DOE d/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE d/b/a JARRY326@YAHOO.COM.CN, FASHION HANDBAGS, BENNY DOE, JEANCARLO DOE, JOSEPH a/k/a JOSE DOE, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE, INSTYLE LUXURY HANDBAGS, CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU, KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA, QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, and various JOHN and JANE DOES 1-10 and XYZ COMPANIES (UNIDENTIFIED),<br><br>                  Defendants. | Civil Action No.: 07 cv 6491 (WHP)<br><br>PERMANENT INJUNCTION AND JUDGMENT ON CONSENT AS TO DEFENDANT HOWARD EXPRESS SHIPPING AND [PROPOSED] ORDER THEREON |

------------------------------------------------- X

    Plaintiffs Chloé, S.A.S. and J. Choo Limited, having commenced this action for an injunction and other relief against, *inter alia*, Defendant Howard Express Shipping ("Settling Defendant") pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, and under the laws of the State of New York, for trademark counterfeiting, trademark infringement, trademark dilution, unfair competition and false designation of origin, and unlawful deceptive acts and practices for the

reason that the Settling Defendant is alleged to be engaged in importing, distributing, offering for sale and/or selling, among other things, products that bear counterfeits and/or infringing imitations of Plaintiffs' trademarks described and defined in the Complaint (collectively "Plaintiffs' Marks"); and

Settling Defendant, having entered into a Settlement Agreement (the "Settlement Agreement") with Plaintiffs and having stipulated to entry of a Permanent Injunction and Final Judgment; and

The parties, having indicated below their consent to the form and entry of this Permanent Injunction and Final Judgment on Consent (the "Injunction").

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

Settling Defendant, its agents, servants, employees, representatives, confederates, affiliates and any other persons or entities acting in concert or participation with them, are permanently enjoined and restrained from:

(a) Using the Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, in connection with the importation, exportation, manufacture, distribution, advertising, promotion, offer for sale and/or sale of products that are not Plaintiffs' Products (as defined in the Settlement Agreement), or in any manner likely to cause others to believe Settling Defendant's or another's products are connected with Plaintiffs or Plaintiffs' Products; and

(b) Passing off, inducing, or enabling others to sell or pass off any products which are not Plaintiffs' Products as and for genuine Plaintiffs' Products; and

(c) Committing any other acts calculated to cause purchasers or prospective purchasers to believe Settling Defendant's or another's products are Plaintiffs' Products, unless they are such; and

238639187v2

(d) Manufacturing or arranging the manufacture of, importing, exporting, shipping, delivering, distributing, offering for sale, selling and/or otherwise moving or disposing of, in any manner, products falsely bearing one or more of Plaintiffs' Marks, logos or trade names, or any reproduction, counterfeit, copy, or colorable imitation of same; and

(e) Making any representations, orally or in writing, to any member or segment of the public, that they are authorized, licensed or otherwise permitted by Plaintiffs to manufacture, export, import, ship, deliver, distribute, offer for sale and/or sell Plaintiffs' Products unless they are such, and

(f) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subsections (a) through (e).

~~IT IS FURTHER ORDERED that the bond posted by Plaintiffs is hereby released.~~

IT IS FINALLY ORDERED, that this Court has jurisdiction over the parties, and the subject matter of the action. This Court shall retain jurisdiction to the extent necessary to enforce this Injunction and the Settlement Agreement between the parties, which is hereby made a part hereof and incorporated by reference, and to determine any issues that may arise under either.

CONSENTED TO BY CHLOÉ, S.A.S.
and J. CHOO LIMITED

Dated: 3/21/08       By: _____

Harley I. Lewin (HL 1819)
Scott Gelin (SG 9599)
James Donoian (JD 9052)
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
MetLife Building
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
4/1/2008

238639187v2                                3

-and-

Katherine Compton
GREENBERG TRAURIG, LLP
2200 Ross Avenue
Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3660
Facsimile: (214) 665-5960
*Admitted pro hac vice*

*Attorneys for Plaintiffs
Chloé, S.A.S., J. Choo Limited*

**CONSENTED TO BY: HOWARD EXPRESS SHIPPING**

Dated: _March 14, 2008_   By: _____

Andrew Squire
879 Decatur Street
Brooklyn, NY 11233
Telephone: (718) 771-2221
Facsimile: (718) 771-2243

*Attorney for Defendant
Howard Express Shipping*

**SO ORDERED**

Dated: _____   By: _____

UNITED STATES DISTRICT JUDGE

4

238839187v2