**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHLOÉ, S.A.S., J. CHOO LIMITED

Plaintiffs,

- against -

KEN CHEN a/k/a SHU CHEN a/k/a XIANG CHEN, DANIEL DOE, GODDESS TRADING d/b/a GODDESSTRADING@HOTMAIL.COM, LUXUNG GOODS, LUXURY GOODS, TERRY DOE d/b/a AZNTERRY911@HOTMAIL.COM, JASON DOE d/b/a JARRY326@YAHOO.COM.CN, FASHION HANDBAGS, BENNY DOE a/k/a YU LIN, JEANCARLO DOE, JOSEPH a/k/a JOSE DOE a/k/a JOSE CHONG WEN, SISI a/k/a CECI DOE, TOP LUXURY HANDBAGS d/b/a LUXURYHANDBAGS277@YAHOO.COM, FRANCISCO DOE, BEN DOE, CARLOS DOE a/k/a CARLOS RENE TSE SIO, INSTYLE LUXURY HANDBAGS, LIN LIN NAN a/k/a CORINA DOE a/k/a QIMIAO HU a/k/a QI MIAO HU, KENNY DOE a/k/a YE GUO a/k/a GUO Q YE, NEWCOME TRADING d/b/a TOSCA, QUICK GLOBAL SHIPPING, HOWARD EXPRESS SHIPPING, RANDY DOE, JAE MAN YOO, YAN HE XIA, WAI KIT WONG, CHEN LI YU, CHEN X. JIANG, W. FEI ZENG, CHENG CHEN, XIANXN CAI, FU ALEJANDRO CHANG, WAI KIT LEW, ENYI HUANG, YUE XU, SONG GAO, LISA WU, JIMMY NG, TUAN PHAN, LING CAI, LISA CHAN YAN FEN CHEN, P.S.K. AMERICA, INC., HENG FA INC., CHEN STAR GIFT SHOP, JOEY'S GIFT SHOP, INC., CATSE CO., INC., SHEN XING GIFT SHOP INC., NEW WEALTH TRADING, INC. d/b/a TOSCA USA, TOSCA HANDBAGS, NICE HANDBAGS, 265 CANAL BOOTH #16, 265 CANAL BOOTH #5, 265 CANAL BOOTH #4, 277 CANAL ADJACENT H-3D, 421A BROADWAY, and various JOHN and JANE DOES and XYZ COMPANIES (UNIDENTIFIED),

Defendants.

Civil Action No.: 07 CV 6491 (WHP)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION, AGAINST DEFENDANTS LUXUNG GOODS, RANDY DOE, FRANCISCO DOE, W. FEI ZENG, HENG FA INC., NICE HANDBAGS, 265 CANAL BOOTH #4, 421A BROADWAY, BENNY DOE A/K/A DENNY DOE A/K/A YU LIN AND FOR ENTRY OF STATUTORY DAMAGES AGAINST DEFENDANT BENNY DOE A/K/A DENNY DOE A/K/A YU LIN**

CHLOÉ, S.A.S., ("Chloé") and J. CHOO, LIMITED ("Jimmy Choo") (collectively, "Plaintiffs") submit this Memorandum of Law in support of Plaintiffs' Motion for Entry of Default Judgment and Permanent Injunction Against Defendants Luxung Goods, Randy Doe, Francisco Doe, W. Fei Zeng, Heng Fa Inc., Nice Handbags, 265 Canal Booth #4, 421A Broadway, Benny Doe a/k/a Denny Doe a/k/a Yu Lin (collectively, "Defaulting Defendants") and for Statutory Damages, Against Defendant Benny Doe a/k/a Denny Doe a/k/a Yu Lin.

**PRELIMINARY STATEMENT**

During the past decade, an illicit billion-dollar industry has developed in the United States involving the unlawful manufacture, distribution, offer for sale, and sale of merchandise bearing counterfeits of legitimate brands' trademarks. Plaintiffs, world-famous designers and producers of high-quality handbags, apparel, footwear, and other luxury goods, have become victims of this illegal activity. Through detailed investigations, Plaintiffs learned that the Defaulting Defendants were (and possibly still are) operating a large business through many shops, booths, and businesses located primarily in the Chinatown neighborhood of lower Manhattan. through which they distributed and sold counterfeit versions of Plaintiffs' high-quality handbags bearing exact duplicates of Plaintiffs' well-known federally registered trademarks ("Plaintiffs' Marks"). Defendants' intentional misconduct has caused irreparable harm to Plaintiffs' reputation and Plaintiffs' rightful market position.

Plaintiffs sought and were granted a Temporary Restraining Order, Seizure Order, Order Restraining the Transfer of Assets, Order for Expedited Discovery, and Order to Show Cause for Preliminary Injunction ("TRO") against all Defendants. When Plaintiffs executed the TRO, they caught the Defaulting Defendants "red-handed" running the counterfeiting operation. As Defaulting Defendants have not answered or otherwise appeared to defend themselves in this

action since being served with the Amended Complaint, they have been found in default. At this time, Plaintiffs seek entry of final default judgment and permanent injunction against all Defaulting Defendants, as well as an award of statutory damages in the amount of $2,000,000 against Defendant Benny Doe a/k/a Denny Doe a/ka Yu Lin, and such other relief as the Court deems just and proper.

## ARGUMENT

### A. Plaintiffs are Entitled to Entry of Final Judgment by Default Against Defaulting Defendants

Plaintiffs have caught the Defaulting Defendants "red-handed" distributing and selling goods designed to look exactly like genuine Plaintiffs' Products and bearing Plaintiffs' Marks ("Counterfeit Products"). In support of Plaintiffs' motion for an entry of default judgment, Plaintiffs hereby incorporate by reference the Amended Complaint (D.E. #73) and the documents comprising Plaintiffs' Application for a Temporary Restraining Order, Seizure Order, Order Restraining the Transfer of Assets, Order for Expedited Discovery, and Order to Show Cause for Preliminary Injunction ("TRO Application") (D.E. #1, 18, 21-29). In the TRO Application, Plaintiffs extensively set forth how Defendants' intentional trademark counterfeiting irreparably harmed Plaintiffs and the grounds for which they were entitled to injunctive relief. Specifically, the Defaulting Defendants are knowingly manufacturing, distributing, promoting, selling and offering for sale Counterfeit Products in retail stores and "warehouses" primarily located in the Chinatown neighborhood of lower Manhattan. *See* Decl. of Harley I. Lewin in support of Plaintiffs' TRO Application, dated July 17, 2007 ("Lewin Decl."), ¶ 9; *see generally* Decl. of Kimberly J. McCarthy in support of Plaintiffs' TRO Application, dated July 9, 2007 ("McCarthy Decl."); Decl. of Julie Bookbinder relating to execution of TRO, dated Aug. 2, 2007 ("Bookbinder Decl."). Plaintiffs' investigators purchased Counterfeit Products from these

locations and Plaintiffs identified these products as counterfeits of genuine Plaintiffs' products bearing Plaintiffs' Marks. *See* Decl. of Theresa Walker in support of Plaintiffs' TRO Application, dated July 13, 2007 ("Walker Decl."), ¶ 7; Decl. of Hannah Merritt in support of Plaintiffs' TRO Application, dated July 13, 2007 ("Meritt Decl."), ¶ 28; *see generally* McCarthy Decl. After executing the Seizure Order issuing from the TRO Application, Plaintiffs' representatives seized large quantities of Counterfeit Products from many of the Defaulting Defendants. *See generally*, Bookbinder Decl. Plaintiffs did not authorize the Defaulting Defendants' sale of Counterfeit Products, nor did Plaintiffs inspect, package or approve the Counterfeit Products for sale or distribution. *See* Walker Decl., ¶ 7; Merritt Decl., ¶ 28.

Since the Defaulting Defendants were served with the Amended Complaint respectively in late August and early September 2007, they have neither answered nor otherwise defended themselves in this action, leading to entry of Default against them on July 10, 2008. *See* Aff. of Julie Bookbinder in support of present motion, dated Aug. 1, 2008 (filed herewith), Ex. A. Plaintiffs now seek entry of a final judgment by default against the Defaulting Defendants.[1] In determining whether to enter a default judgment, the district court considers: (a) whether the defendant's default was willful; (b) whether defendant has a meritorious defense to plaintiff's claims; and (c) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. *Fed. Trade. Comm. v. 1263523 Ontario, Inc.*, 205 F. Supp. 2d 218, 221 (S.D.N.Y. 2002).

Plaintiffs' Amended Complaint alleged facts sufficient to establish the Defaulting Defendants' liability. In failing to respond in any way to the summons and complaint, or otherwise appearing in this action, and failing to provide any explanation for their failure to

[1] The defaulting Defendants are not infants or incompetent. Aff. of Julie Bookbinder in support of present motion, dated Aug. 1, 2008 (filed herewith), Ex. B (Decl. of Scott Gelin in support of Plaintiffs' Application for Entry of Default, dated July 9, 2008, ¶ 1).

defend, Defendants have defaulted willfully. *Fed. Trade Comm.*, 205 F. Supp. 2d at 221. "Entry of default constitutes an admission of all well-pleaded allegations of the complaint by the defaulted party, except those relating to damages." *Id.* (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Thus, the factor regarding whether the Defaulting Defendants have a meritorious defense to the allegations of Plaintiffs' Amended complaint is not an issue, and default judgment can be properly entered against the Defaulting Defendants. *See*, *Fed. Trade Comm.*, 205 F. Supp. 2d at 221.

In the default judgment context, "[t]he Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence alone 'as long as [the Court has] ensured that there was a basis for the damages specified in [the] default judgment.'" *John Wiley & Sons, Inc. v. Kauzin Rukiz Entertainment and Promotions*, 2007 WL 1695124, *1 (S.D.N.Y. June 12, 2007) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Where, as here, the only damages sought are statutory damages, it is even more appropriate for the court to hold the damages inquest on the pleadings already before the Court against one of the Defaulting Defendants. *See Rolex Watch U.S.A., Inc. v. Brown*, 2002 WL 1226863, *2 (S.D.N.Y. June 5, 2002) (awarding $1,000,000 statutory damages, as well as attorneys' fees and costs, against defaulting trademark counterfeiter).

As discussed below in more detail, there is more than sufficient basis for the Court to enter a judgment by default including a permanent injunction against all Defaulting Defendants, and an award of statutory damages against one Defaulting Defendant, on all of Plaintiffs' claims.

**B. <u>Plaintiffs Are Entitled to a Permanent Injunction Pursuant to the Default Judgment</u>**

Plaintiffs are world-famous designers and producers of high-quality handbags, apparel, footwear, and other luxury goods ("Plaintiffs Products"). Plaintiffs' handbags, in particular, are

renowned for their distinctive style, superior design and high-quality materials. Genuine Plaintiffs' Products are identified by one or more of Plaintiffs' several federally registered trademarks ("Plaintiffs' Marks"). The Defaulting Defendants, without Plaintiffs' consent or authorization, have been knowingly manufacturing or arranging for manufacture, importing, distributing, offering for sale and selling counterfeit handbags designed to look exactly like genuine Plaintiffs' Products and bearing Plaintiffs' Marks ("Counterfeit Products). *See* Walker Decl., ¶ 7; Merritt Decl., ¶ 28.

To succeed on their claims of trademark infringement under the Lanham Act, Plaintiffs must prove that, *inter alia*, (1) they have a legal and exclusive right to Plaintiffs' respective trademarks; and (2) that there is a likelihood that consumers will be confused as to the source of the Counterfeit Products. *See, e.g.*, *Otokoyama Co. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999). As detailed in Plaintiffs' TRO Application, Plaintiffs have fully satisfied the first prong of their claim. Plaintiffs introduced evidence verifying their ownership of federal registrations for Plaintiffs' Marks which are *prima facie* evidence of the validity of Plaintiffs' Marks. Am. Compl., Exs. A-B; Walker Decl., ¶¶ 4-5; Merritt Decl., ¶¶ 1, 5; 15 U.S.C. § 1057(b). Plaintiffs and their predecessors have used Plaintiffs' Marks in commerce to designate Plaintiffs' Products for many decades. *See* Walker Decl., ¶ 8; Merritt Decl., ¶ 5.

Plaintiffs have established that the Defaulting Defendants' use of marks identical to Plaintiffs' Marks on Counterfeit Products is likely to cause confusion with Plaintiffs' Marks under the multi-factoral analysis of the Second Circuit which considers: (1) strength of the plaintiff's mark; (2) degree of similarity between the plaintiff's and defendant's marks; (3) proximity of the products; (4) likelihood that the prior owner will bridge the gap; (5) actual confusion; (6) the defendant's intent in adopting its own mark; (7) the quality of defendant's

product; and (8) the sophistication of the buyers. *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). As described in Plaintiffs' pleadings, Defaulting Defendants are using identical copies of Plaintiffs' Marks on the Counterfeit Products, posing as Plaintiffs' Products. *See* Am. Compl., Exs. A-B; Walker Decl., ¶¶ 7, 9; Decl. of Sophie Garric in support of Plaintiffs' TRO Application, dated July 9, 2007 ("Garric Decl.), ¶ 6; Merritt Decl., ¶ 27. The Counterfeit Products are the same type of products sold by Plaintiffs and have been produced to look exactly like genuine Plaintiffs' Products. *Id.*

There is absolutely no doubt that the Defaulting Defendants' counterfeiting was intentional. The Defaulting Defendants' Counterfeit Products were designed to look exactly like genuine Plaintiffs' Products and bear marks that are exact duplicates of Plaintiffs' Marks. *See* Am. Complaint, Exs. A-B; Garric Decl., ¶ 6; Merritt Decl., ¶ 27. When there is such a showing of an intent to copy, "likelihood of confusion will be presumed as a matter of law." *See*, *N.Y. State Soc'y Certified Public Accountants v. Eric Lous Assocs., Inc.*, 79 F. Supp. 2d 331, 340 (S.D.N.Y. 1999) (citing *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 258 (2d Cir. 1987)). "If the junior user has 'adopted the mark in bad faith, the equitable balance is tipped significantly in favor of a finding of infringement." *Edison Bros. Stores, Inc. v. Cosmair, Inc.*, 651 F. Supp. 1547, 1560 (S.D.N.Y. 1987). Thus liability will lie if "the defendant adopted its mark with the intention of capitalizing on plaintiff's reputation and goodwill and [causing] any confusion between his and the senior user's product." *Kraft General Foods, Inc. v. Allied Old English, Inc.*, 831 F. Sup. 123, 131 (S.D.N.Y. 1993). Courts will infer intent to capitalize on the plaintiff's goodwill "[w]hen a company appropriates an identical mark that is well known and has acquired a secondary meaning." *Id.* at 132. The facts set forth by Plaintiffs in their TRO Application demonstrate that the Defaulting Defendants clearly intended to benefit from

counterfeiting Plaintiffs' Marks. The Defaulting Defendants here have presented no opposition to Plaintiffs' allegations of intentional counterfeiting. Indeed, Plaintiffs have established success on the merits of their claims necessary to obtain a permanent injunction against the Defaulting Defendants because their default constitutes an admission of liability. *Gucci America, Inc. v. myreplicahandbag.com*, 2008 WL 512789, *5 (S.D.N.Y. Feb. 26, 2008) (granting $4,300,000 statutory damages and permanent injunction against defaulting trademark counterfeiters).

Continued manufacture, import, export, distribution, offer for sale and/or sale of the Counterfeit Products will immediately and irreparably injure Plaintiffs. Since injunctive and other equitable relief may be granted in accordance with principles of equity to prevent violations of trademark laws, this Court should permanently enjoin Defaulting Defendants from using Plaintiffs' Marks on Counterfeit Products. *See* 15 U.S.C. § 1116.

Since Plaintiffs have pled facts sufficient to demonstrate their ultimate success on the merits of their federal claims of trademark counterfeiting and infringement, a permanent injunction enjoining Defendant from any future manufacture, import, export, distribution, offer for sale or sale of any Counterfeit Products is justified and required.

### C. **Plaintiffs Are Entitled to Statutory Damages Not Requiring Calculations Pursuant to the Default Judgment Against Defendant Benny Doe a/k/a Denny Doe a/k/a Yu Lin**

Under the Lanham Act, the term "counterfeit mark" means, in relevant part,

> A counterfeit of a mark that is registered on the Principal Register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is now sought knew such mark was so registered.

15 U.S.C. § 1116(d)(B)(i) and (ii). Plaintiffs have shown that Defendant Benny Doe a/k/a Denny Doe a/k/a Yu Lin ("Defendant Benny") has willfully engaged in the manufacture, sale

and distribution of Counterfeit Products designed to look exactly like Plaintiffs' Products. Therefore, Plaintiffs are entitled to elect statutory damages under the Trademark Act, which provides an award of up to $1,000,000 per counterfeit mark in cases of willful trademark counterfeiting. 15 U.S.C. § 1117(c). These enhanced statutory damages are intended to serve as both compensatory and punitive relief for a plaintiff who has been harmed by a willful counterfeiter. *See Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999). Statutory damages also serve as a deterrent against future counterfeiting, which is especially necessary here as Defendant Benny is a well-known recidivist counterfeiter of luxury goods. *See Silhouette Int'l Schmied AG v. Chakhbazian*, 2004 WL 2211660, *2 (S.D.N.Y. Oct. 4, 2004); *Rolex Watch*, 2002 WL 1226863 at *2. Such damages are necessary due to the "harsh reality - counterfeiters often do not keep or secret records of their unlawful activities, thus making proof of the extent of the plaintiff's injury or the counterfeiters' profits impossible as a practical matter." *Sara Lee Corp.*, 36 F. Supp. 2d at 165 (internal citations omitted). Statutory damages under the Lanham Act are appropriate in a final default judgment as they do not require a hearing to determine an amount. *John Wiley & Sons*, 2007 WL 1695124 at *1; *Rolex Watch*, 2002 WL 1226863 at *2.

Courts have wide latitude in awarding statutory damages. Courts, including those in this Circuit, have granted plaintiffs up to the maximum statutory amount in similar actions. *See, e.g.*, *Gucci America*, 2008 WL 512789 (awarding $4,300,000 statutory damages default judgment against trademark counterfeiter); *Louis Vuitton Malletier v. WhenU.com, Inc.*, 2007 WL 257717 (S.D.N.Y. Jan. 26, 2007) (awarding $1,100,000 statutory damages default judgment against trademark counterfeiter); *Rolex Watch*, 2002 WL 1226863 (awarding $1,000,000 statutory

damages, and additional attorneys' fees and costs in default judgment against trademark counterfeiter).

There is no question that Defendant Benny's sale and distribution of Counterfeit Products was willful. "Willfulness is determined by whether the defendant had knowledge that [its] conduct represented infringement or recklessly disregarded the possibility." *Phillip Morris USA Inc. v. Marlboro Express*, 2005 WL 2076921, *6 (E.D.N.Y. Aug. 26, 2005) (awarding $4,000,000 statutory damages in summary judgment motion against trademark counterfeiter). A defendant's knowledge can be "actual or constructive." *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1115 (2d Cir. 1986) (involving copyright infringement). Knowledge, therefore, "need not be proven directly but may be inferred from the defendant's conduct." *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (internal citation omitted). In the case at bar, Defendant Benny's Counterfeit Products, including those purchased and seized from Defendant Benny, bear marks that are exact duplicates of Plaintiffs' Marks. *See* Am. Compl., Exhs. A-B; Walker Decl., ¶ 12; Merritt Decl., ¶ 28; McCarthy Decl., ¶¶ 33-42; Bookbinder Decl., ¶¶ 18-20. This surely was not accidental. Indeed Plaintiffs' representatives seized numerous counterfeit handbags bearing several of Plaintiffs' Marks as well as the means for creating such Counterfeit Products from Defendant Benny's "warehouse" location when executing the TRO. *See* Bookbinder Decl. ¶ 18; McCarthy Decl. ¶¶ 33-42.

Defendant Benny has not countered Plaintiffs' well-pled allegations as to his intentional counterfeiting, or any other claims. Where, as here, a defendant has defaulted, the Court may infer willfulness on that ground alone. *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (awarding $550,000 statutory damages default judgment against trademark

counterfeiters). Unquestionably, Defendant Benny willfully counterfeited Plaintiffs' Marks, for which Plaintiffs are entitled to statutory damages in the many millions of dollars for each of Plaintiffs' Marks that Defendant Benny counterfeited on various goods. However, Plaintiffs request only $2,000,000 (Two Million Dollars), representing $1,000,000 for each Plaintiff's brand counterfeited by Defendant.[2]

**D. Plaintiffs Are Entitled to the Release of all Defaulting Defendants' Infringing and Counterfeit Products**

Under the Trademark Act, the Court may order that any counterfeit goods bearing registered trademarks, or the parts for making these counterfeit goods, shall be delivered up and destroyed. 15 U.S.C. § 1118. As such, Plaintiffs request that all Counterfeit Products in seized from Defaulting Defendants and held by Plaintiffs' representatives be released to Plaintiffs for destruction.

**CONCLUSION**

WHEREFORE, Plaintiffs request entry of a final default judgment and permanent injunction against all Defaulting Defendants; an award of statutory damages in the amount of $2,000,000 (Two Million Dollars) against Defendant Benny; release of Defaulting Defendants' Counterfeit Products for disposition; and such other relief as the Court considers just and proper.

Dated: August 1, 2008

Respectfully submitted,
GREENBERG TRAURIG, LLP

By: /s/ Katherine Compton
Harley I. Lewin (HL 1819)
Scott Gelin (SG 9599)
James Donoian (JD 9052)

[2] Plaintiffs' request for $2,000,000 is an amount equal to the principal amount demanded in the Amended Complaint. *See*, Am. Compl. No part of this judgment has been paid. Aff. of Julie Bookbinder, dated Aug. 1, 2008, ¶ 4 (filed herewith).

GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
MetLife Building
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

-and-

Katherine Compton
GREENBERG TRAURIG, LLP
2200 Ross Avenue
Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3660
Facsimile: (214) 665-5960
*Admitted pro hac vice*

*Attorneys for Plaintiffs*
*Chloé, S.A.S., J. Choo Limited*


**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was caused to be served by First Class Mail upon the parties set forth below in accordance with Rule 5, Federal Rules of Civil Procedure on August 1, 2008:

421A Broadway
New York, NY 10013-2519
c/o Jimmy Ng

W. Fei Zeng
Booths 2 & 3
265 Canal St.
New York, NY 10013-6010

Luxung Goods
277 Canal Street H-2-C
New York, NY 10013

265 Canal Street Booth #4
New York, NY 10013

Nice Handbags
Booth #11
265 Canal St.
New York, NY 10013-6010

Heng Fa Inc.
Booths 2 & 3
265 Canal St.
New York, NY 10013-6010

Benny Doe a/k/a Denny Doe a/k/a
Yu Lin
89 Crosby Street
New York, New York 10013

Francisco Doe
277 Canal Street, H-3-D
New York, New York 10013

Randy Doe
421A Broadway
New York, New York 10013

Julie Bookbinder